# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IAN O'DONNELL AND DAVID
JOLICOEUR, ON BEHALF OF
THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,

                    Plaintiffs,

v.

ROBERT HALF INTERNATIONAL, INC.;
ROBERT HALF CORPORATION; ROBERT
HALF OF BOSTON, INC.; ROBERT HALF
OF WORCESTER, INC.; and ROBERT HALF
PERSONNEL AGENCIES, INC.,

                    Defendants.

**04  12719 NMG**

CIVIL ACTION NO.: _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED_ N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

MAGISTRATE JUDGE RBC_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446, Defendants Robert Half

International Inc., Robert Half Corporation, Robert Half of Boston, Inc., Robert Half of

Worcester, Inc. and Robert Half Personnel Agencies, Inc., (collectively, "Defendants"),

hereby remove the above-captioned matter, which is now pending in the Superior Court

Department of the Trial Court of the Commonwealth of Massachusetts in Suffolk County

("Massachusetts Superior Court") as Civil Action No. 04-5221, to the United States

District Court for the District of Massachusetts (the "District Court").

As grounds for this removal, Defendants state the following:

1.      Plaintiffs brought a civil action against Defendants in the Massachusetts Superior

Court entitled *Ian O'Donnell and David Jolicoeur v. Robert Half International Inc.; Robert Half*

*Corporation; Robert Half of Boston, Inc.; Robert Half of Worcester, Inc.; and Robert Half*

*Personnel Agencies, Inc.*, Civil Action No. 04-5221. Pursuant to 28 U.S.C. §1446(a), a true and

correct copy of the Complaint is attached hereto as Exhibit A.

2.      Defendants Robert Half Corporation, Robert Half of Boston, Robert Half of

Worcester, Inc., and Robert Half Personnel Agencies, Inc. were served with and received the

Complaint on or about December 9, 2004, via their agents for service of process. Copies of the

Summonses served on these Defendants are attached hereto as Exhibits B - E.

3.      Pursuant to 28 U.S.C. §1446(b), Defendants are filing this Notice of Removal in a

timely fashion, within thirty (30) days of Defendants' receipt of the Complaint.

4.      This is a civil action over which the District Court has original jurisdiction under

28 U.S.C. §§1331 and 1332, and which Defendants are entitled to remove to the District Court

pursuant to 28 U.S.C. §1441.

5.      Plaintiffs have claimed that Defendants violated Mass. Gen. Laws. c. 151, §1A,

and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207(a), by improperly classifying

Plaintiffs as exempt from the overtime pay requirements of state and federal law. Because the

FLSA is a federal statute, federal question jurisdiction is vested in this Court by 28 U.S.C.

§1331.

6.      Although Defendants deny that they are liable for any alleged damages, Plaintiffs

pray, inter alia, for compensatory damages, multiple and/or liquidated damages, as well as

interest, costs and reasonable attorneys' fees. Plaintiffs further seek to maintain this case as a

class and collective action pursuant to Rule 23 and 29 U.S.C. §216(b), and have asserted claims

on behalf of themselves and others "similarly situated." Thus, the amount in controversy appears

to exceed $75,000, exclusive of costs and interest.

2

7.    According to the Complaint, and upon information and belief, Plaintiffs Ian

O'Donnell and David Jolicoeur are citizens of the state of Pennsylvania. Defendants Robert Half

of Boston, Inc., Robert Half of Worcester, Inc. and Robert Half Personnel Agencies do not exist

as legal entities. Defendant Robert Half International Inc. is a corporation organized and existing

under the laws of Delaware, with its principal place of business in Menlo Park, California.

Defendant Robert Half Corporation is a corporation organized and existing under the laws of the

state of Nevada, with its principal place of business in Menlo Park, California.

8.    This Court has diversity jurisdiction over this action under 28 U.S.C. §1332

because the amount in controversy likely exceeds the sum or value of $75,000, exclusive of

interests and costs, and Plaintiffs and Defendants are citizens of different states.

