MAS-20030912  Case 1:04-cv-12719-NMG   Document 4   Filed 01/05/2005   Page 1 of 16
guen                                                                                    12/29/2004
                    Commonwealth of Massachusetts                                       12:31 PM
                         SUFFOLK SUPERIOR COURT
                              Case Summary
                              Civil Docket

# SUCV2004-05221
## O'Donnell et al v Robert Half International, Inc Delaware Corporation et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 12/01/2004 | **Status** | Disposed: transferred to other court (dtrans) | |
| **Status Date** | 12/29/2004 | **Session** | H - Civil H | |
| **Origin** | 1 | **Case Type** | E99 - Miscellaneous | |
| **Lead Case** | | **Track** | X | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/01/2005 | **Answer** | 04/30/2005 | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | 05/30/2005 | **Disposition** | 06/29/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Ian O'Donnell
Active 12/01/2004

**Private Counsel 652565**
Melanie I Glickson
Glickson (Law Office of Melanie)
10 Tremont St., 3rd floor
Boston, MA 02108
Phone: 617-723-2294
Fax: 617-723-2318
Active 12/01/2004 Notify

**Plaintiff**
David Jolicoeur
Active 12/01/2004

**Defendant**
Robert Half International, Inc Delaware Corporation
Service pending 12/01/2004

**Private Counsel 015000**
Richard L Alfred
Seyfarth Shaw
2 Seaport Lane
World Trade Center East
Boston, MA 02210-2028
Phone: 617-946-4800
Fax: 617-946-4801
Active 12/29/2004 Notify

**Private Counsel 644741**
Krista Green Pratt
Seyfarth Shaw
2 Seaport Lane
World Trade Center East
Boston, MA 02210-2028
Phone: 617-946-4800
Fax: 617-946-4801
Active 12/29/2004 Notify

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-05221
### O'Donnell et al v Robert Half International, Inc Delaware Corporation et al

| Defendant | |
|---|---|
| Robert Half Corporation Nevada Corporation<br>Service pending 12/01/2004 | **Private Counsel 015000**<br>Richard L Alfred<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify<br><br>**Private Counsel 644741**<br>Krista Green Pratt<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify |
| **Defendant**<br>Robert Half of Boston Inc<br>Service pending 12/01/2004 | **Private Counsel 015000**<br>Richard L Alfred<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify<br><br>**Private Counsel 644741**<br>Krista Green Pratt<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify |
| **Defendant**<br>Robert Half of Worcester Inc<br>Service pending 12/01/2004 | **Private Counsel 015000**<br>Richard L Alfred<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify |

MAS-20030912    Case 1:04-cv-12719-NMG    Document 4    Filed 01/05/2005    Page 3 of 16
guen
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket
12/29/2004
12:31 PM

## SUCV2004-05221
## O'Donnell et al v Robert Half International, Inc Delaware Corporation et al

| | |
|---|---|
| **Defendant**<br>Robert Half Personel Agencies Inc<br>Service pending 12/01/2004 | **Private Counsel 644741**<br>Krista Green Pratt<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify<br><br>**Private Counsel 015000**<br>Richard L Alfred<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify<br><br>**Private Counsel 644741**<br>Krista Green Pratt<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 12/29/2004 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/01/2004 | 1.0 | Complaint filed |
| 12/01/2004 | | Origin 1, Type E99, Track X. |
| 12/01/2004 | 2.0 | Civil action cover sheet filed |
| 12/14/2004 | 3.0 | Motion for Appointment of Sean Callis of DHR and Associates as Process Server - Allowed (White,J) (Dated 12/9/04) |
| 12/29/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts.Robert Half International Inc., Robert Half Corporation, Robert Half of Boston, Inc., Robert Half of Worcester, Inc. and Robert Half Personnel Agencies, Inc., U. S. Dist.#(04-12719NMG). |
| 12/29/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON
DEC. 29, 2004
THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                           SUPERIOR COURT

| | |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL, INC., a Delaware corporation; ROBERT HALF CORPORATION, a Nevada corporation; ROBERT HALF OF BOSTON, INC., a Massachusetts corporation; ROBERT HALF OF WORCESTER, INC., a Massachusetts corporation; and ROBERT HALF PERSONNEL AGENCIES, INC., a Massachusetts corporation,<br>Defendant. | 04-5221-H<br><br>Civil Action No.  |

## CLASS ACTION COMPLAINT

Now come Plaintiffs, for themselves and all others similarly situated and allege the following upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. The Court has jurisdiction and venue is proper because Defendants Robert Half of Boston, Inc., Robert Half of Worcester, Inc., and Robert Half Personnel Agencies are Massachusetts corporations; Robert Half of Boston and Robert Half Personnel Agencies have their principal places of business in Boston, Suffolk County, Commonwealth of Massachusetts;

the acts complained of herein occurred within the jurisdiction of this Court; violations of Massachusetts state law are at issue, and the amount in controversy exceeds $25,000.

