## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL, INC., a Delaware corporation;  and ROBERT HALF CORPORATION, a Nevada corporation,<br><br>Defendants. | Civil Action No.: 04-12719 NMG |

### FIRST AMENDED CLASS ACTION COMPLAINT

Now come plaintiffs, for themselves and all others similarly situated, and allege the following upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over overtime claims pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  A Consent to Sue form for each plaintiff is attached hereto as *Exhibits A-B*.

2. This Court also has general federal question jurisdiction pursuant to 28 U.S.C. §1331, the federal statute in question being the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §252.

3. This Court has supplemental, pendant, and/or ancillary jurisdiction pursuant to 27 U.S.C. §1367(a) over the Massachusetts state law claim for overtime because this claim is so related to claims in the action within such original jurisdiction that it forms part of the same case or controversy; i.e., this claim involves the same parties, arises out of the same pay practices, and involves similar issues of proof of exempt or non-exempt status.

4. Venue is proper in the United States District Court of Massachusetts because Defendants conduct business in Massachusetts and the acts complained of herein happened in or around Boston.

## BACKGROUND AND PARTIES

5. Plaintiffs Ian O'Donnell and David Jolicoeur, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Robert Half International, Inc., a Delaware corporation, and Robert Half Corporation, a Nevada corporation (collectively "RHI" or "Defendants").

6. For at least the past three (3) years, Defendants have willfully failed to pay Plaintiffs and all other persons employed by them as Staffing Managers, Account Executives, and Account Managers time and one-half their regular rates of pay for all hours worked in excess of forty (40) per week.

7. This Complaint is brought by Plaintiffs on their own behalf and on behalf of all persons who are or have been employed by Defendants as Staffing Managers, Account Executives, or

Account Managers, who have not been paid overtime owed to them for the applicable class period, defined herein.

8. Plaintiffs seek certification as a class of (i) all Staffing Managers, Account Executives, and Account Managers employed within Massachusetts within the last two (2) years immediately preceding the filing of the Complaint, pursuant to Massachusetts Rule of Civil Procedure 23; and (ii) all Staffing Managers, Account Executives, and Account Managers employed in any state other than Massachusetts and California within the last three (3) years immediately preceding the filing of the Complaint, pursuant to 29 U.S.C. §216(b).

9. Plaintiff Ian O'Donnell is an individual who resides at 27 Willow Drive, Easton, Pennsylvania. O'Donnell worked as a Staffing Manager in Defendants' Westboro and Boston offices from January 2002 until August 2003.

10. Plaintiff David Jolicoeur is an individual who resides at 195 Park Drive, Easton, Pennsylvania. Jolicoeur worked as an Account Executive in Defendants' Boston office from June 2002 until August 2003.

11. Defendant Robert Half International, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.

12. Defendant Robert Half Corporation is a Nevada corporation with its principal place of business in Menlo Park, California.

13. According to their own website, Defendants are the first and largest specialized staffing firm, with over 300 offices worldwide, and 5 offices in Massachusetts.

14. Defendants are individually, jointly and severally liable as the employer of Plaintiffs and Plaintiff class members because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours or working conditions of

Plaintiffs and Plaintiff class members. Plaintiffs and Plaintiff class members are informed and believe, and based thereon allege that at all relevant times herein, each Defendant was the agent and employee of its co-defendants, and in doing the things alleged in this Complaint was acting within the course and scope of that agency and employment.

**FACTUAL ALLEGATIONS**

15. Defendants pay Staffing Managers, Account Executives, and Account Managers on a salary basis. The amount of their pay does not depend upon the number of hours they worked in a given workweek. Staffing Managers, Account Executives, and Account Managers regularly work in excess of forty (40) hours per week.

