FILED
IN CLERKS OFFICE

2005 FEB -4  A 11: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL, INC. AND ROBERT HALF CORPORATION<br><br>Defendant. | CIVIL ACTION NO. 04-CV-12719 NMG |

## ANSWER TO FIRST AMENDED COMPLAINT

The Defendants, Robert Half International Inc. and Robert Half Corporation (collectively "Defendants" or "RHI"), answer the Complaint filed in this matter by Ian O'Donnell ("O'Donnell") and David Jolicoeur ("Jolicoeur") (collectively "Plaintiffs") as follows:

### JURISDICTION AND VENUE

1. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 1.

2. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 2.

-2-

3. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 3.

4. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 4.

### BACKGROUND AND PARTIES

5. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated against Robert Half International Inc. and Robert Half Corporation. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all persons who are or have been employed by Defendants as Staffing Managers, Account Executives, or Account Managers. Defendants deny the remaining allegations in Paragraph 7.

8. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to seek certification of two classes as described in Paragraphs 7, 8, and 26 through 28.

-2-

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning O'Donnell's residence and therefore deny same. Defendants admit that O'Donnell worked as a Staffing Manager in Defendants' Westborough and Boston offices. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jolicoeur's residence and therefore deny same. Defendants admit that Jolicoeur worked in Defendants' Boston office. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit that RHI maintains a website and state that the website speaks for itself. Defendants deny the remaining allegations in Paragraph 13.

14. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 14.

### FACTUAL ALLEGATIONS

15. Defendants admit that RHI's Staffing Managers, Account Executives, and Account Managers are paid a salary and that, as exempt employees, they worked as necessary to perform their job duties. Defendants deny the remaining allegations in Paragraph 15.

16. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that the job

-3-

duties of RHI's Staffing Managers, Account Executives, and Account Managers include making telephone calls to RHI's existing clients and potential new clients. Defendants deny the remaining allegations in Paragraph 16.

17. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 17.

18. Defendants admit that RHI's Staffing Managers, Account Executives, and Account Managers were required to perform their job duties, which included making sales calls related to the general business operations of RHI, its existing clients, and its potential clients. Defendants deny the remaining allegations in Paragraph 18.

19. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 19. In further answering, Defendants state that they properly classified Staffing Managers, Account Executives, and Account Managers as exempt from the overtime compensation requirements of the Massachusetts Wage Act and the federal Fair Labor Standards Act.

20. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 20.

BO1 15693110.1

21. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 21.

22. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 22.

23. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 23.

24. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 24.

25. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 25.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

26. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring Count I as a class action on behalf of a class described in Paragraphs 7, 8, and 26 through 28. Defendants deny the remaining allegations in Paragraph 26.

27. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring Count II as a collective action on behalf of a class described in Paragraphs 7, 8, and 26 through 28. Defendants deny the remaining allegations in Paragraph 27.

28. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 28.

29. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 29.

30. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 30.

31. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 31.

32. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 32.

BO1 15693110.1

33. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 33.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny same.

35. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 35.

### CAUSES OF ACTION

#### COUNT I: FAILURE TO PAY STATUTORILY MANDATED WAGES
**(Violation Of Massachusetts General Laws Chapter 151, §§ 1A, 1B)**

36. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 35 of the Complaint.

37. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 37.

38. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 38.

39. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 39.

40. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 40.

41. Defendants admit that they were aware of the duties performed by RHI's Staffing Managers, Account Executives, and Account Managers. Defendants deny the remaining allegations in Paragraph 41.

### COUNT II: FAILURE TO PAY STATUTORILY MANDATED WAGES
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219)

42. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 41 of the Complaint.

43. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 43.

44. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 44.

45. Defendants admit that they were aware of the duties performed by RHI's Staffing Managers, Account Executives, and Account Managers, including Plaintiffs. In further answering, Defendants state that they properly classified Staffing Managers, Account Executives, and Account Managers as exempt from the overtime compensation requirements of the Massachusetts Wage Act and the federal Fair Labor Standards Act. Defendants deny the remaining allegations in Paragraph 45.

BO1 15693110.1

46. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 46.

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent are barred by the doctrine of waiver.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs and the people they purport to represent have acquiesced or consented to the matters alleged in the Complaint.

### EIGHTH ADDITIONAL DEFENSE

At all times relevant and material to this matter, Plaintiffs and the persons in the putative classes were exempt from the overtime compensation requirements of Massachusetts and federal law because they were employed in an administrative, executive, professional, and/or relevant sales capacity within the meanings of the applicable statutes and regulations.

### NINTH ADDITIONAL DEFENSE

Plaintiffs and the persons in the putative classes are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the overtime compensation provisions of Massachusetts or federal law.

### TENTH ADDITIONAL DEFENSE

In treating Plaintiffs and persons in the putative classes as exempt from overtime pay requirements, Defendants acted in good faith and in conformity with opinions issued by the United States Department of Labor classifying positions similar to the ones at issue in this matter as exempt from overtime pay requirements.

### ELEVENTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent cannot be properly certified or maintained as a class action pursuant to Fed. R. Civ. P. 23 or as a collective action pursuant to 29 U.S.C. §216(b).

### TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are not typical of the claims, if any, of the members of the classes they seek to represent.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs are not adequate representatives of the members of the classes they seek to represent.

### FOURTEENTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent are barred, in whole or in part, by their failure to satisfy jurisdictional prerequisites.

### FIFTEENTH ADDITIONAL DEFENSE

Some of the activities performed by Plaintiffs and the people they purport to represent while they claim to have been "on duty" are preliminary or postliminary within the scope of 29 U.S.C. § 254 and must, therefore, be excluded from any calculation of minimum wages and/or overtime pay owed to the Plaintiffs and the people they purport to represent.

### RESERVATION OF RIGHTS

Defendants reserve the right to raise additional defenses as may be discovered during the course of these proceedings.

WHEREFORE Defendants Robert Half International Inc. and Robert Half Corporation pray that the Complaint be dismissed and that the Court provide Defendants with such other remedies as are appropriate under the circumstances.

Respectfully submitted,<br>
ROBERT HALF INTERNATIONAL INC. and<br>
ROBERT HALF CORPORATION<br>
By their Attorneys,

_/s/ Krista G. Pratt_
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:  (617) 946-4801

DATED: February 4, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by electronic mail and by First Class Mail, postage prepaid, upon Melanie Glickson-Thierman, Esq., an attorney of record for Plaintiffs on February 4, 2005.

_/s/ Krista G. Pratt_
Krista Green Pratt, Esq.