UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-CV-12719 NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' <u>EMERGENCY</u> MOTION TO RESCHEDULE HEARING
ON PLAINTIFFS' MOTION TO FACILITATE §216(b) NOTICE**

Defendants hereby move for a one-week postponement of the hearing on Plaintiffs' Motion to Facilitate §216(b) Notice ("Motion") and the Local Rule 16.1 Scheduling Conference[1] to August 26, 2005. Defendants seek this postponement in order to take the properly-noticed depositions of the Plaintiffs (originally scheduled for the week of July 12) and obtain their overdue discovery responses and document production prior to the Motion hearing. Defendants believe that this discovery will assist in the adjudication of the issues raised in the Motion and promote judicial efficiency. When Plaintiffs' counsel requested an extension of time to respond to the discovery and conduct the depositions, counsel for Defendants – in an effort to avoid unnecessary and time-consuming motion practice – offered Plaintiffs an extension of time conditioned on the Plaintiffs' agreement to a postponement of the Motion hearing. After several

---

[1] As discussed below, the sole reasons for seeking a postponement of the Local Rule 16.1 Scheduling Conference from August 19 to August 26 are (a) to enable the parties to proceed with Plaintiffs depositions on August 18 and 19, 2005; and (b) for the efficiency of conducting both the hearing on Plaintiffs' Motion and the Scheduling Conference at the same time.

weeks' delay, on the evening of Monday, July 25, 2005, three days before lead defense counsel's long-scheduled family vacation out of the country, and in an apparent effort to frustrate Defendants' efforts to take discovery prior to the Motion hearing, Plaintiffs' counsel refused to agree to the postponement of the Motion hearing and failed to specify when the discovery would be provided, thus necessitating the instant emergency motion. Accordingly, Defendants request a postponement of the Motion hearing until August 26, 2005, or another date convenient to the Court. In order for the depositions of the Plaintiffs to proceed, as requested, on August 18 and 19, Defendants also ask the Court to postpone the Local Rule 16.1 Scheduling Conference, now set for August 19, to August 26, to coincide with the hearing on Plaintiffs' Motion. The schedule proposed by Defendants is set forth in detail below.

In further support of this Emergency Motion to Reschedule Hearing, Defendants state as follows:

1. On April 12, 2005, the Court issued notice of a Scheduling Conference to occur on May 19, 2005.

2. On May 11, 2005, Plaintiffs filed their Motion to Facilitate § 216(b) Notice, seeking certification of their claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as a collective action pursuant to 29 U.S.C. § 216(b).

3. On May 13, 2005, the parties filed a Joint Motion to Postpone Scheduling Conference and Extension of Time to Oppose Motion to Facilitate Class Notice. In that motion, the parties sought to postpone the Scheduling Conference and combine it with a hearing on Plaintiffs' Motion to Facilitate § 216(b) Notice to be held sometime during the week of July 18.

4. On May 17, 2005, the Court granted the parties' joint motion to postpone the scheduling conference and combine it with a hearing on Plaintiffs' Motion to Facilitate § 216(b)

2

Notice. The Court subsequently scheduled the combined conference and hearing for August 19, 2005.

5. On June 2, 2005, Defendants served document requests and notices of deposition on Plaintiffs. Plaintiffs' responses to Defendants' document requests were initially due on or about July 5, 2005, and their depositions were initially noticed for the week of July 12.

6. Shortly before the scheduled depositions and after the deadline for responding to the written discovery, Plaintiffs' counsel requested a postponement of the depositions and an extension of time to respond to Defendants' written discovery. Defendants, however, seek to depose the Plaintiffs prior to the Motion hearing on August 19, in order to explore some of the issues raised by that Motion. Accordingly, counsel for Defendants informed Plaintiffs' counsel that any agreement to postpone discovery would be conditioned upon their agreement to postpone the Motion hearing.

7. Plaintiffs' counsel initially indicated that they would agree to a postponement of the Motion hearing. However, Plaintiffs' counsel informed Defendants' counsel late on July 25, 2005 that they would not agree to a postponement of the Motion hearing.

8. Because Defendants have not assented to an extension of the discovery deadline or postponement of the Plaintiffs' depositions, and Plaintiffs have not sought an extension of time from this Court, Plaintiffs have waived any objections to the written discovery or depositions.

9. As disclosed to Plaintiffs' counsel, lead counsel for Defendants will be taking a long-planned family vacation out of the country, from on July 28 to August 14, 2005. Plaintiffs' counsel's late refusal to agree to a postponement of the Motion hearing seems designed to avoid Plaintiffs' depositions before the hearing on Plaintiffs' Motion, so as to deprive Defendants of

the use of certain information in opposing Plaintiffs' Motion. Defendants sent all of Plaintiffs' counsel of record an email yesterday, July 26, 2005, seeking to reach a resolution of this matter, but, as of the filing of this motion, Defendants have received no response. A true and accurate copy of Defendants July 26, 2005 email to Plaintiffs' counsel is attached as Exhibit A.

10. Plaintiffs late and unexpected opposition to the previously proposed postponement of the hearing scheduled for August 19, 2005, and Plaintiffs' counsel failure to respond to Defendants' communication on July 26, have necessitated the filing of this motion on an emergency basis.

