## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION<br><br>     Defendants. | CIVIL ACTION NO.  04-CV-12719 NMG |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
## TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

Defendants Robert Half International Inc. and Robert Half Corporation (together, "Defendants" or "RHI") submit this memorandum in support of their Motion to Compel Production of Documents and for Sanctions.  Defendants served Requests for Production of Documents on Plaintiffs Ian O'Donnell and David Jolicoeur nearly six months ago, yet Plaintiffs have never responded to this discovery.  Instead, Plaintiffs have refused to comply with this Court's August 19, 2005 Order as well as their discovery obligations under the Federal Rules of Civil Procedure.  This Court should order Plaintiffs' responses to Defendants' discovery requests and award costs, sanctions and fees to Defendants.

Defendants served requests for production of documents to Plaintiffs pursuant to Fed.R.Civ.P. 34  (the "Requests") on June 2, 2005.  Affidavit of Krista Green Pratt, Esq. ("Pratt Aff.") ¶ 2, Exhibit A.  Plaintiffs did not respond to the Requests in any manner within the 30-day

time period allowed by the Rules, which expired on or about July 5, 2005.[1]  Pratt Aff. ¶ 3.

Plaintiffs did not produce responsive documents, serve objections to the Requests, secure an

extension of time in which to respond,[2] or move for a protective order.  Pratt Aff. ¶ 5.  Plaintiffs'

failure to respond to the Requests was raised at a Scheduling Conference and hearing in this

matter on August 19, 2005.  *Id.*  At the hearing, the Court ordered Plaintiffs to respond to the

Requests "forthwith" and prior to September 30, 2005.  *Id.*, Ex. B.  The Court limited its Order to

documents pertaining to the issues raised by Plaintiffs' pending Motion to Facilitate § 216(b)

Notice (the "Motion to Facilitate").[3]  *Id.*

　　　After the August 19 hearing and through the date of this motion, Plaintiffs have

continued to ignore their discovery obligations and the Order of the Court.  To date, they have

produced no responsive documents, they have served no written objections to the Requests, and

they have not sought a protective order seeking relief from their obligations.  Pratt Aff. ¶ 5.

Plaintiffs and their counsel are, therefore, in contempt of the August 19, 2005, Order of the

Court.

　　　In a telephone conversation with Plaintiffs' counsel on or about October 20, 2005,

counsel for Defendants inquired about the status of Plaintiffs' seriously delinquent responses.

Pratt Aff. ¶ 6.  Notwithstanding the three-month delay in responding to the Requests, Plaintiffs'

counsel denied that Plaintiffs had any obligation to respond to the Requests at that time.  *Id.*

---

[1] On June 2, 2005, Defendants also noticed the depositions of both O'Donnell and Jolicoeur, for July 12 and 14, 2005.  Plaintiffs did not appear for their depositions on those dates.  Defendants reserve the right to move to compel Plaintiffs' depositions after receipt of written discovery.  Pratt Aff. ¶ 2.

[2] On or about July 7, 2005, Plaintiffs' counsel did telephone Defendants' counsel to discuss an extension of time in which to respond to the Requests.  The parties were not able to agree as to the length of an extension, and there were no further discussions about extending the due date for Plaintiffs' responses to the Requests.  Pratt Aff. ¶ 4.

[3] The primary issue raised by the Motion to Facilitate is whether members of the putative class that Plaintiffs seek to represent are "similarly situated" within the meaning of the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

Counsel for Defendants referred Plaintiffs' counsel to the Court's Order requiring Plaintiffs to respond to the discovery "forthwith," and maintained that Plaintiffs were obligated to respond to these discovery requests immediately. *Id.*

On October 21, 2005, Defendants' counsel sent an e-mail message to Plaintiffs' counsel stating that Plaintiffs were in derogation of their discovery obligations and in violation of the Court's August 19, 2005 Order. Pratt Aff. ¶ 7, Ex. C. She also requested a discovery conference regarding Plaintiffs' responses to the Requests pursuant to Local Rule 37.1. Plaintiff's counsel did not respond to Defendants' counsel's request for a discovery conference. *Id.* As of the date of this motion, Plaintiffs still have produced no documents responsive to the Requests. Pratt Aff. ¶8.

By failing to serve timely written objections or seek relief from their discovery obligations, Plaintiffs have waived any objections they may have to the discovery sought by the Requests. Local Rule 34.1(C). ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."); *see also, Rivera v. Kmart Corp.*, 190 F.R.D. 298, 300 (D. P.R. 2000) ("If the responding party fails to timely object or state the reason for the objection, he or she may be held to have waived any objections."); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir.1991). The Court should, therefore, order that Plaintiffs may not withhold documents responsive to the Requests from production on <u>any</u> basis.

In light of Plaintiff's unexplained and unjustified refusal to respond to Defendants' discovery request and comply with this Court's Order, the Court should also order sanctions against Plaintiffs, with fees and costs to Defendants. "The choice of sanctions for failing to comply with an order of the district court lies within the sound discretion of the court." *Marx v.*

*Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10 (1st Cir. 1991); *see also, Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 537 (1st Cir.1988).

WHEREFORE, Defendants Robert Half International Inc. and Robert Half Corporation request that the Court: (1) order Plaintiffs to produce immediately all documents responsive to Defendants' June 2, 2005 discovery requests; (2) enter an Order declaring that Plaintiffs have waived any objections to Defendants' June 2, 2005 discovery requests; and (3) order Plaintiffs to pay sanctions and attorneys' fees to reimburse Defendants for expenses incurred in bringing this motion.

Respectfully submitted,

ROBERT HALF INTERNATIONAL INC.
AND ROBERT HALF CORPORATION
By their Attorneys,

/s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596 )
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

DATED:  November 30, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served
on Pyle Rome Lichten & Ehrenberg, P.C., 18 Tremont Street, Suite 500,
Boston, Massachusetts 02108, by first class mail on November 30, 2005.

/s/ Barry J. Miller
Barry J. Miller

4

BO1 15747775.3