## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO.  04-CV-12719 NMG |
| | ) | |
| ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION, | ) ) | |
| Defendants. | ) | |

## AFFIDAVIT OF KRISTA GREEN PRATT, ESQ.

I, Krista Green Pratt, Esq., under oath hereby depose and state:

1.    I am an associate with the law firm of Seyfarth Shaw LLP and represent Defendants Robert Half International Inc. and Robert Half Corporation ("Defendants" or "RHI") in the above-captioned matter.

2.    Defendants served requests for production of documents to Plaintiffs pursuant to Fed.R.Civ.P. 34 (the "Requests") on June 2, 2005.  A copy of the Requests is attached hereto as *Exhibit A*.  On June 2, 2005, Defendants also noticed the depositions of both O'Donnell and Jolicoeur, for July 12 and 14, 2005.  Plaintiffs did not appear for their depositions on those dates.

3.    Plaintiffs did not respond to the Requests in any manner within the 30-day time period allowed by the Rules, which expired on or about July 5, 2005.

4.    On or about July 7, 2005, Plaintiffs' counsel, Steven Young, requested an unspecified extension of time in which to respond to the Requests.  The parties were not able to agree as to the length of an extension, and there were no further discussions about extending the due date for Plaintiffs' responses to the Requests.

5.    Plaintiffs did not produce responsive documents, serve objections to the Requests, secure an extension of time in which to respond, or move for a protective order.  Plaintiffs'

1

failure to respond to the Requests was raised at a Scheduling Conference and hearing in this matter on August 19, 2005. At the hearing, the Court ordered Plaintiffs to respond to the Requests "forthwith" and prior to September 30, 2005. *Exhibit B*, Transcript of August 19, 2005 hearing ("Trans."), p. 15:14 – 16:9. The Court limited its Order to documents pertaining to the issues raised by Plaintiffs' pending Motion to Facilitate § 216(b) Notice (the "Motion to Facilitate"). *See id.*, Trans. 16:4-9

6.      In a telephone conversation with Mr. Young on or about October 20, 2005, I inquired about the status of Plaintiffs' overdue responses to the Requests. Mr. Young took the position that Plaintiffs had no obligation to respond to the Requests at that time. I referred Mr. Young to the Court's Order specifically instructing Plaintiffs to respond to the Requests "forthwith."

7.      On October 21, 2005, I sent an e-mail message to Mr. Young stating that Plaintiffs were in derogation of their discovery obligations and in violation of the Court's August 19, 2005 Order. I also requested a discovery conference regarding Plaintiffs' responses to the Requests pursuant to Local Rule 37.1. A copy of the October 21, 2005 e-mail message to Plaintiffs' counsel is attached as *Exhibit C*. Plaintiffs' counsel did not respond to my request for a discovery conference.

8.      As of the date of this Affidavit, Plaintiffs have neither responded to the Requests nor produced any documents responsive to the Requests.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY
THIS 30th DAY OF NOVEMBER, 2005.


_____/s/ Krista Green Pratt_____
Krista Green Pratt, Esq.

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 04-CV-12719 NMG |

**DEFENDANTS' FIRST REQUEST TO PLAINTIFF IAN O'DONNELL**
**FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed.R.Civ.P. 34, Defendants Robert Half International Inc. and Robert Half Corporation (collectively "Defendants" or "RHI"), hereby request that Plaintiff Ian O'Donnell ("O'Donnell") produce the following documents for inspection and copying at the offices of Seyfarth Shaw LLP, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210, within 30 days after service. The instructions and definitions to be used in complying with this request are:

**INSTRUCTIONS & DEFINITIONS**

As used herein, the following terms shall have the meaning indicated below.

A.  **Uniform Definitions.** Defendants incorporate by reference the uniform definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts, the following definitions are automatically incorporated into these discovery requests:

1.  **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.  **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  **Identify (With Respect to Persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.  **Identify (With Respect to Documents).** When referring to documents, "to identify" means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

5.  **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name, or pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.  **Person.** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

7.  **Concerning.** The term "concerning" means referring to, describing, evidencing, or constituting.

8.  **State the basis.** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

    a.  identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    b.  identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

-2-

c.    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

d.    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## B. Additional Definitions

1.    The term "Complaint" refers to the First Amended Class Action Complaint filed in the U.S. District Court for the District of Massachusetts on or about January 19, 2005, in the pending action *O'Donnell, et al. v. Robert Half International Inc. & Robert Half Corp.*, Civil Action No. 04-12719-NMG.

2.    The term "relating to" shall include, but shall not be limited to, referring to, reflecting, bearing upon, pertaining to, being relevant to, and connecting with the matter set forth.

3.    "Plaintiff," "you," or "your" as used herein refers to Plaintiff Ian O'Donnell, any consultants, experts, investigators, agents or other persons acting on Plaintiff's behalf and, unless privileged, Plaintiff's attorneys.

4.    "RHI" as used herein refers to Defendant Robert Half International Inc. and/or Defendant Robert Half Corporation, and any of their consultants, employees, agents, subsidiaries, parent corporations, predecessors, successors, or affiliates.

5.    "Staffing Professional" includes people holding the positions referred to in the Complaint as "Staffing Managers," "Account Executives," and "Account Managers" anywhere within the United States.

6.    The term "date" means the exact day, month and year if ascertainable or, if not, the best approximation (including relationship to other events).

7.    Except where the context does not permit, the word "and" and the word "or" shall be construed to mean "and/or," and except where the context does not permit, words used in the singular shall be deemed to include the plural. Words used in the plural shall, except where the context does not permit, be deemed to include the singular. The masculine gender shall, except where the context does not permit, be deemed to include the feminine and neuter genders.

