UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL and DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION<br><br>Defendants. | CIVIL ACTION NO.: 04-12719 NMG |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs seek leave to amend their complaint in this matter in order to add an additional lead plaintiff and to allege new facts in support of a further theory of Defendants' liability for failure to pay overtime pay as required under the FLSA, namely that Defendants classified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA despite Defendants' violation of the "salary basis" test.  The amended complaint contends that a broader class of employees has been affected by the defendants' violation under this theory.  This class includes all employees whom Defendants have designated as exempt within the statutory period.

**I.    BACKGROUND**

This case is still at an early stage – the Court has not yet ruled on Plaintiffs' motion for conditional certification, and only initial paper discovery has been conducted,

so no prejudice to either party will result from granting this motion. Plaintiffs filed their original complaint in December 2004, and Defendants removed the action to this Court that same month. Shortly thereafter, in January 2005, Plaintiffs filed a First Amended Complaint. The current complaint alleges that Defendants violated the "duties" test for exemption from the overtime pay requirements of the FLSA, and the Second Amended Complaint adds facts supporting Plaintiffs' new allegation that Defendants violated the "salary basis" test required for exemption. The Second Amended Complaint also adds an additional lead plaintiff.

Plaintiffs obtained Defendants' initial disclosures in June 2005 and have determined that these disclosures provide evidence of Defendants' violation of the "salary basis" test, which provides a further theory of Defendants' liability for overtime pay to all their exempt employees, including Plaintiffs and all those similarly situated, for whom Defendants claimed an improper exemption from the overtime pay requirements of the FLSA. Accordingly, Plaintiffs now seek leave to allege new facts and this further theory of liability based on research and examination of Defendants' initial disclosures performed subsequent to Plaintiffs' filing of their First Amended Complaint.

## II. ARGUMENT

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to file an amended complaint "shall be freely given when justice so requires." A motion to amend shall be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the … parties." 6A Charles Wright and Arthur Miller Federal Practice and Procedure s. 1504 (1990). "The default rule mandates that

leave to amend is to be 'freely given when justice so requires,' [Fed. R. Civ. P. 15(a)], unless the amendment 'would be futile, or reward, inter alia, undue or intended delay.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)).

In this case, allowing Plaintiffs to amend their complaint to allege new facts and a further theory of Defendants' overtime liability under the FLSA and to allege that the class of those similarly situated to Plaintiffs includes all employees of Defendants who were subject to Defendants' policies that violate the "salary basis" test will promote the economic and just disposition of this controversy, since it will be more efficient for all current and former employees of Defendants who have claims against the defendants under the FLSA to resolve their claims in this action instead of having to file another action on behalf of all exempt employees of Defendants based on this further theory.[1]

In addition, allowing the amendment will not cause undue delay.  This case is still at a very early stage, as the Court has not yet ruled on conditional certification for the purpose of sending opt-in notice to potential class members.  Further, the Second Amended Complaint will enable the Court to consider the plaintiffs' new request for conditional certification in conjunction with their original request.

Plaintiffs have a strong basis for advancing a further theory of Defendants' liability under the FLSA based on Defendants' violation of the "salary basis" test.  The standard for denying exempt status for a violation of the "salary basis" test "is met … if there is either an actual practice of making [improper] deductions or an employment

---

[1] If this motion were not allowed, then the Plaintiffs would have to file a separate lawsuit containing the allegations of Defendants' violation of the "salary basis" test.  That case would be assigned to this judge as a related case.  Thus, as a practical matter, these claims will be heard together, and it would be most efficient for them to be resolved as part of the same lawsuit.

3

policy that creates a 'significant likelihood' of such deductions." Auer v. Robbins, 519 U.S. 452, 461 (1997).  In this case, as set forth in more detail in the accompanying Second Amended Complaint, the information provided in the Defendants' initial disclosures already provides substantial evidence showing that Plaintiffs' allegations regarding Defendants' policies meet this standard.  Thus, the plaintiffs submit that rather than causing any delay, the proposed amended complaint will permit the Court to rule on conditional certification at once (for the reasons described in Plaintiffs' Renewed Motion to Facilitate 216(b) Notice), without the need for the parties to engage first in further discovery on this new theory.

Given the liberal standard for amending a complaint under Rule 15(a), Plaintiffs' motion to amend the complaint should be granted unless Defendants can show that allowing it would be futile, reward undue delay, or unduly prejudice the defendants. Steir v. Girl Scouts, 383 F.3d at 12; 6A Charles Wright and Arthur Miller Federal Practice and Procedure s. 1504 (1990).  Plaintiffs' proposed amendment is not futile, as it advances a credible theory of relief under the FLSA[2], and it will not unduly reward delay or prejudice the defendants.  Therefore, Defendants cannot show any of the aforementioned reasons for disallowing the amended complaint, and the Court should allow the motion.

---

[2] As set forth in further detail in Plaintiffs' Second Amended Complaint and Renewed Motion to Facilitate 216(b) Notice, Defendants' policies violate the "salary basis" test because they require salaried employees to take full-day deductions from paid leave for partial-day absences while also subjecting them to deductions from their final paychecks for paid leave that was taken but unearned at termination. Defendants' policies also require exempt employees to take partial-day deductions from paid leave and/or to take full days off when they are ready, willing, and able to work partial days, and thus to take deductions from paid leave for absences occasioned by the employer.  Plaintiffs have sufficient evidence to meet their lenient burden at this stage of the proceedings and will flesh out this new theory through further discovery and information from new opt-in class members after notice to the class has issued.

WHEREFORE, Plaintiffs respectfully request leave to file the accompanying Second Amended Complaint.

Respectfully submitted,

IAN O'DONNELL and DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,

By their attorneys,

_s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG,
& LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated: November 30, 2005

## CERTIFICATE OF CONFERENCE

On October 20, 2005, I conferred with Krista G. Pratt, Esq., counsel for Defendants, and she stated that Defendants would not assent to Plaintiffs' Motion to Amend Complaint.

_s/Stephen Young_____
Stephen Young, BBO #662914