9.    Pursuant to Local Rule 81.1, the Defendants will file certified or attested copies of

all records and proceedings in Massachusetts Superior Court Civil Action No. 04-5221 within

thirty (30) days after filing this Notice of Removal.

WHEREFORE, Defendants request that the above action be removed to the United States

District Court for the District of Massachusetts.

3

Respectfully submitted,

ROBERT HALF INTERNATIONAL INC.;
ROBERT HALF CORPORATION; ROBERT
HALF OF BOSTON, INC.; ROBERT HALF
OF WORCESTER, INC.; and ROBERT
HALF PERSONNEL AGENCIES, INC.,
By their Attorneys,


_____
Richard L. Alfred (BBO# 015000)
Krista Green Pratt (BBO# 644741)
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:     (617) 946-4801


DATED:  December 29, 2004


## CERTIFICATE OF SERVICE

I, Krista G. Pratt, hereby certify that on this 29th day of December, 2004, a true copy of the foregoing document was mailed, postage prepaid, to Melanie L. Glickson-Thierman, The Law Office of Melanie L. Glickson-Thierman, 10 Tremont Street, 3rd Floor, Boston, MA 02108, Counsel for Plaintiffs and the Class.


_____
Krista G. Pratt


4

OJS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Ian O'Donnell and David Jolicoeur, on behalf of themselves and all others similarly situated

**DEFENDANTS**

Robert Half International Inc., Robert Half Corporation, Robert Half of Boston, Inc., Robert Half of Worcester, Inc., and Robert Half Personnel Agencies, Inc.

**(b)** County of Residence of First Listed Plaintiff **Northampton, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Melanie L. Glickson-Thierman, 10 Tremont Street, 3rd Floor, Boston, MA 02108, (877) 99-LABOR

Attorneys (If Known)

Richard L. Alfred and Krista Green Pratt, Seyfarth Shaw LLP, Two Seaport Lane, Suite 300, Boston, MA 02210, (617) 946-4800

04 12719 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☒ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

Plaintiffs allege that Defendants improperly classified them as exempt from the overtime requirements of state and federal wage and hour laws.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE

December 29, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Ian O'Donnell, et al. v. Robert Half International Inc., et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See
   local rule 40.1(a)(1)).

   ☐   I.   160,410,470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.   150, 152, 153.

   **04 12719 NMG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See
   28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division?  - (See Local Rule
   40.1 (d)).

   YES ☐   NO ☒

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐      Central Division ☐      Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division ☒      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?   (If
   yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Richard L. Alfred and Krista Green Pratt

ADDRESS  Seyfarth Shaw LLP
         Two Seaport Lane, Suite 300, Boston, MA 02210

TELEPHONE NO.  (617) 946-4800

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                    SUPERIOR COURT

| | |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br>                Plaintiffs, <br><br> v. <br><br> ROBERT HALF INTERNATIONAL, INC., a Delaware corporation; ROBERT HALF CORPORATION, a Nevada corporation; ROBERT HALF OF BOSTON, INC., a Massachusetts corporation; ROBERT HALF OF WORCESTER, INC., a Massachusetts corporation; and ROBERT HALF PERSONNEL AGENCIES, INC., a Massachusetts corporation, <br>                Defendant. | Civil Action No. |

## CLASS ACTION COMPLAINT

Now come Plaintiffs, for themselves and all others similarly situated and allege the

following upon personal knowledge as to themselves and their own acts, and upon information

and belief as to all other matters:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction and venue is proper because Defendants Robert Half of

Boston, Inc., Robert Half of Worcester, Inc., and Robert Half Personnel Agencies are

Massachusetts corporations; Robert Half of Boston and Robert Half Personnel Agencies have

their principal places of business in Boston, Suffolk County, Commonwealth of Massachusetts;

the acts complained of herein occurred within the jurisdiction of this Court; violations of

Massachusetts state law are at issue, and the amount in controversy exceeds $25,000.