2. This Court has jurisdiction over this Complaint for violation of the Massachusetts Wage Act, Mass. Gen. Laws. Ch. 151 §§1A *et seq.*, because the amount in controversy exceeds $25,000 and at least one of the Defendants is located within this county and the acts complained of herein happened in this county. This Court also has concurrent jurisdiction nationwide over the claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§.201 *et seq.* pursuant to the terms of Section 16(b) of the FLSA, 29 U.S.C.§216(b) which states, in part "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

## BACKGROUND AND PARTIES

3. Plaintiffs Ian O'Donnell and David Jolicoeur, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Robert Half International, Inc., a Delaware corporation; Robert Half Corporation, a Nevada corporation; Robert Half of Boston, Inc., a Massachusetts corporation; Robert Half of Worcester, Inc., a Massachusetts corporation; and Robert Half Personnel Agencies, Inc., a Massachusetts corporation (collectively, "RHI" or "Defendants").

4. For at least the past three years, Defendants have willfully failed to pay Plaintiffs and all other persons employed by them as Staffing Managers, Account Executives, and Account Managers time and one-half their regular rates of pay for all hours worked in excess of forty per week.

5. This Complaint is brought by Plaintiffs on their own behalf and on behalf of all persons who are or have been employed by Defendants in the Commonwealth of Massachusetts as Staffing Managers, Account Executives, or Account Managers, who have not been paid overtime owed to them for the applicable class period, defined herein.

6. Plaintiffs seek certification (1) pursuant to Massachusetts Rule of Civil Procedure 23, as a class of all Staffing Managers, Account Executives, and Account Managers employed within the Commonwealth of Massachusetts within the last two years immediately preceding the filing of this complaint, and (2) pursuant to 29 U.S.C. §216(b), as a class of all Staffing Managers, Account Executives, and Account Managers employed in any state other than Massachusetts and California within the last three years immediately preceding the filing of this complaint.

7. Plaintiff Ian O'Donnell is an individual who resides at 27 Willow Drive, Easton, Pennsylvania. O'Donnell worked as a Staffing Manager in Defendants' Westboro and Boston offices from January 2002 until August 2003.

8. Plaintiff David Jolicoeur is an individual who resides at 195 Park Drive, Easton, Pennsylvania. Jolicoeur worked as an Account Executive in Defendants' Boston office from June 2002 until August 2003.

9. Defendant Robert Half International, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.

10. Defendant Robert Half Corporation is a Nevada corporation with its principal place of business in Menlo Park, California.

11. Defendant Robert Half of Boston, Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

12. Defendant Robert Half of Worcester, Inc., is a Massachusetts corporation with its principal place of business in Worcester, Massachusetts.

13. Defendant Robert Half Personnel Agencies is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

14. According to their own website, Defendants are the first and largest specialized staffing firm, with over 300 offices worldwide, and 5 offices in Massachusetts.

15. Defendants are individually, jointly and severally liable as the employer of Plaintiffs and Plaintiff class members because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours or working conditions of Plaintiffs and Plaintiff class members. Plaintiffs and Plaintiff class members are informed and believe, and based thereon allege that at all relevant times herein, each Defendant was the agent and employee of its co-defendants, and in doing the things alleged in this Complaint was acting within the course and scope of that agency and employment.

## FACTUAL ALLEGATIONS

16. Defendants pay Staffing Managers, Account Executives, and Account Managers on a salary basis. The amount of their pay does not depend upon the number of hours they worked in a given workweek. Staffing Managers, Account Executives, and Account Managers regularly work in excess of 40 hours per week.

17. The primary job duty of Staffing Managers, Account Executives, and Account Managers, is to make sales calls from Defendants' regular place of business.

18. Staffing Managers, Account Executives, and Account Managers spend the majority of their time at work telephoning companies to inquire about their staffing needs and to make a "sales pitch" regarding Defendants' personnel placement services. Staffing Managers, Account

Executives, and Account Managers call preexisting RHI clients and make "cold calls" to potential new customers in particularized industries, at the direction of RHI.

19. Almost all this work was done at the employers' place of business, and therefore, Plaintiff and Plaintiff class members were not engaged in "outside sales" as that term is defined by the Fair Labor Standards Act.