16. The primary job duty of Staffing Managers, Account Executives, and Account Managers, is to make sales calls from Defendants' regular place of business. They spend the majority of their time at work telephoning companies to inquire about their staffing needs and make a "sales pitch" regarding Defendants' personnel placement services. Staffing Managers, Account Executives, and Account Managers call preexisting RHI clients and make "cold calls" to potential new customers in particularized industries, at the direction of RHI.

17. Almost all this work was done at the employers' place of business, and therefore, Plaintiff and Plaintiff class members were not engaged in "outside sales" as that term is defined by the Fair Labor Standards Act.

18. Defendants require Staffing Managers, Account Executives, and Account Managers, to make a certain number of telephone calls per day. The required numbers of daily sales calls varies by division, but at all relevant times, Plaintiffs were required to make between 25 and 30 sales calls per day.

19. Defendants misclassify Staffing Managers, Account Executives, and Account Managers, as "exempt" from the overtime compensation requirement of Massachusetts Wage Act and the FLSA.

20. The primary duty of Staffing Managers, Account Executives, and Account Managers is not the performance of office or non-manual work directly related to the management or general business operations of Defendants or Defendants' customers.

21. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include the exercise of discretion and independent judgment with respect to matters of significance. Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis.

22. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

23. Staffing Managers, Account Executives, and Account Managers do not customarily and regularly direct the work of at least two or more other full-time employees.

24. Staffing Managers, Account Executives, and Account Managers do not have the authority to hire or fire other employees, nor are their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

25. The primary duty of Staffing Managers, Account Executives, and Account Managers does not include the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

26. Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiffs bring Count I as a true class action (also commonly referred to as an "opt-out" class) for violation of the Massachusetts Wage Act, on behalf of themselves and on behalf of all persons similarly situated within the class of Staffing Managers, Account Executives, or Account Managers, employed by Defendants in any of their divisions within the Commonwealth of Massachusetts within two (2) years of the filing of the Complaint until entry of judgment after trial ("Massachusetts Class").

27. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring Count II as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and on behalf of all persons similarly situated within the class of Staffing Managers, Account Executives, and Account Managers employed by Defendants in any of their divisions in any state except Massachusetts and California, within three (3) years of the filing of this Complaint until entry of judgment after trial ("FLSA Class").

28. Plaintiffs are informed and believe, and based thereon allege that there are approximately one hundred (100) people in the FLSA Class and one hundred (100) people in the Massachusetts Class. The actual number of members in each subclass is readily ascertainable by a review of Defendants' records through appropriate discovery.

29. The persons in the FLSA Class and the persons in the Massachusetts Class are so numerous that joinder is impracticable and would involve hundreds of actions. Disposition of these claims in a class or collective action rather than in individual actions will benefit the parties and the Court.

30. There is a well-defined community of interest in the questions of law and fact affecting each class as a whole.

31. Proof of a common or single set of facts will establish the right of each member of both classes to recover. These common questions of law and fact predominate over questions that affect only individual class members. Plaintiffs' claims are typical of those of the class.

32. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption, and 3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

33. Plaintiffs will fairly and adequately represent the interests of the class, and have no interests that conflict with or are antagonistic to the interests of the class.

34. Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

35. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**<u>CAUSES OF ACTION</u>**
**COUNT I: FAILURE TO PAY STATUTORILY MANDATED WAGES**
**(Violation of Massachusetts General Laws Chapter 151 §§1A and 1B)**
**(Against All Defendants)**

36. Plaintiffs repeat the allegations set forth in paragraphs 1 through 35 as if each were separately and completely set forth herein.

37. Mass. Gen. Laws Ch. 151 §1A provides that non-exempt employees must receive "compensation for his employment in excess of forty hours at a rate note less than one and one half times the regular rate at which he is employed."

38. Mass. Gen. Laws Ch. 151 §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151 §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

39. By their conduct as set forth herein, Defendants violated Mass. Gen. Laws. Ch. 151 §1A by failing to pay Plaintiffs and the Massachusetts Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours in a workweek.

40. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and Massachusetts Class members have been damaged in that they have been deprived of overtime pay in amounts to be proven at trial.

41. At all relevant times, Defendants were aware of the duties performed by the Plaintiffs and the Massachusetts Class. Defendants were also fully aware that the duties of Plaintiffs and the Massachusetts Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of Mass. Gen. Laws Ch. 151 §1A.

WHEREFORE, Plaintiffs and Massachusetts Class members demand judgment against Defendants for three times their unpaid overtime compensation, plus reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

### COUNT II: FAILURE TO PAY STATUTORILY MANDATED WAGES
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219)
### (Against All Defendants)

42. Plaintiffs repeat the allegations set forth in paragraphs 1 through 41 as if each were separately and completely set forth herein.

43. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek.

44. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and Plaintiff class members have been deprived of overtime pay in amounts to be proven at trial.

45. At all relevant times, Defendants were aware of the duties performed by the Plaintiffs and the FLSA Class. Defendants were also fully aware that the duties of Plaintiffs and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

46. Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

WHEREFORE, Plaintiffs and FLSA class members demand judgment against Defendants for the unpaid balance of overtime compensation, plus an equal amount as liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff class members demand judgment against Defendants as hereinafter set forth, including, *inter alia*:

(a)  Declare Counts I of this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23;

(b)     Declare Count II of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by it as Staffing Manager, Account Executive, or Account Manager during the FLSA Class Period, including the last known address and telephone number of each person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(c)     Determine the damages sustained by Plaintiffs and FLSA Class members as a result of Defendants' violations of 29 U.S.C. §216(b), and award those damages against Defendants and in favor of Plaintiffs and all members of the FLSA Class, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(d)     Award Plaintiffs and FLSA Class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(e)     Grant Plaintiffs and FLSA Class members such other and further relief as the Court may deem just and proper;

(f)     Determine the damages sustained by Plaintiffs and Massachusetts Class members as a result of Defendants' violations of Mass. Gen. Laws. Ch. 151, and award those damages against Defendants in favor of Plaintiffs and Massachusetts Class members, plus treble damages pursuant to Mass. Gen. Laws Ch. 151 §§1A and 1B, and such pre-judgment interest as may be allowed by law;

(g)     Award Plaintiffs and Massachusetts Class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and expert fees; and

(h)  Grant Plaintiffs and Massachusetts Class members such other and further relief as the Court may deem just and proper.

    Submitted by the attorneys for the Plaintiffs and the Class,

/s/ Melanie L. Glickson-Thierman

THE LAW OFFICE OF MELANIE L. GLICKSON-THIERMAN
Melanie Glickson-Thierman (BBO # 652565)
10 Tremont Street, 3rd Floor
Boston, MA  02108
(617) 723-2294 (phone)
(617) 723-2318 (fax)
glickson@callatg.com

APPELL HILAIRE LLP
Mika M. Hilaire
15303 Ventura Blvd, Suite 400
Sherman Oaks, CA  91403
818-728-6006 (phone)
818-728-6007 (fax)

THIERMAN LAW FIRM
Mark R. Thierman
7287 Lakeside Drive
Reno, NV  89511
(775) 284-1500 (phone)
(775) 703-5027 (fax)

Dated:  January 19, 2005

# EXHIBIT A

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL and DAVID JOLICOEUR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION<br><br>　　　　　　Defendants. | CIVIL ACTION NO.: 04-12719 NMG |

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: January 19, 2005

　　　　　　　　　　　　　　　　/s/ Ian O'Donnell

　　　　　　　　　　　　　　　　Ian O'Donnell

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL and DAVID JOLICOEUR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br>　　　　　　　Plaintiffs, <br><br>v. <br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION <br><br>　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.: 04-12719 NMG

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: January __, 2005

　　　　　　　　　　　　　　　　/s/ David Jolicoeur

　　　　　　　　　　　　　　　　David Jolicoeur