11. Defendants hereby propose the following schedule:

- August 5, 2005: Deadline for Plaintiffs' responses to Defendants' written discovery and production of documents.

- August 12, 2005: Deadline for Plaintiffs' filing a Reply brief (if any) in support of their Motion to Facilitate § 216(b) Notice.

- August 18 and 19, 2005: Defendants begin depositions of Plaintiffs O'Donnell and Jolicoeur.

- August 25, 2005: Deadline for Defendants' Sur-Reply (if necessary) on Plaintiffs' Motion to Facilitate § 216(b) Notice.

- August 26, 2005: Scheduling Conference and hearing on Plaintiffs' Motion to Facilitate § 216(b) Notice.

4

WHEREFORE, Defendants request that the Court postpone the hearing on Plaintiffs' Motion to Facilitate §216(b) Notice and the Local Rule 16.1 Scheduling Conference to August 26, 2005, and order Plaintiffs to complete the discovery outlined above. To the extent a hearing would assist the Court in ruling on this Motion, counsel for Defendants are available for a telephonic or in person hearing at any time on July 27, 2005.

        Respectfully Submitted,
        Defendants,
        ROBERT HALF INTERNATIONAL, INC. AND
        ROBERT HALF CORPORATION
        By their attorneys,

        _____/s/ Richard L. Alfred_____
        Richard L. Alfred (BBO # 015000)
        Krista G. Pratt (BBO # 644741)
        Barry J. Miller (BBO # 661596 )
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:   (617) 946-4800

July 27, 2005        Telecopier:   (617) 946-4801

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Richard L. Alfred, Esquire, hereby certify that I attempted to confer with counsel for Plaintiff in good faith via electronic mail on July 26, 2005 to resolve issues associated with the instant motion. Plaintiff's counsel, Alfred Gordon, had previously stated that he would not be available on July 26 and did not respond to my e-mail message.

        _____/s/ Richard L. Alfred_____
        Richard L. Alfred

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing document was hand delivered on July 27, 2005 to Alfred Gordon, Esq., Pyle Rome Lichten Ehrenberg and Liss-Riordan, PC, 18 Tremont St., Suite 500, Boston, MA 02108.

                                                        _____/s/ Richard L. Alfred_____
                                                        Richard L. Alfred

BO1 15727443.2

## Alfred, Richard

| | |
|---|---|
| **From:** | Alfred, Richard |
| **Sent:** | Tuesday, July 26, 2005 3:30 PM |
| **To:** | 'sliss@prle.com'; 'laborlawyer@pacbell.net'; 'agordon@prle.com'; 'mika@appellhilaire.com' |
| **Cc:** | Pratt, Krista |
| **Subject:** | O'Donnell v. RHI |

As you know from your discussion last evening with my colleague, Krista Pratt, we received your email last evening at approximately 7:00 p.m. informing us, after several weeks' delay, that you would not agree to postpone the hearing on Plaintiffs' Motion for §216(b) Notice ("Motion"), currently scheduled for August 19, 2005, despite the fact that plaintiffs have failed to respond to defendants' document requests or to produce the two plaintiffs for deposition noticed for earlier this month.

From conversations that you had with Ms. Pratt concerning your request to extend the plaintiffs' document production and continue the plaintiffs' depositions, you are aware, first, that defendants seek to take this discovery prior to the hearing on plaintiffs' Motion; and, second, that I will be taking a long-scheduled family vacation out of the country from July 28 through August 14. You gave every indication to Ms. Pratt that, in return for our agreement to postpone the scheduled discovery of the plaintiffs, you would agree to a postponement of the hearing on the Motion until after we had received the plaintiffs documents and had an opportunity to depose the plaintiffs. As you well know, defendants are entitled to take the sought-after discovery prior to the hearing on the Motion, and we intend to seek the intervention of the Court immediately if we cannot resolve this issue today.

By informing us that you are not available to discuss this matter until after this Friday, July 29, and understanding that Shannon Liss-Riordan remains on maternity leave, we are in something of a quandary as to how to proceed at this point, given that I will be leaving for vacation this Thursday morning. Nonetheless, we are writing to make one final effort to resolve this scheduling issue before filing an emergency motion with the court. Our proposal is that we jointly ask the Court to postpone the Rule 16 conference and the plaintiffs' Motion for one week—until Friday, August 26; that plaintiffs produce the requested documents by Friday, August 5; that plaintiffs serve and file their Reply memo no later than Friday, August 12 as currently scheduled; and that we begin O'Donnell's deposition on August 18 and Jolicoeur's deposition on August 19. If those depositions require additional time, they can be resumed (assuming the plaintiffs' good faith in responding to questions on August 18 and 19) after the August 26 hearing. Defendants' Sur-Reply memo would be due no later than Thursday, August 25.

In view of the very tight schedule that we are now under, caused by your late and unexpected decision to oppose our earlier suggestion for rescheduling the pending discovery and court hearing, we will have no alternative but to file an emergency motion with the court immediately if we do not receive your written acceptance of the schedule proposed above by 5:00 p.m. today. In this event, we will ask the Court to schedule an emergency telephone hearing at its convenience tomorrow.

We look forward to hearing from you.