8.    All other terms and definitions are to be interpreted in their common, ordinary sense.

C.    **Instructions**

1.    **Claims of Privilege.** As to each document requested herein which is withheld by the Plaintiff under a claim of privilege or other rule protecting against disclosure, the Plaintiff is directed to identify the document as follows:

a.    State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

b.    Set forth the date of the document;

c.    State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document;

d.    Describe the type of document (e.g., memo, letter);

e.    Describe the general subject matter of the document;

f.    State the name and address of each present custodian of the document;

g.    State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

2.    If Plaintiff knows of no documents which are responsive to a particular request, so state and identify such request.

3.    If any documents responsive to any request have been lost, mutilated, rendered illegible or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

4.    Any document responsive to any request should be identified as being responsive to the specific request involved. If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

5.    Plaintiff is under the continuing duty and obligation to supplement his responses to these documents requests.

### DOCUMENTS REQUESTED

1.  All documents upon which you base your contention that persons who work or have worked as Staffing Professionals for RHI are entitled to overtime pay.

2.  All documents, including but not limited to any journals, lists, diaries, or notes, concerning or relating to the number of hours worked by you or any person who worked as a Staffing Professional for RHI between December 1, 2001 and the present.

3.  All calendars, datebooks, planners, schedulers, diaries, and personal organizers maintained by you for any period of time between December 1, 2001 and the present.

4.  All documents concerning any evaluation, whether formal or informal, of your job performance as a Staffing Professional.

5.  All documents concerning the job duties or responsibilities of any Staffing Professional who is or was employed by RHI at any time.

6.  All documents that describe your job responsibilities or work experience in connection with your employment at RHI, including but not limited to all resumes, letters, employment applications, faxes, and e-mails you have sent concerning your prospective employment with any employer during or after your employment at RHI.

7.  All copies of any documents in your personnel file at RHI obtained by you at any time.

8.  All documents, including but not limited to all e-mails, correspondence, and any communications, concerning any event or circumstance which you contend caused or contributed in any way to the injuries or damages you claim were suffered by you and/or those whom you contend are similarly situated to you in the Complaint.

-5-

9.  All documents concerning any policy or procedure of RHI, including but not limited to documents concerning leave, rest periods, meal periods, vacation, overtime, or any other personnel or employment policy or procedure of RHI.

10. All resumes and cover letters prepared by you or on your behalf that were sent to or prepared for the purpose of sending to any employer or prospective employer from July 1, 2001 to the present.

11. All documents concerning any time you spent away from RHI's offices for business or personal activities on any of the days of your employment with RHI.

12. All documents concerning any communications between you and any person concerning or relating to any allegation in your Complaint or any incidents, events, facts, or occurrences that support or relate to said allegations.

13. All documents concerning any communication involving you, your family or friends, any current or former RHI employee, their family or friends, or any other person (other than your counsel in this case) concerning the hours you worked as a Staffing Professional employed by RHI, your job responsibilities, your compensation, the hours worked by any Staffing Professional employed by RHI, the job responsibilities of any Staffing Professional employed by RHI, the compensation earned or received by any Staffing Professional employed by RHI, or any claims for overtime pay or other claims made by you in this lawsuit.

14. All documents concerning any communication involving you, any prospective or actual plaintiff in this case (whether identified or unidentified), any current or former RHI employee, the United States Department of Labor, any state department of labor, any other administrative

-6-

agency, or any other person (other than your counsel in this case) concerning the hours you worked as a Staffing Professional for RHI, your job responsibilities, your compensation, the hours worked by any Staffing Professional employed by RHI, the job responsibilities of any Staffing Professional employed by RHI, the compensation of any Staffing Professional employed by RHI, or any claims for overtime pay or other claims made by you in this lawsuit.

15. All notes and any other documents concerning your claims as alleged in the Complaint.

16. All documents concerning any other lawsuit, investigation, grievance, arbitration, or administrative action involving you, including without limitation all such lawsuits, investigations, grievances, arbitrations, and administrative actions in which you have been a plaintiff, defendant, complainant, respondent, claimant, witness, representative, or party.

17. All state and federal tax returns, including all schedules, forms, and supplemental data submitted to state and/or federal taxing authorities by you or on your behalf from January 1, 2002 to the present, as well as all documents used to prepare such returns, schedules and forms.

18. All documents provided to you by any person concerning the claims in the Complaint made on your behalf of yourself and/or on behalf of those who you claim to be similarly situated to you, including but not limited to declarations, written notes, journals, diaries, work diaries, daytimers, and personal calendars.

19. All documents concerning or relating to affidavits, declarations, or any other written statements prepared by or on behalf of persons other than yourself that relate to the claims and allegations in the Complaint.

20. All correspondence, statements, or notes from any witness, including any current or former employee, agent, contractor of RHI, relevant to this lawsuit or any allegation made in the Complaint.

21. All documents concerning your allegation in paragraph 15 of the Complaint that "Staffing Managers, Account Executives, and Account Managers regularly work in excess of forty (40) hours per week."

22. All documents concerning your allegation in paragraph 18 of the Complaint that "Defendants require Staffing Managers, Account Executives, and Account Managers, to make a certain number of telephone calls per day."

23. All documents concerning your allegation in paragraph 19 of the Complaint that "Defendants misclassify Staffing Managers, Account Executives, and Account Managers, as 'exempt' from the overtime compensation requirement of Massachusetts Wage Act and the FLSA."

24. All documents concerning your allegation in paragraph 21 of the Complaint that "Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis."

25. All documents concerning your allegation in paragraph 28 of the Complaint that "there are approximately one hundred (100) people in the FLSA Class and one hundred (100) people in the Massachusetts Class."

26. All documents concerning your allegation in paragraph 46 that RHI's alleged violations of the Fair Labor Standards Act were "repeated, willful and intentional."