    2.  This Court has jurisdiction over this Complaint for violation of the Massachusetts Wage

Act, Mass. Gen. Laws. Ch. 151 §§1A *et seq.*, because the amount in controversy exceeds

$25,000 and at least one of the Defendants is located within this county and the acts complained

of herein happened in this county.  This Court also has concurrent jurisdiction nationwide over

the claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§.201 *et seq.* pursuant to

the terms of Section 16(b) of the FLSA, 29 U.S.C.§216(b) which states, in part "An action to

recover the liability prescribed in either of the preceding sentences may be maintained against

any employer (including a public agency) in any Federal or State court of competent jurisdiction

by any one or more employees for and in behalf of himself or themselves and other employees

similarly situated."

## BACKGROUND AND PARTIES

    3.  Plaintiffs Ian O'Donnell and David Jolicoeur, on behalf of themselves and all others

similarly situated (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action

against Defendants Robert Half International, Inc., a Delaware corporation; Robert Half

Corporation, a Nevada corporation; Robert Half of Boston, Inc., a Massachusetts corporation;

Robert Half of Worcester, Inc., a Massachusetts corporation; and Robert Half Personnel

Agencies, Inc., a Massachusetts corporation (collectively, "RHI" or "Defendants").

    4.  For at least the past three years, Defendants have willfully failed to pay Plaintiffs and all

other persons employed by them as Staffing Managers, Account Executives, and Account

Managers time and one-half their regular rates of pay for all hours worked in excess of forty per

week.

- 2 -

5.  This Complaint is brought by Plaintiffs on their own behalf and on behalf of all persons who are or have been employed by Defendants in the Commonwealth of Massachusetts as Staffing Managers, Account Executives, or Account Managers, who have not been paid overtime owed to them for the applicable class period, defined herein.

6.  Plaintiffs seek certification (1) pursuant to Massachusetts Rule of Civil Procedure 23, as a class of all Staffing Managers, Account Executives, and Account Managers employed within the Commonwealth of Massachusetts within the last two years immediately preceding the filing of this complaint, and (2) pursuant to 29 U.S.C. §216(b), as a class of all Staffing Managers, Account Executives, and Account Managers employed in any state other than Massachusetts and California within the last three years immediately preceding the filing of this complaint.

7.  Plaintiff Ian O'Donnell is an individual who resides at 27 Willow Drive, Easton, Pennsylvania.  O'Donnell worked as a Staffing Manager in Defendants' Westboro and Boston offices from January 2002 until August 2003.

8.  Plaintiff David Jolicoeur is an individual who resides at 195 Park Drive, Easton, Pennsylvania.  Jolicoeur worked as an Account Executive in Defendants' Boston office from June 2002 until August 2003.

9.  Defendant Robert Half International, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.

10. Defendant Robert Half Corporation is a Nevada corporation with its principal place of business in Menlo Park, California.

11. Defendant Robert Half of Boston, Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

- 3 -

12. Defendant Robert Half of Worcester, Inc., is a Massachusetts corporation with its principal place of business in Worcester, Massachusetts.

13. Defendant Robert Half Personnel Agencies is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

14. According to their own website, Defendants are the first and largest specialized staffing firm, with over 300 offices worldwide, and 5 offices in Massachusetts.

15. Defendants are individually, jointly and severally liable as the employer of Plaintiffs and Plaintiff class members because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours or working conditions of Plaintiffs and Plaintiff class members. Plaintiffs and Plaintiff class members are informed and believe, and based thereon allege that at all relevant times herein, each Defendant was the agent and employee of its co-defendants, and in doing the things alleged in this Complaint was acting within the course and scope of that agency and employment.

### FACTUAL ALLEGATIONS

16. Defendants pay Staffing Managers, Account Executives, and Account Managers on a salary basis. The amount of their pay does not depend upon the number of hours they worked in a given workweek. Staffing Managers, Account Executives, and Account Managers regularly work in excess of 40 hours per week.

17. The primary job duty of Staffing Managers, Account Executives, and Account Managers, is to make sales calls from Defendants' regular place of business.