20. Defendants require Staffing Managers, Account Executives, and Account Managers, to make a certain number of telephone calls per day. The required numbers of daily sales calls varies by division, but at all relevant times, Plaintiffs were required to make between 25 and 30 sales calls per day.

21. Defendants misclassify Staffing Managers, Account Executives, and Account Managers, as "exempt" from the overtime compensation requirement of Massachusetts Wage Act and the FLSA.

22. The primary duty of Staffing Managers, Account Executives, and Account Managers is not the performance of office or non-manual work directly related to the management or general business operations of Defendants or Defendants' customers.

23. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include the exercise of discretion and independent judgment with respect to matters of significance. Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis.

24. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

25. Staffing Managers, Account Executives, and Account Managers do not customarily and regularly direct the work of at least two or more other full-time employees.

26. Staffing Managers, Account Executives, and Account Managers do not have the authority to hire or fire other employees, nor are their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

27. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiffs bring Count I as a true class action (also commonly referred to as an "opt-out" class) for violation of the Massachusetts Wage Act, on behalf of themselves, on behalf of the general public, and on behalf of all persons similarly situated within the class of Staffing Managers, also known as Account Executives, employed by Defendants in any of their seven (7) divisions within the Commonwealth of Massachusetts within two (2) years of the filing of this Complaint until entry of judgment after trial ("Massachusetts Class").

29. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring Count II as a collective action (also commonly referred to as an "opt-in" class) on behalf of themselves, on behalf of the general public, and on behalf of all persons similarly situated within the class of Staffing Managers, Account Executives, and Account Managers employed by Defendants in any of their seven (7) divisions within the Commonwealth of Massachusetts within three (3) years of the filing of this Complaint until entry of judgment after trial ("FLSA Class").

30. Plaintiffs are informed and believe, and based thereon allege that there are approximately one hundred (100) people in the FLSA Class and one hundred (100) people in the Massachusetts Class. The actual number of members in each subclass is readily ascertainable by a review of Defendants' records through appropriate discovery.

31. The persons in the FLSA Class and the persons in the Massachusetts Class are so numerous that joinder is impracticable and would involve hundreds of actions. Disposition of these claims in a class or collective action rather than in individual actions will benefit the parties and the Court.

32. There is a well-defined community of interest in the questions of law and fact affecting each class as a whole.

33. Proof of a common or single set of facts will establish the right of each member of both classes to recover. These common questions of law and fact predominate over questions that affect only individual class members. Plaintiffs' claims are typical of those of the class.

34. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption, and 3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

35. Plaintiffs will fairly and adequately represent the interests of the class, and have no interests that conflict with or are antagonistic to the interests of the class.

36. Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

37. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

## CAUSES OF ACTION
### COUNT I: FAILURE TO PAY STATUTORILY MANDATED WAGES
**(Violation of Massachusetts General Laws Chapter 151 §§1A and 1B)**
**(Against All Defendants)**

38. Plaintiffs repeat the allegations set forth in paragraphs 1 through 37 as if each were separately and completely set forth herein.

39. Mass. Gen. Laws Ch. 151 §1A provides that non-exempt employees must receive "compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed."

40. Mass. Gen. Laws Ch. 151 §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151 §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

41. By their conduct as set forth herein, Defendants violated Mass. Gen. Laws. Ch. 151 §1A by failing to pay Plaintiffs and the Massachusetts Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours in a workweek.

42. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and the Massachusetts Class members have been damaged in that they have been deprived of overtime pay in amounts to be proven at trial.

43. At all relevant times, Defendants were aware of the duties performed by the Plaintiffs and the Massachusetts Class. Defendants were also fully aware that the duties of Plaintiffs and the Massachusetts Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of Mass. Gen. Laws Ch. 151 §1A.

WHEREFORE, Plaintiffs and Massachusetts Class members demand judgment against Defendants for three times their unpaid overtime compensation, plus reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

### COUNT II: FAILURE TO PAY STATUTORILY MANDATED WAGES
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219)
### (Against All Defendants)

44. Plaintiffs repeat the allegations set forth in paragraphs 1 through 42 as if each were separately and completely set forth herein.

45. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek.

46. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and Plaintiff class members have been deprived of overtime pay in amounts to be proven at trial.