-8-

27. All documents provided to or received from any expert witness or consultant in connection with your Complaint and any report and all other documents reviewed, prepared, edited, authored, or drafted by such expert witness or consultant.

28. All documents not already produced in response to the above requests that relate to, bear upon, or provide evidence concerning the matters and allegations in the Complaint.

29. All documents concerning any Staffing Professionals who are or were employed by RHI at any time.

30. All documents concerning RHI.

ROBERT HALF INTERNATIONAL INC. and
ROBERT HALF CORPORATION
By their Attorneys,

_____
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO# 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

DATED:  June 2, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was hand delivered to Shannon Liss-Riordan, Esq., an attorney of record for Plaintiffs on June 2, 2005.

_____
Krista Green Pratt, Esq.

-9-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and others similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.  04-CV-12719 NMG |
| v. | ) ) | |
| ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' FIRST REQUEST TO PLAINTIFF DAVID JOLICOEUR FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 34, Defendants Robert Half International Inc. and Robert Half Corporation (collectively "Defendants" or "RHI"), hereby request that Plaintiff David Jolicoeur ("Jolicoeur") produce the following documents for inspection and copying at the offices of Seyfarth Shaw LLP, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210, within 30 days after service.  The instructions and definitions to be used in complying with this request are:

### INSTRUCTIONS & DEFINITIONS

As used herein, the following terms shall have the meaning indicated below.

A.    **Uniform Definitions.**  Defendants incorporate by reference the uniform definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts, the following definitions are automatically incorporated into these discovery requests:

    1.    **Communication.**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    2.    **Document.**  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P.

34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.  **Identify (With Respect to Persons).**  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.  **Identify (With Respect to Documents).**  When referring to documents, "to identify" means to give, to the extent known, the

   a.  type of document;

   b.  general subject matter;

   c.  date of the document; and

   d.  author(s), addressee(s), and recipient(s).

5.  **Parties.**  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name, or pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.  **Person.**  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

7.  **Concerning.**  The term "concerning" means referring to, describing, evidencing, or constituting.

8.  **State the basis.**  When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

   a.  identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   b.  identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

-2-

c.  state separately the acts or omissions to act on the part of any
person (identifying the acts or omissions to act by stating their
nature, time, and place and identifying the persons involved) which
form any part of the party's information regarding the alleged facts
or legal conclusions referred to in the interrogatory; and

d.  state separately any other fact which forms the basis of the party's
information regarding the alleged facts or conclusions referred to
in the interrogatory.

## B.  Additional Definitions

1.  The term "Complaint" refers to the First Amended Class Action
Complaint filed in the U.S. District Court for the District of Massachusetts
on or about January 19, 2005, in the pending action *O'Donnell, et al. v.
Robert Half International Inc. & Robert Half Corp.*, Civil Action No. 04-
12719-NMG.

2.  The term "relating to" shall include, but shall not be limited to, referring
to, reflecting, bearing upon, pertaining to, being relevant to, and
connecting with the matter set forth.

3.  "Plaintiff," "you," or "your" as used herein refers to Plaintiff David
Jolicoeur, any consultants, experts, investigators, agents or other persons
acting on Plaintiff's behalf and, unless privileged, Plaintiff's attorneys.

4.  "RHI" as used herein refers to Defendant Robert Half International Inc.
and/or Defendant Robert Half Corporation, and any of their consultants,
employees, agents, subsidiaries, parent corporations, predecessors,
successors, or affiliates.

5.  "Staffing Professional" includes people holding the positions referred to in
the Complaint as "Staffing Managers," "Account Executives," and
"Account Managers" anywhere within the United States.

6.  The term "date" means the exact day, month and year if ascertainable or,
if not, the best approximation (including relationship to other events).

7.  Except where the context does not permit, the word "and" and the word
"or" shall be construed to mean "and/or," and except where the context
does not permit, words used in the singular shall be deemed to include the
plural. Words used in the plural shall, except where the context does not
permit, be deemed to include the singular. The masculine gender shall,
except where the context does not permit, be deemed to include the
feminine and neuter genders.

8.  All other terms and definitions are to be interpreted in their common,
ordinary sense.

C.    **Instructions**

1.    **Claims of Privilege.**  As to each document requested herein which is withheld by the Plaintiff under a claim of privilege or other rule protecting against disclosure, the Plaintiff is directed to identify the document as follows:

      a.    State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

      b.    Set forth the date of the document;

      c.    State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document;

      d.    Describe the type of document (e.g., memo, letter);

      e.    Describe the general subject matter of the document;

      f.    State the name and address of each present custodian of the document;

      g.    State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

2.    If Plaintiff knows of no documents which are responsive to a particular request, so state and identify such request.

3.    If any documents responsive to any request have been lost, mutilated, rendered illegible or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

4.    Any document responsive to any request should be identified as being responsive to the specific request involved.  If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

5.    Plaintiff is under the continuing duty and obligation to supplement his responses to these documents requests.

## DOCUMENTS REQUESTED

1.  All documents upon which you base your contention that persons who work or have worked as Staffing Professionals for RHI are entitled to overtime pay.

2.  All documents, including but not limited to any journals, lists, diaries, or notes, concerning or relating to the number of hours worked by you or any person who worked as a Staffing Professional for RHI between December 1, 2001 and the present.

3.  All calendars, datebooks, planners, schedulers, diaries, and personal organizers maintained by you for any period of time between December 1, 2001 and the present.

4.  All documents concerning any evaluation, whether formal or informal, of your job performance as a Staffing Professional.

5.  All documents concerning the job duties or responsibilities of any Staffing Professional who is or was employed by RHI at any time.

6.  All documents that describe your job responsibilities or work experience in connection with your employment at RHI, including but not limited to all resumes, letters, employment applications, faxes, and e-mails you have sent concerning your prospective employment with any employer during or after your employment at RHI.