18. Staffing Managers, Account Executives, and Account Managers spend the majority of their time at work telephoning companies to inquire about their staffing needs and to make a "sales pitch" regarding Defendants' personnel placement services. Staffing Managers, Account

Executives, and Account Managers call preexisting RHI clients and make "cold calls" to potential new customers in particularized industries, at the direction of RHI.

19. Almost all this work was done at the employers' place of business, and therefore, Plaintiff and Plaintiff class members were not engaged in "outside sales" as that term is defined by the Fair Labor Standards Act.

20. Defendants require Staffing Managers, Account Executives, and Account Managers, to make a certain number of telephone calls per day. The required numbers of daily sales calls varies by division, but at all relevant times, Plaintiffs were required to make between 25 and 30 sales calls per day.

21. Defendants misclassify Staffing Managers, Account Executives, and Account Managers, as "exempt" from the overtime compensation requirement of Massachusetts Wage Act and the FLSA.

22. The primary duty of Staffing Managers, Account Executives, and Account Managers is not the performance of office or non-manual work directly related to the management or general business operations of Defendants or Defendants' customers.

23. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include the exercise of discretion and independent judgment with respect to matters of significance. Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis.

24. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

25. Staffing Managers, Account Executives, and Account Managers do not customarily and regularly direct the work of at least two or more other full-time employees.

26. Staffing Managers, Account Executives, and Account Managers do not have the authority to hire or fire other employees, nor are their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

27. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiffs bring Count I as a true class action (also commonly referred to as an "opt-out" class) for violation of the Massachusetts Wage Act, on behalf of themselves, on behalf of the general public, and on behalf of all persons similarly situated within the class of Staffing Managers, also known as Account Executives, employed by Defendants in any of their seven (7) divisions within the Commonwealth of Massachusetts within two (2) years of the filing of this Complaint until entry of judgment after trial ("Massachusetts Class").

29. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring Count II as a collective action (also commonly referred to as an "opt-in" class) on behalf of themselves, on behalf of the general public, and on behalf of all persons similarly situated within the class of Staffing Managers, Account Executives, and Account Managers employed by Defendants in any of their seven (7) divisions within the Commonwealth of Massachusetts within three (3) years of the filing of this Complaint until entry of judgment after trial ("FLSA Class").

30. Plaintiffs are informed and believe, and based thereon allege that there are approximately one hundred (100) people in the FLSA Class and one hundred (100) people in the Massachusetts Class. The actual number of members in each subclass is readily ascertainable by a review of Defendants' records through appropriate discovery.

31. The persons in the FLSA Class and the persons in the Massachusetts Class are so numerous that joinder is impracticable and would involve hundreds of actions. Disposition of these claims in a class or collective action rather than in individual actions will benefit the parties and the Court.

32. There is a well-defined community of interest in the questions of law and fact affecting each class as a whole.

33. Proof of a common or single set of facts will establish the right of each member of both classes to recover. These common questions of law and fact predominate over questions that affect only individual class members. Plaintiffs' claims are typical of those of the class.

34. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption, and 3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

35. Plaintiffs will fairly and adequately represent the interests of the class, and have no interests that conflict with or are antagonistic to the interests of the class.

36. Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

37. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

### CAUSES OF ACTION
### COUNT I: FAILURE TO PAY STATUTORILY MANDATED WAGES
**(Violation of Massachusetts General Laws Chapter 151 §§1A and 1B)**
**(Against All Defendants)**

38. Plaintiffs repeat the allegations set forth in paragraphs 1 through 37 as if each were separately and completely set forth herein.

39. Mass. Gen. Laws Ch. 151 §1A provides that non-exempt employees must receive "compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed."

40. Mass. Gen. Laws Ch. 151 §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151 §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

41. By their conduct as set forth herein, Defendants violated Mass. Gen. Laws Ch. 151 §1A by failing to pay Plaintiffs and the Massachusetts Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours in a workweek.

42. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and the Massachusetts Class members have been damaged in that they have been deprived of overtime pay in amounts to be proven at trial.