47. At all relevant times, Defendants were aware of the duties performed by the Plaintiffs and the FLSA Class. Defendants were also fully aware that the duties of Plaintiffs and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

48. Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

WHEREFORE, Plaintiffs and FLSA class members demand judgment against Defendants for the unpaid balance of overtime compensation, plus an equal amount as liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff class members demand judgment against Defendants as hereinafter set forth, including, *inter alia*:

(a) Declare Counts 1 of this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23;

(b) Declare Count II of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by it as Staffing Manager, Account Executive, or Account Manager during the FLSA Class Period, including the last known address and telephone number of each person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(c) Determine the damages sustained by Plaintiffs and FLSA Class members as a result of Defendants' violations of 29 U.S.C. §216(b), and award those damages against Defendants and in favor of Plaintiffs and all members of the FLSA Class, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(d) Award Plaintiffs and FLSA Class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(e) Grant Plaintiffs and FLSA Class members such other and further relief as the Court may deem just and proper;

(f) Determine the damages sustained by Plaintiffs and Massachusetts Class members as a result of Defendants' violations of Mass. Gen. Laws. Ch. 151, and award those damages against Defendants in favor of Plaintiffs and Massachusetts Class members, plus treble damages pursuant to Mass. Gen. Laws Ch. 151 §§1A and 1B, and such pre-judgment interest as may be allowed by law;

(g) Award Plaintiffs and Massachusetts Class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and expert fees; and

(h) Grant Plaintiffs and Massachusetts Class members such other and further relief as the Court may deem just and proper.

Submitted by the attorneys for the Plaintiffs and the Class.

*Melanie L. Glickson-Thierman*

Melanie L. Glickson-Thierman (BBO # 652565)
THE LAW OFFICE OF MELANIE L. GLICKSON-THIERMAN
10 Tremont Street
3rd Floor
Boston, MA 02108
(877) 99-LABOR (phone)
(309) 416-4167 (fax)

APPELL HILAIRE LLP
Mika M. Hilaire
15303 Ventura Blvd, Suite 400
Sherman Oaks, CA 91403
818-728-6006 (phone)
818-728-6007 (fax)

THIERMAN LAW FIRM
Mark R. Thierman
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 (phone)
(775) 703-5027 (fax)

I HEREBY ATTEST AND CERTIFY ON
DEC. 29, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

*Lorraine A. Dalrocca*

ASSISTANT CLERK.

Dated: December 1, 2004

- 11 -

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-5221-H | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Ian O'Donnell & David Jolicoeur & all others similarly situated | Robert Half Int'l, Inc. et al. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Melanie L. Glickson, 10 Tremont St., 3rd Fl., Boston, MA 02108  (877) 99-LABOR  Board of Bar Overseers number  652565 | ATTORNEY (if known) |
|---|---|

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript, relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E99 | Overtime class action | (X) | ( ) Yes  (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................. $.............
   2. Total Doctor expenses .................................................... $.............
   3. Total chiropractic expenses ............................................. $.............
   4. Total physical therapy expenses ....................................... $.............
   5. Total other expenses (describe) ........................................ $.............
                                                                    Subtotal $.............
B. Documented lost wages and compensation to date ............... $.............
C. Documented property damages to date ................................ $.............
D. Reasonably anticipated future medical and hospital expenses . $.............
E. Reasonably anticipated lost wages .................................... $.............
F. Other documented items of damages (describe) ................... $.............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
                                                                    $.............
                                                                    TOTAL $.............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                    TOTAL $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  *Melanie L. Glickson-Thurman*  DATE: 12/1/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

DEC. 29, 2004 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *[signature]*

ASSISTANT CLERK.

3

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

Suffolk _____ SS.

Civil   Superior Court
        Action No. 04-5221 H

Ian O'Donnell, et al.
_____PLAINTIFF(S)

V.

Robert Half International, Inc., et al.
_____DEFENDANT(S)

MOTION FOR APPOINTMENT AS PROCESS SERVER

In accordance with the provisions of Rule 4(c) of the Massachusetts Rules of Civil Procedure, the undersigned hereby moves this Court for the appointment of **Sean Callis** of **D H R and Associates** or any associate as process server in the above-entitled case. The undersigned swears that to the best of his/her knowledge and belief that the person to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party to this action.

By: /s/ Melanie Glickson Thierman

Melanie Glickson Thierman, Esquire
10 Tremont Street
Boston, MA 02108
Superior ____ COURT

Suffolk _____ SS.
Allowed by the Court:
( White _____ J.)
Attest: /s/
Dated: 12-9-04

I HEREBY ATTEST AND CERTIFY ON
DEC. 29, 2004
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By /s/
      ASSISTANT CLERK.

D H R and Associates
Constables
357 Cambridge Street
Cambridge, MA 02141
(617) 868-6733
FAX: (617) 868-0334