7.  All copies of any documents in your personnel file at RHI obtained by you at any time.

8.  All documents, including but not limited to all e-mails, correspondence, and any communications, concerning any event or circumstance which you contend caused or contributed in any way to the injuries or damages you claim were suffered by you and/or those whom you contend are similarly situated to you in the Complaint.

-5-

9.  All documents concerning any policy or procedure of RHI, including but not limited to documents concerning leave, rest periods, meal periods, vacation, overtime, or any other personnel or employment policy or procedure of RHI.

10. All resumes and cover letters prepared by you or on your behalf that were sent to or prepared for the purpose of sending to any employer or prospective employer from July 1, 2002 to the present.

11. All documents concerning any time you spent away from RHI's offices for business or personal activities on any of the days of your employment with RHI.

12. All documents concerning any communications between you and any person concerning or relating to any allegation in your Complaint or any incidents, events, facts, or occurrences that support or relate to said allegations.

13. All documents concerning any communication involving you, your family or friends, any current or former RHI employee, their family or friends, or any other person (other than your counsel in this case) concerning the hours you worked as a Staffing Professional employed by RHI, your job responsibilities, your compensation, the hours worked by any Staffing Professional employed by RHI, the job responsibilities of any Staffing Professional employed by RHI, the compensation earned or received by any Staffing Professional employed by RHI, or any claims for overtime pay or other claims made by you in this lawsuit.

14. All documents concerning any communication involving you, any prospective or actual plaintiff in this case (whether identified or unidentified), any current or former RHI employee, the United States Department of Labor, any state department of labor, any other administrative

-6-

agency, or any other person (other than your counsel in this case) concerning the hours you worked as a Staffing Professional for RHI, your job responsibilities, your compensation, the hours worked by any Staffing Professional employed by RHI, the job responsibilities of any Staffing Professional employed by RHI, the compensation of any Staffing Professional employed by RHI, or any claims for overtime pay or other claims made by you in this lawsuit.

15. All notes and any other documents concerning your claims as alleged in the Complaint.

16. All documents concerning any other lawsuit, investigation, grievance, arbitration, or administrative action involving you, including without limitation all such lawsuits, investigations, grievances, arbitrations, and administrative actions in which you have been a plaintiff, defendant, complainant, respondent, claimant, witness, representative, or party.

17. All state and federal tax returns, including all schedules, forms, and supplemental data submitted to state and/or federal taxing authorities by you or on your behalf from January 1, 2002 to the present, as well as all documents used to prepare such returns, schedules and forms.

18. All documents provided to you by any person concerning the claims in the Complaint made on your behalf of yourself and/or on behalf of those who you claim to be similarly situated to you, including but not limited to declarations, written notes, journals, diaries, work diaries, daytimers, and personal calendars.

19. All documents concerning or relating to affidavits, declarations, or any other written statements prepared by or on behalf of persons other than yourself that relate to the claims and allegations in the Complaint.

-7-

20. All correspondence, statements, or notes from any witness, including any current or former employee, agent, contractor of RHI, relevant to this lawsuit or any allegation made in the Complaint.

21. All documents concerning your allegation in paragraph 15 of the Complaint that "Staffing Managers, Account Executives, and Account Managers regularly work in excess of forty (40) hours per week."

22. All documents concerning your allegation in paragraph 18 of the Complaint that "Defendants require Staffing Managers, Account Executives, and Account Managers, to make a certain number of telephone calls per day."

23. All documents concerning your allegation in paragraph 19 of the Complaint that "Defendants misclassify Staffing Managers, Account Executives, and Account Managers, as 'exempt' from the overtime compensation requirement of Massachusetts Wage Act and the FLSA."

24. All documents concerning your allegation in paragraph 21 of the Complaint that "Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis."

25. All documents concerning your allegation in paragraph 28 of the Complaint that "there are approximately one hundred (100) people in the FLSA Class and one hundred (100) people in the Massachusetts Class."

26. All documents concerning your allegation in paragraph 46 that RHI's alleged violations of the Fair Labor Standards Act were "repeated, willful and intentional."

-8-

27. All documents provided to or received from any expert witness or consultant in connection with your Complaint and any report and all other documents reviewed, prepared, edited, authored, or drafted by such expert witness or consultant.

28. All documents not already produced in response to the above requests that relate to, bear upon, or provide evidence concerning the matters and allegations in the Complaint.

29. All documents concerning any Staffing Professionals who are or were employed by RHI at any time.

30. All documents concerning RHI.

ROBERT HALF INTERNATIONAL INC. and
ROBERT HALF CORPORATION
By their Attorneys,

Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO# 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

DATED:  June 2, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was hand delivered to Shannon Liss-Riordan, Esq., an attorney of record for Plaintiffs on June 2, 2005.

Krista Green Pratt, Esq.

-9-

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IAN O'DONNELL, On Behalf of        )
Himself and all Others             )
Similarly Situated, et al.,        )
                    Plaintiffs,    )   CA No. 04-12719
                                   )
                                   )
vs.                                )
                                   )
                                   )
ROBERT HALF INTERNATIONAL,         )
INC., et al.,                      )
                    Defendants.    )


BEFORE:  THE HONORABLE NATHANIEL M. GORTON


SCHEDULING CONFERENCE



John Joseph Moakley United States Courthouse
Courtroom No. 4
One Courthouse Way
Boston, MA 02210
Friday, August 19, 2005
2:50 P.M.