43. At all relevant times, Defendants were aware of the duties performed by the Plaintiffs and the Massachusetts Class. Defendants were also fully aware that the duties of Plaintiffs and the Massachusetts Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of Mass. Gen. Laws Ch. 151 §1A.

WHEREFORE, Plaintiffs and Massachusetts Class members demand judgment against Defendants for three times their unpaid overtime compensation, plus reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

## COUNT II: FAILURE TO PAY STATUTORILY MANDATED WAGES
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219)
### (Against All Defendants)

44. Plaintiffs repeat the allegations set forth in paragraphs 1 through 42 as if each were separately and completely set forth herein.

45. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek.

46. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and Plaintiff class members have been deprived of overtime pay in amounts to be proven at trial.

47. At all relevant times, Defendants were aware of the duties performed by the Plaintiffs and the FLSA Class. Defendants were also fully aware that the duties of Plaintiffs and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

48. Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

WHEREFORE, Plaintiffs and FLSA class members demand judgment against Defendants for the unpaid balance of overtime compensation, plus an equal amount as liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff class members demand judgment against Defendants as hereinafter set forth, including, *inter alia*:

(a) Declare Counts I of this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23;

(b) Declare Count II of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by it as Staffing Manager, Account Executive, or Account Manager during the FLSA Class Period, including the last known address and telephone number of each person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(c) Determine the damages sustained by Plaintiffs and FLSA Class members as a result of Defendants' violations of 29 U.S.C. §216(b), and award those damages against Defendants and in favor of Plaintiffs and all members of the FLSA Class, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(d) Award Plaintiffs and FLSA Class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(e) Grant Plaintiffs and FLSA Class members such other and further relief as the Court may deem just and proper;

(f) Determine the damages sustained by Plaintiffs and Massachusetts Class members as a result of Defendants' violations of Mass. Gen. Laws. Ch. 151, and award those damages against Defendants in favor of Plaintiffs and Massachusetts Class members, plus treble damages pursuant to Mass. Gen. Laws Ch. 151 §§1A and 1B, and such pre-judgment interest as may be allowed by law;

(g)     Award Plaintiffs and Massachusetts Class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and expert fees; and

(h)     Grant Plaintiffs and Massachusetts Class members such other and further relief as the Court may deem just and proper.

Submitted by the attorneys for the Plaintiffs and the Class,

*Melanie L. Glickson - Thierman*

Melanie L. Glickson-Thierman (BBO # 652565)
THE LAW OFFICE OF MELANIE L. GLICKSON-THIERMAN
10 Tremont Street
3rd Floor
Boston, MA  02108
(877) 99-LABOR (phone)
(309) 416-4167 (fax)

APPELL HILAIRE LLP
Mika M. Hilaire
15303 Ventura Blvd, Suite 400
Sherman Oaks, CA  91403
818-728-6006 (phone)
818-728-6007 (fax)

THIERMAN LAW FIRM
Mark R. Thierman
7287 Lakeside Drive
Reno, NV  89511
(775) 284-1500 (phone)
(775) 703-5027 (fax)

Dated:  December 1, 2004

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5221

Ian O'Donnell & David Jolicoeur, _____, Plaintiff(s)

on behalf of themselves and all others
similarly situated

v.

Robert Half Corporation _____, Defendant(s)

*C/o C.T. Corporation*
*101 Federal St* **SUMMONS**
*Boston, MA*

*A TRUE COPY ATTEST*
*Sean A___*
*CONSTABLE*

To the above-named Defendant:

You are hereby summoned and required to serve upon **Melanie Glickson-Thierman**

plaintiff's attorney, whose address is **10 Tremont St., Boston, MA 02108**, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness **Barbara J. Rouse**, Esquire, at Boston, the _____6th_____ day of
December _____, in the year of our Lord two thousand __four__.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
   (1) TORT · (2) MOTOR VEHICLE TORT · (3) CONTRACT · (4) EQUITABLE RELIEF · (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.