Cheryl Dahlstrom, RPR, RMR
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3209
Boston, MA 02210
Mechanical Steno - Transcript by Computer

2

1    APPEARANCES:

2        PYLE, ROME, LICHTEN & EHRENBERG, P.C.
         By:  Alfred Gordon, Esq.
3        18 Tremont Street, Suite 500
         Boston, Massachusetts 02108
4        On behalf of the Plaintiffs.
         Also Present:  Steven Young, Esq.
5

6        SEYFARTH SHAW
         By:  Richard L. Alfred, Esq., and
7        Krista G. Pratt, Esq.
         Two Seaport Lane, Suite 300
8        Boston, Massachusetts 02210-2028
         On behalf of the Defendants.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1                  P R O C E E D I N G S

2          THE CLERK:  This is Civil Action 04-12719, Ian

3    O'Donnell vs. Robert Half International, et al.  Counsel please

4    identify themselves for the record.

5          MR. GORDON:  Alfred Gordon for the plaintiffs.  With

6    me is Steven Young, whose admission before this Court is

7    pending.

8          THE COURT:  Good afternoon, Mr. Gordon, and Mr. Young.

9          MR. ALFRED:  Richard Alfred from the firm of Seyfarth

10   Shaw.  With me, Krista Pratt, also with the firm Seyfarth Shaw,

11   for the defendants.

12         THE COURT:  Good afternoon to you, Mr. Alfred, and

13   Miss Pratt.

14         We are here not only on a scheduling conference but,

15   also, on the motion of the defendant to facilitate the 216(b)

16   notice or, in other words, to certify a class.  And it does

17   make sense to deal with that matter either before or at the

18   time of the scheduling conference because it will have a

19   dramatic impact on how the case proceeds, obviously.

20         As I understand it -- and you certainly are free to

21   correct me if I'm wrong -- the plaintiffs seek to certify a

22   class under Title 29 of the United States Code, Section 216,

23   which permits employee plaintiffs to represent similarly

24   situated employees in an action for violation of the Fair Labor

25   Standards Act.

4

1        And in this particular case, the plaintiffs allege

2    that their employer, or former employer -- I don't know which

3    -- but Robert Half International, is a staffing firm based in

4    California, that they are former staffing managers in the

5    Account Temps Division here in Boston.  And they allege that

6    the employer has deprived them of overtime pay to which they

7    are entitled even though they were improperly characterized as

8    exempt employees under the Fair Labor Standards Act.

9        The plaintiffs' claim is that they were

10   tightly-controlled telephone operators who had no discretion or

11   managerial authority and were, therefore -- should have been

12   treated as overtime eligible employees.

13       They filed a complaint at the end of last year

14   alleging violation of the state statute, which mandates payment

15   of overtime wages, and of the Fair Labor Standards Act under

16   the federal statute.  The defendant, Robert Half, removed to

17   this court; and then more recently, in May, the plaintiffs

18   filed to conditionally certify a proposed class, including all

19   current and former staffing managers, account executives or

20   account managers, employed in any state other than California

21   within the past three years, immediately preceding the filing

22   of the complaint.

23       The defendant has opposed that motion and contends

24   that the employees of the putative class are not similarly

25   situated, that there's no credible evidence that the members of

5

1    the putative class are interested in joining the suit, that

2    corrective treatment would be inefficient, and that the

3    plaintiffs aren't a proper representative of such class and

4    that notice -- that the notice form, in any event, was biased.

5    Do I basically have the matter in mind?

6        MR. ALFRED:  Your Honor, if I could say, there was an

7    agreement among counsel and then an order by the Court issued

8    on July 27, the day before my vacation, to continue the hearing

9    on the motion to facilitate notice.

10       And the reason that we requested that continuance was

11   that, in addition to the procedure, which I think is correct,

12   the defendants, after submitting their initial disclosures,

13   also served discovery, written -- document requests and

14   deposition notices on the plaintiffs, at least for the limited

15   purpose of deposing the plaintiffs on the issue of

16   substantially similar, whether they were substantially similar

17   to the class that they purport to represent.  We wanted to take

18   -- and we still do want to take -- those depositions before the

19   hearing on the motion to facilitate notice.

20       So because there was an issue about scheduling -- and,

21   in fact, that issue is expressed to us orally -- but there is

22   no motion for a protective order filed with the Court with

23   respect to any of that discovery, I couldn't take the

24   depositions while I was to be on vacation, and the schedule

25   didn't work for me to take them this week before this hearing.

6

1   So as of this moment, I think what we have addressed in our

2   submission to the Court on the status conference is --

3          THE COURT:  You mean on the scheduling conference?

4          MR. ALFRED:  I'm sorry, the scheduling conference --

5   thank you, your Honor -- is some discovery issues that relate

6   to the period of time before the hearing on the motion to

7   facilitate notice.  And then --

8          THE COURT:  Well, you've given me sort of open-ended,

9   you know, two months after, six months after, so on and so

10  forth, with respect to the scheduling conference, both sides.

11  You haven't been able to agree on what that ought to be, but

12  that's what I get from both of you.  Right?

13         MR. ALFRED:  Yes, but --

14         THE COURT:  So you're rising to say that we should not

15  be here on a scheduling conference?

16         MR. ALFRED:  No.  The scheduling conference is

17  scheduled.  That, we're here for.  The issue is whether or not

18  the Court will hear today the motion to facilitate notice.

19  That's the issue.

20         THE COURT:  Okay.  I wanted to get the matter off dead

21  center on to some sort of a scheduling format.

22         MR. ALFRED:  Agreed.

23         THE COURT:  And it is appropriate that we resolve this

24  issue of this conditional -- or whatever you want to call it --

25  certification.  And you have briefed those matters, both sides,

7

1   right?

2          MR. ALFRED:  That's correct, your Honor.

3          THE COURT:  The question that I had more for the

4   plaintiff than for you was whether there is any evidence or at

5   least sufficient evidence to determine at this stage that there

6   are similar -- that the putative class of plaintiffs are

7   similarly situated.  Mr. Gordon, what do you have to back that

8   up?  It doesn't seem like there's a lot that comes through to

9   me.