CT System

**Service of Process Transmittal Form**

Boston, Massachusetts

**12/09/2004**

Via Federal Express (2nd Day)

TO: Steven Karel General Counsel
Robert Half International Inc.
Legal Department
2884 Sand Hill Road Suite 200
Menlo Park, CA  94025-0000

RE: **PROCESS SERVED IN MASSACHUSETTS**

FOR      Robert Half Corporation Domestic State: Nv

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Ian 'Donnell et al, Pltf vs Robert Half Corporation, Dft |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint |
| 3. COURT: | Commonwealth of Massachusetts, Suffolk Superior Court<br>Case Number 04-5221 |
| 4. NATURE OF ACTION: | Class Action Allegation |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Boston, Massachusetts |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 12/09/2004 at 12:30 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 Days |
| 8. ATTORNEY(S): | Melanie Glickson-Thierman<br>10 Tremont Street<br>Boston, MA  02108 |
| 9. REMARKS: | |

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER | Allison Liberto |
| ADDRESS | 101 Federal Street<br>Boston, MA  02110<br>SOP WS 0006832373 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5221

Ian O'Donnell & David Jolicoeur, _____ , Plaintiff(s)

on behalf of themselves and all others
similarly situated

v.

Robert Half of Boston, Inc. _____ , Defendant(s)

*101 Arch St*
*Boston, MA* **SUMMONS**

*A TRUE COPY: ATTEST*
*Leon P. ___*
*CONSTABLE*

To the above-named Defendant:  Melanie Glickson-Thierman

You are hereby summoned and required to serve upon _____

plaintiff's attorney, whose address is  10 Tremont St., Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the _____ 6th _____ day of
December _____ , in the year of our Lord two thousand ___ four ___ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200_____.    _____

**N.B.    TO PROCESS SERVER:–**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

    12/ 9                    , 200

*Commonwealth of Massachusetts*

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No.    04-5221

Ian O'Donnell and David Jolicoeur, , Plff(s), on behalf of themselves and all others similarly situated

v.

Robert Half International, Inc., , Deft(s).
Robert Half Corporation, Robert Half of Boston, Inc.,
Robert Half of Worcester, Inc., and Robert Half
Personnel Agencies, Inc.

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)



## Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

SUFFOLK, ss.

No. 04-5221

Ian O'Donnell & David Jolicoeur, _____ . Plaintiff(s)
on behalf of themselves and all others
similarly situated

Robert Half of Worcester, Inc. . Defendant(s)
C/o Herbert J Myers (1H)    *Business Address:*
77 Monadnock Rd **SUMMONS**    101 Arch Street
Newton, MA    Boston, MA

To the above-named Defendant:

You are hereby summoned and required to serve upon Melanie Glickson-Thierman

plaintiff's attorney, whose address is 10 Tremont St., Boston, MA 02108 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse _____, Esquire, at Boston, the 6th _____ day of
December _____, in the year of our Lord two thousand four

*Michael Joseph Donovan*
Clerk/Magistrate

A TRUE COPY ATTEST

*James Desmarais*
**CONSTABLE**

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5221

Ian O'Donnell & David Jolicoeur, , Plaintiff(s)

on behalf of themselves and all others
similarly situated

Robert Half Personnel Agencies, Inc., Defendant(s)

*101 Arch Street*
*Boston, MA*  **SUMMONS**

*A TRUE COPY ATTEST*
*Sen PSui*
*CONSTABLE*

### To the above-named Defendant:

You are hereby summoned and required to serve upon Melanie Glickson-Thierman

plaintiff's attorney, whose address is 10 Tremont St., Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the ____6th____ day of December ____, in the year of our Lord two thousand __four__.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

## ⌐ROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200____.                    _____

**N.B.    TO PROCESS SERVER:–**
        **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
        **THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

12 - 9                    , 2004.

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 04-5221

Ian O'Donnell and David Joliceour, , Plff(s).
on behalf of themselves and all others
similarly situated

v.

Robert Half International, Inc.,
Robert Half Corporation, Robert Half of Boston, Inc.,
Robert Half of Worcester, Inc., and Robert Half
Personnel Agencies, Inc., Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)