10         MR. GORDON:  The motion is supported by the affidavits

11  of the two plaintiffs regarding the work that they did for the

12  company, for the defendant.  The similarity -- their affidavits

13  also, I believe, address the similarity between what they do

14  and what other members of the putative class do as well.  I

15  hesitate to delve too deeply into argument out of deference to

16  the agreement that we reached with counsel.  I know counsel

17  wanted the opportunity to depose the plaintiffs in advance of

18  that.

19         THE COURT:  Well, I guess the first burden is on the

20  plaintiff to demonstrate to me that I -- that they have

21  sufficient evidence to justify a class certification of the

22  sort that you're asking for at this time.  And I don't see, at

23  least in my initial reading of your papers, that you have given

24  me sufficient cause to believe that the other folks that you

25  claim are part of your putative class are similarly situated.

1    And I really need to have you demonstrate to me or tell me

2    whether they are similarly situated with the employees who are

3    now staffing managers who do not work in Massachusetts or who

4    do not work for the Account Temps Division.

5        MR. GORDON:  Yes, your Honor.  Those issues, which

6    were, of course, brought up in the opposition to the

7    plaintiffs' motion to facilitate notice, have yet to be

8    addressed by the plaintiffs.

9        In an order -- or in a motion granted by this Court

10   back in May, when the parties had initially agreed that we

11   would be arguing the motion to facilitate at the same time we

12   did the scheduling conference, we had agreed that if the

13   plaintiffs needed to file a reply they would do so one week

14   prior to the -- to those arguments.  As we had put off the

15   issue of those arguments because the defendants wanted the

16   opportunity to depose the plaintiffs, we have yet to file that

17   reply.

18       I believe the reply would provide to the Court

19   indications of the similarities between the positions that

20   these individuals hold in the -- both within their job title

21   and across the other two job titles that are mentioned and then

22   across other divisions of the company.

23       THE COURT:  So you're expecting -- do I understand

24   that you're expecting that the depositions of your two

25   plaintiffs will be sufficient to demonstrate to the Court that

9

1   the other -- that the members of the putative class are

2   similarly situated?

3           MR. GORDON:  That, as of this time, as further

4   affidavits have not been taken and the depositions have not

5   been scheduled, I cannot say for sure today.

6           THE COURT:  How long do you think it's going to take

7   both parties to be in a position to offer this Court any

8   guidance with respect to the certification of this putative

9   class?  The minimum amount of time, let me put it that way.

10          MR. GORDON:  I believe that we could, within one

11  month's time, have all the information that's necessary to do

12  that, provided, of course --

13          THE COURT:  What about your response, Mr. Alfred?

14          MR. ALFRED:  Well, your Honor, given the Court's view

15  -- our view, actually, and the predicament that we were in,

16  was, we believe, as we said in our opposition, that the

17  plaintiffs haven't met their burden.  They haven't even come

18  close.  They're not even in themselves the FLSA putative class.

19  And we explained why, because the FLSA putative class excludes

20  Massachusetts individuals, and these two plaintiffs are

21  Massachusetts individuals.

22          THE COURT:  Why does it exclude?

23          MR. ALFRED:  There are two counts in the complaint,

24  your Honor.  Count 1 is under Massachusetts law, Chapter 151.

25  They're both wage-and-hour claims.  They're both substantively

10

1    about the same.  The Count 2 is the Fair Labor Standards Act

2    claim, and the Fair Labor Standards Act class, putative class,

3    carves out Massachusetts and California employees.  These two

4    individuals, these two individual plaintiffs, are Massachusetts

5    employees, so they're carved out of the Fair Labor Standards

6    Act class.

7         The position that we were in was, the plaintiff had

8    said months ago that they were going to file a reply.  Now,

9    they've had two months.  They haven't even filed a motion to

10   file a reply, let alone attempt to submit a reply.  We didn't

11   want to be effectively sandbagged a day or two before a hearing

12   on the motion for -- the motion to facilitate.

13        THE COURT:  Maybe I'm missing something.  You say

14   reply to what?

15        MR. ALFRED:  Reply to the opposition.

16        THE COURT:  I have your memorandum -- I have the

17   plaintiffs' memorandum in support of its motion to facilitate

18   and your memorandum in opposition.

19        MR. ALFRED:  Correct.  What we have not seen is the

20   reply or even a motion to the Court, asking leave of Court.

21        THE COURT:  For leave to file a reply to your

22   opposition?

23        MR. ALFRED:  Exactly, your Honor.  And what we've now

24   heard is that they intend to file some reply.

25        The reason we wanted to take the deposition, or have

11

1   the opportunity to take the deposition, really was connected to

2   whether or not we were going to see a reply.

3         And the only issue is, as the record stands today, the

4   plaintiffs clearly have not met their burden.  And so if the

5   Court is inclined to go forward and to rule on the motion --

6   consider the motion and rule on the motion on the present

7   record, because there's been no reply, we don't need to take

8   the plaintiffs' deposition.

9         THE COURT:  Put it this way:  I don't see that there's

10  enough that I have to establish this putative class.  On the

11  other hand, I'm not going to, at least at this stage, foreclose

12  the plaintiff from -- if they can tell me they can do it in a

13  relatively brief period of time -- making an effort to persuade

14  me that there is a putative class.

15        Now, Mr. Gordon says he can do it in one month.  On

16  the basis of what?  Are you going to take somebody's

17  deposition, Mr. Gordon?  Or are you just going to let the

18  defendant take your plaintiffs' deposition?

19        MR. GORDON:  I would have to consider that question

20  very carefully.  I don't believe that the depositions of the

21  plaintiffs would satisfy that, so there would be some other

22  discovery that we may have to engage in in order to do that,

23  although it may be that these plaintiffs have sufficient

24  information to establish the -- to meet the lenient standard

25  that this Court has adopted in these types of cases.  Hearing

1    what I'm hearing from the Court today --

2         THE COURT:  Well, the standard that I adopt -- and I

3    don't know whether anybody else has -- but in the Kane case,

4    which I think you're both familiar with, wasn't as lenient as

5    you might imagine.  It seems to me, that was quite a distinct

6    -- a distinguishing case from the one that you presented to me

7    so far.

8         MR. GORDON:  Then hearing what I'm hearing from the

9    Court today, it's incumbent on the plaintiffs to, in our reply,

10   have the opportunity to develop the record fully for your Honor

11   to address that.  I did want to note one thing.

12        THE COURT:  Why didn't you file a reply brief or at

13   least motion for leave to file one?

14        MR. GORDON:  The parties submitted a joint motion to

15   this Court on May 13, 2005, which this Court granted on the

16   17th.

17        THE COURT:  A joint motion?

18        MR. GORDON:  To postpone the scheduling conference and

19   extend the time for the defendants to oppose our notice.  And

20   in that joint motion, the parties noted that -- or suggested

21   that the plaintiffs be given an opportunity to file a reply

22   brief, if needed, one week prior to the scheduled arguments on

23   that brief which were to be scheduled at this time.

24        We made arrangements several weeks ago, after the

25   emergency motion was filed, an agreement among counsel that we

13

1    would not be arguing that motion today.  Therefore, we did not

2    file a reply brief at that time.

3            THE COURT:  I guess it's time to cut to the chase

4    here.  What I would propose to do is to give both sides 60 days

5    to address this issue.  And I'm going to give the defendants

6    the opportunity to take the plaintiffs' depositions with

7    respect to this issue, carving out anything else.  If it later

8    turns out the plaintiffs are not members of a class and are

9    going to go forward as individuals, then you will have reserved

10   to you the right to take their depositions with respect to the

11   merits but not with respect to this putative class issue.

12           MR. ALFRED:  Could I ask the Court one question, your

13   Honor?

14           THE COURT:  Yes.

15           MR. ALFRED:  It would be very helpful, I think, and it

16   would expedite the process, if we could have a deadline,

17   perhaps 30 days from today, for the plaintiffs to submit any

18   reply materials.  That will then inform us as to whether or not

19   we need to take the plaintiffs' depositions, because, as I said

20   to the Court, as the record stands today, we don't need to take

21   the plaintiffs' deposition.

22           THE COURT:  Any problem with that, Mr. Gordon?

23           MR. GORDON:  To the extent that we might need to

24   engage in some limited discovery from the defendants in order

25   to meet out burden, 30 days might not give us sufficient time.

14

1    THE COURT: All right. Here we go. On or before

2    September 30th, the plaintiffs will conduct any discovery they

3    believe they need to determine the similarity of the other

4    members of the putative class. That's the issue that is to be

5    resolved first.

6    Then the defendants will have until October 31st to

7    take any countermeasures of discovery, i.e., the depositions of

8    the plaintiffs, and to submit any other information that needs

9    to be submitted in connection with that issue.

10    Then we will -- we'll consider whatever submissions

11    are at the court by the end of October on this issue. And I

12    will schedule a hearing if I think one is necessary. If one is

13    not necessary, we don't need a hearing. But that will put us

14    into November until we can resolve the issue of the putative

15    class.

16    At that stage, if there is a putative class that is

17    certified, we will have a scheduling conference and determine

18    the dates on that occasion. Otherwise, if it's just to be the

19    two individual plaintiffs that are going to go forward, we can

20    have a -- either you can agree to a scheduling order and I'll

21    issue it, or we'll have to have another scheduling conference.

22    Any problem with that outline?

23    MR. ALFRED: No, your Honor. I think that's a fine

24    outline. It makes a lot of sense. The only thing that I would

25    ask is, we have had document requests outstanding. We served

15

1    them at the beginning of June.  They were due -- the responses

2    were due the beginning of July.  We haven't had any response.

3    We haven't had any --

4         THE COURT:  This is discovery only with respect to

5    this issue of putative class?

6         MR. ALFRED:  Well, many of the documents relate

7    directly to the putative class issue.

8         THE COURT:  Because the plaintiff actually was not

9    without some authority to avoid discovery before a scheduling

10   conference was held.  I mean, you could agree to exchange

11   discovery if you wish, but the way I interpret the rule is

12   that, before a scheduling conference is had, no discovery is

13   actually ripe.

14        Now, in this case you've submitted discovery with

15   respect to the issues that are now before the Court, and those

16   are ripe; and, therefore, Mr. Gordon will respond to those

17   written discovery pleadings forthwith --

18        MR. GORDON:  Yes, sir.

19        THE COURT:  -- so we don't have another problem 30 or

20   45 days from now.  But that doesn't mean that discovery on the

21   merits of the claim are to be going forward at this time.

22        MR. ALFRED:  I have no problem with that, your Honor.

23   Could your Honor also schedule a date by which -- I would

24   suggest I think what we're talking about was the end of

25   September, September 30.

16

1          THE COURT:  For?

2          MR. ALFRED:  For a reply memorandum from the

3    plaintiffs.

4          THE COURT:  So that any response to your discovery on

5    this limited issue and a reply to your opposition to the

6    certification --

7          MR. ALFRED:  Would be due --

8          THE COURT:  -- will be due on or before September

9    30th.

10         MR. GORDON:  Thank you, your Honor.

11         MR. ALFRED:  Thank you, your Honor.

12         THE COURT:  Is there anything I've left undone that I

13   should have scheduled that I can't --

14         MR. ALFRED:  Could we also have the opportunity, by

15   October 31, to file sur reply if we need to, given the

16   discovery?

17         THE COURT:  Well, as long as both of these briefs are

18   limited to ten pages or less.

19         MR. ALFRED:  Both briefs, fine.

20         THE COURT:  Ten pages or less.  I have enough to read

21   without that.

22         MR. ALFRED:  Understood, your Honor.

23         THE COURT:  And this means that the matter will be

24   submitted to me as of October 31st on the question of whether

25   or not to certify the class, right?

17

1          MR. ALFRED:  Yes, your Honor.

2          THE COURT:  Does it make sense, while we're here, to

3     try to rough out a scheduling order in both events, i.e., one,

4     I certify a class; two, I don't?

5          MR. ALFRED:  Your Honor, there are so many variables.

6     For example, if you don't certify a class, will the Court

7     retain supplemental jurisdiction over the Massachusetts state

8     law claim?  The Massachusetts state law claim is pleaded as a

9     Rule 23 class action.

10          If the Court decides at that point not to exercise

11     supplemental jurisdiction and remands the case to state court,

12     then we have two plaintiffs.  We can do discovery very quickly.

13     If the Court retains that state law claim, then we have a very

14     different animal.

15          THE COURT:  All right.  I hear you, and I think it

16     perhaps makes sense to cross that bridge when we get there.

17     Any problem with that, Mr. Gordon?

18          MR. GORDON:  No problem with that.  Your Honor, I did

19     have one other point that I needed to at least address.  The

20     scheduling for this date, through no fault of anyone, really

21     got pushed and pushed and pushed.  Now we're putting together a

22     time frame, a rapid one but a time frame, pushing this even

23     further out.

24          Of course, the rules -- 216(b) certification

25     requirements, they're done rather quickly in order to alleviate

18

1   the fact that the Statute of Limitations does not hold upon the

2   filing of a claim.  The plaintiffs would, therefore, have to

3   ask if there's any way to toll the Statute of Limitations as we

4   wrench through the remainder of this discovery process on this

5   issue.

6         THE COURT:  You mean for other members of the

7   putative --

8         MR. GORDON:  For anyone who might opt in, yes, your

9   Honor.

10         THE COURT:  Well, what is the -- three-year statute?

11         MR. GORDON:  Three years for a claim of willful -- a

12   willful violation, two years for a non-willful violation.

13         THE COURT:  Any problem with tolling the statute from

14   this date forward, Mr. Alfred?

15         MR. ALFRED:  Yes, your Honor.  We can't agree to that.

16   I find it interesting.  The case was filed the end of December.

17   It was brought by two named plaintiffs.  There have been,

18   atypical of these kinds of cases -- and we do quite a few of

19   them.  There have been no opt-ins whatsoever, none at all.

20   People are free to opt in and, immediately, by opting in, toll

21   the Statute of Limitations.

22         Plaintiffs were free -- although we had an agreement

23   they could have up till a week before an argument to file a

24   reply, they were free to file a reply at any time.  They had

25   lots of time.  They didn't file the motion to certify,

19

1    essentially, to conditionally certify the class or to

2    facilitate notice, until months, six months, after they filed

3    the initial lawsuit.

4            So the situation that they're in, and the time frame

5    that we're talking about, doesn't seem to be unreasonable

6    given, first, the continuing right the people have to opt in

7    should they so desire and the plaintiffs' own conduct of the

8    case and the schedule that the plaintiffs have followed.

9            Had plaintiffs filed a reply and had we known today

10   that the issues that they were putting before the Court were no

11   closer to establishing that they were -- that the plaintiffs

12   were substantially similar to the putative class, we would be

13   able today to go forward with the motion because we wouldn't

14   need to do any discovery.

15           So the discovery that's -- that they now say they want

16   to do, which is a 180-degree reversal of their prior

17   position -- because they previously said absolutely no

18   discovery before the hearing on the motion to facilitate

19   notice -- wouldn't be necessary if they had --

20           THE COURT:  All right.  Mr. Gordon, if you feel that

21   you need this, you can file a motion and I'll consider it, but

22   -- I'm not encouraging you to do that, but I'm not going to

23   deal with it today.

24           Anything else that needs to come to my attention in

25   this regard?

20

1          MR. ALFRED:  No, your Honor.

2          THE COURT:  Thank you, counsel.

3     (Whereupon, at 3:16 p.m. the hearing concluded.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21

1                    C E R T I F I C A T E

2

3

4       I, Cheryl Dahlstrom, RPR, RMR, and Official Reporter

5 of the United States District Court, do hereby certify that the

6 foregoing transcript, from Page 1 to Page 20, constitutes, to

7 the best of my skill and ability, a true and accurate

8 transcription of my stenotype notes taken in the matter of

9 Civil Action No. 04-12719, Ian O'Donnell, et al vs. Robert Half

10 International, et al.

11

12

13

14

15

16      *Cheryl Dahlstrom*

17      Cheryl Dahlstrom, RPR, RMR

18      Official Court Reporter

19

20

21

22

23

24

25

**Pratt, Krista**

| | |
|---|---|
| **From:** | Pratt, Krista |
| **Sent:** | Friday, October 21, 2005 12:42 PM |
| **To:** | 'Steve Young' |
| **Subject:** | O'Donnell v. RHI |

Steve: Just to confirm our conversation yesterday, RHI will not assent to plaintiffs' request to amend the complaint. The case has been pending for nearly a year, and RHI has already expended considerable resources in responding to the plaintiffs' premature motion to facilitate notice to putative class members. During our conversation yesterday, I also inquired about the plaintiffs' long overdue responses to RHI's discovery requests. As you know, Judge Gorton, during the August 19 scheduling conference, specifically instructed plaintiffs to respond to the discovery "forthwith." To date, we have not received any response to that discovery. Please consider this our formal request pursuant to Local Rule 37.1 for a discovery conference, and advise as to when you anticipate serving plaintiffs' responses to the written discovery.
Thanks,
Krista

Krista Green Pratt, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4850
(617) 946-4801 (fax)
kpratt@seyfarth.com