## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR, and STACEY MOORE, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION )<br><br>Defendants. ) | CIVIL ACTION NO.: 04-12719 NMG<br><br>JURY DEMANDED |

### PLAINTIFFS' SECOND AMENDED COMPLAINT

Now come Plaintiffs, for themselves and all others similarly situated and allege the following upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over the overtime claims pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer … in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Consent to sue forms for Plaintiffs Ian O'Donnell and David Jolicoeur were filed with Plaintiffs' First Amended Complaint, and a consent to sue form for Plaintiff Stacey Moore is attached to this Second Amended Complaint as Exhibit A.

2.  This Court also has general federal question jurisdiction pursuant to 28 U.S.C. §1331, the federal statute in question being the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §252.

3.  This Court has supplemental, pendant, and/or ancillary jurisdiction pursuant to 29 U.S.C. §1367(a) over the state law claims for overtime, minimum wages, and deductions from pay for uniforms because these claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy, i.e., these claims involve the same parties, arise out of the same pay practices at issue in this case, and involve similar issues of proof of exempt or non-exempt status.

4.  Venue is proper in the United States District Court of Massachusetts because Defendants conduct business in Massachusetts and many of the acts complained of herein happened in or around Boston.

## BACKGROUND AND PARTIES

5.  Plaintiffs Ian O'Donnell, David Jolicoeur, and Stacey Moore, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Robert Half International, Inc., a Delaware corporation, and Robert Half Corporation, a Nevada corporation (collectively "RHI" or "Defendants").

6.  For at least the past three years, Defendants have willfully failed to pay Plaintiffs and all other persons employed by them as Staffing Managers, Recruiting Managers, Account Executives, and Account Managers throughout the United States time and one-half their regular rates of pay for all hours worked in excess of forty per week, despite

the defendants' violation of the "duties" test mandated under the FLSA and Massachusetts Wage Act for exempt status.

7.  In addition, for at least the past three years, Defendants have willfully failed to pay Plaintiffs and all other persons employed by Defendants within the United States in positions classified by Defendants as "Exempt" positions ("Salaried Employees") time and one-half their regular rates of pay for all hours worked in excess of forty per week, despite the defendants' violation of the "salary basis" test mandated under the FLSA and Massachusetts Wage Act for exempt status.

8.  This Complaint is brought by Plaintiffs on their own behalf and on behalf of all persons who are or have been employed by Defendants as Staffing Managers, Recruiting Managers, Account Executives, or Account Managers and on behalf of all persons who are or have been employed by Defendants as Salaried Employees, who have not been paid overtime owed to them for the applicable class period, defined herein.

9.  Plaintiffs seek certification as a class of (i) all Staffing Managers, Recruiting Managers, Account Executives, and Account Managers employed within Massachusetts within the last two (2) years immediately preceding the filing of the Complaint, pursuant to Federal Rule of Civil Procedure 23 and Mass. Gen. L. c. 151 §§ 1A and 1B (the "Massachusetts Duties Class"); and (ii) all Staffing Managers, Recruiting Managers, Account Executives, and Account Managers employed within the United States, with the exception of California, within the last three (3) years immediately preceding the filing of the Complaint, pursuant to 29 U.S.C. §216(b) (the "FLSA Duties Class").

10.  In addition, Plaintiffs seek certification as a class of (i) all Salaried Employees employed within Massachusetts within the last two (2) years immediately preceding the filing of the Complaint, pursuant to Federal Rule of Civil Procedure 23 and Mass. Gen. L. c. 151 §§ 1A and 1B (the "Massachusetts Salary Basis Class"); and (ii) all Salaried Employees employed within the United States, with the exception of California, within the last three (3) years immediately preceding the filing of the Complaint, pursuant to 29 U.S.C. §216(b) (the "FLSA Salary Basis Class").

11. Plaintiff Ian O'Donnell is an individual who resides at 27 Willow Drive, Easton, Pennsylvania.  O'Donnell worked as a Staffing Manager in Defendants' Danbury, Connecticut, and Westboro and Boston offices from January 2002 until August 2003.

12. Plaintiff David Jolicoeur is an individual who resides at 195 Park Drive, Easton, Pennsylvania.  Jolicoeur worked as an Account Executive in Defendants' Boston office from June 2002 until August 2003.

13. Plaintiff Stacey Moore is an individual who resides at 69-81 108th Street, Forest Hills, New York.  Moore worked as an Account Manager in the Creative Group division in Defendants' Boston office from May 2003 until February 2004.

14. Defendant Robert Half International, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.

15. Defendant Robert Half Corporation is a Nevada corporation with its principal place of business in Menlo Park, California.

16. According to their own website, Defendants are the first and largest specialized staffing firm, with over 300 offices worldwide, and 5 offices in Massachusetts.

17. Defendants are individually, jointly and severally liable as the employer of Plaintiffs and Plaintiff class members because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours or working conditions of Plaintiffs and Plaintiff class members.  Plaintiffs and Plaintiff class members are informed and believe, and based thereon allege that at all relevant times herein, each Defendant was the agent and employee of its co-defendants, and in doing the things alleged in this Complaint was acting within the course and scope of that agency and employment.

## FACTUAL ALLEGATIONS

### A.  Facts Demonstrating Defendants' Violation of the "Duties" Test

18. Defendants pay Staffing Managers, Recruiting Managers, Account Executives, Account Managers, and other Salaried Employees on a salary basis.  The amount of their pay does not depend upon the number of hours they worked in a given workweek. Staffing Managers, Recruiting Managers, Account Executives, Account Managers, and other Salaried Employees regularly work in excess of 40 hours per week.

19. The primary job duty of Staffing Managers, Recruiting Managers, Account Executives, and Account Managers is to make sales calls from Defendants' regular place of business.  They spend the majority of their time at work telephoning companies to inquire about their staffing needs and make a "sales pitch" regarding Defendants' personnel placement services.  Staffing Managers, Recruiting Managers, Account Executives, and Account Managers call preexisting RHI clients and make "cold calls" to potential new customers in particularized industries, at the direction of RHI.

20. Almost all this work was done at the employers' place of business, and therefore, Plaintiff and Plaintiff class members were not engaged in "outside sales" as that term is defined by the Fair Labor Standards Act.

21. Defendants require Staffing Managers, Recruiting Managers, Account Executives, and Account Managers to make a certain number of telephone calls per day.  The required numbers of daily sales calls varies by division, but at all relevant times, Plaintiffs were required to make between 25 and 30 sales calls per day.

22. Defendants misclassify Staffing Managers, Recruiting Managers, Account Executives, and Account Managers as "exempt" from the overtime compensation requirement of Massachusetts Wage Act and the FLSA.

23. The primary duty of Staffing Managers, Recruiting Managers, Account Executives, and Account Managers is not the performance of office or non-manual work directly related to the management or general business operations of Defendants or Defendants' customers.

24. The primary duty of Staffing Managers, Recruiting Managers, Account Executives, and Account Managers does not include the exercise of discretion and independent judgment with respect to matters of significance.  Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis.

25. The primary duty of Staffing Managers, Recruiting Managers, Account Executives, and Account Managers does not include managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

26. Staffing Managers, Recruiting Managers, Account Executives, and Account Managers do not customarily and regularly direct the work of at least two or more other full-time employees.

27. Staffing Managers, Recruiting Managers, Account Executives, and Account Managers do not have the authority to hire or fire other employees, nor are their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

28. The primary duty of Staffing Managers, Recruiting Managers, Account Executives, and Account Managers does not include the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

### B.  Facts Demonstrating Defendants' Violation of the "Salary Basis" Test

29.  Defendants have prepared an employee handbook to acquaint their employees with their policies and benefits, and they provide their employees with this employee handbook as a reference guide to their employment policies and procedures.

30.  The Employee Handbook sets forth "Employee Classifications" which determine whether Defendants' employees are paid on a salary basis and affect their eligibility for overtime payments and employee benefits.  One of these classifications is defined as follows:  "Exempt Employees are employees in positions which are exempt from legal overtime pay requirements.  Exempt employees are expected to work whatever hours are necessary to do their jobs properly."

31.  The Employee Handbook sets forth Defendants' "CHOICE Time Off (CTO)" policies, which provide their employees with paid time away from the job for vacation,

outside activities, illness, personal business, and family matters and which explicitly apply to both "Exempt and Non-Exempt" employees of Defendants.

32.  Pursuant to Defendants' CTO policies set forth in the Employee Handbook, Defendants' Exempt and Non-Exempt employees may take CTO before it is actually earned, but if an employee's employment ends before his or her used CTO has been earned, the unearned CTO time "will be owed back to [Defendants] and deducted from the final paycheck or other amounts payable to the employee."

33.  Pursuant to Defendants' CTO policies set forth in the Employee Handbook, "[t]o the extent that an exempt employee has personal business that results in an absence from work of more than 2 hours, [Defendants'] practice is that the day will be considered a full day of CTO."

34.  Pursuant to Defendants' CTO policies set forth in the Employee Handbook, a Salaried Employee who works a partial day on which he or she is absent from work for more than two hours for personal reasons would have to record and deduct a full day, or eight hours, of CTO for payroll records, and such deductions for partial day absences would be subject to reduction from employees' final paychecks if they have negative CTO balances, in violation of the FLSA's "salary basis" test.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

35. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring Count I as a true class action (also commonly referred to as an "opt-out" class) for violation of the Massachusetts Wage Act, on behalf of themselves, on behalf of the general public, and on behalf of all persons similarly situated within the class of Staffing Managers, Recruiting Managers, Account Executives, and Account Managers (the "Massachusetts

Duties Class"), as well as the class of all other Salaried Employees (the "Massachusetts Salary Basis Class"), employed by Defendants in any of their divisions within the Commonwealth of Massachusetts within two (2) years of the filing of the Complaint until entry of judgment after trial.

36. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring Count II as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves, on behalf of the general public, and on behalf of all persons similarly situated within the class of Staffing Managers, Recruiting Managers, Account Executives, Account Managers (the "FLSA Duties Class"), as well as the class of all other Salaried Employees (the "FLSA Salary Basis Class"), employed by Defendants in any of their divisions in the United States, with the exception of California, within three (3) years of the filing of this Complaint until entry of judgment after trial.

37. Plaintiffs are informed and believe, and based thereon allege that there are at least one hundred (100) people in each of the FLSA Duties Class, FLSA Salary Basis Class, Massachusetts Duties Class, and Massachusetts Salary Basis Class. The actual number of members in each subclass is readily ascertainable by a review of Defendants' records through appropriate discovery.

38. The persons in each of the four subclasses are so numerous that joinder is impracticable and would involve hundreds of actions. Disposition of these claims in a class or collective action rather than in individual actions will benefit the parties and the Court.

39. There is a well-defined community of interest in the questions of law and fact affecting each class as a whole.

40. Proof of a common or single set of facts will establish the right of each member of both classes to recover.  These common questions of law and fact predominate over questions that affect only individual class members.  Plaintiffs' claims are typical of those of the members of each subclass.

41. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy.  Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action.  This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption, and 3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

42. Plaintiffs will fairly and adequately represent the interests of each subclass and have no interests that conflict with or are antagonistic to the interests of the other class members.

43. Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class members in each subclass.

44. There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by class members of the four subclasses will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY STATUTORILY MANDATED WAGES
### (Violation of Massachusetts General Laws Chapter 151 §§1A and 1B)
### (Against All Defendants)

45. Plaintiffs repeat the allegations set forth in paragraphs 1 through 44 as if each were separately and completely set forth herein.

46. Mass. Gen. Laws Ch. 151 §1A provides that non-exempt employees must receive "compensation for [their] employment in excess of forty hours at a rate not less than one and one half times the regular rate at which [they are] employed."

47. Mass. Gen. Laws Ch. 151 §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151 §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

48. By their conduct as set forth herein, Defendants violated Mass. Gen. Laws. Ch. 151 §1A by failing to pay Plaintiffs and the Massachusetts Duties Class and the Massachusetts Salary Basis Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours in a workweek.

49. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and Massachusetts Duties Class and Massachusetts Salary Basis Class members have been damaged in that they have been deprived of overtime pay in amounts to be proven at trial.

50. Defendants' policy and practice of treating Plaintiffs and Massachusetts Duties Class members as exempt employees violate the Massachusetts Wage Act's "duties" test because Defendants fail to pay Staffing Managers, Recruiting Managers, Account

Executives, and Account Managers despite requiring employees in these positions to perform duties that do not qualify for any exemption from the Massachusetts Wage Act's overtime-pay requirements.

51. Defendants' CTO policies, as described above, violate the Massachusetts Wage Act's "salary basis" test by requiring Plaintiffs and Salaried Employees who work a partial day and are absent from work for personal reasons for more than two hours either to take a full day of CTO and receive no regular pay for their hours worked or to take a partial-day deduction in CTO hours which could then be deducted from Salaried Employees' final paychecks.

52.  Defendants' CTO policies, as described above, also violate the "salary basis" test by requiring Salaried Employees who are ready, willing, and able to work for partial days to stay away from work in order to comply with Defendants' policies that Salaried Employees may only take deductions from CTO in full-day increments.  These full-day deductions from employees who would have worked for partial days constitute deductions from salary for "absences occasioned by the employer," and therefore, Salaried Employees subject to Defendants' CTO policies are "not paid on a salary basis," as required by the Massachusetts Wage Act.

53. At all relevant times, Defendants were aware of the CTO policies imposed upon and the duties performed by the Plaintiffs and the Massachusetts Duties Class and the Massachusetts Salary Basis Class.  Defendants were also fully aware that their CTO policies and the duties of Plaintiffs and the Massachusetts Duties Class and Massachusetts Salary Basis Class members were inconsistent with exempt status, and

that such persons were and are not exempt from the overtime provisions of Mass. Gen. Laws Ch. 151 §1A.

54. At all relevant times, Defendants acted willfully with respect to their failure to pay Plaintiffs and Massachusetts Duties Class and Massachusetts Salary Basis Class members overtime pay and their corresponding violation of state and federal overtime laws.

WHEREFORE, Plaintiffs and Massachusetts Duties Class and Massachusetts Salary Basis Class members demand judgment against Defendants for three times their unpaid overtime compensation, plus reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

**COUNT II: FAILURE TO PAY STATUTORILY MANDATED WAGES**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219)**
**(Against All Defendants)**

55. Plaintiffs repeat the allegations set forth in paragraphs 1 through 54 as if each were separately and completely set forth herein.

56. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiffs and the FLSA Duties Class and FLSA Salary Basis Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek.

57. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and FLSA Duties Class and FLSA Salary Basis class members have been deprived of overtime pay in amounts to be proven at trial.

58. Defendants' policy and practice of treating Plaintiffs and FLSA Duties Class members as exempt employees violate the FLSA's "duties" test because Defendants

fail to pay overtime to Staffing Managers, Recruiting Managers, Account Executives, and Account Managers despite requiring employees in these positions to perform duties that do not qualify for any exemption from the FLSA's overtime-pay requirements.

59. Defendants' CTO policies, as described above, violate the FLSA's "salary basis" test by requiring Salaried Employees who work a partial day and are absent from work for personal reasons for more than two hours either to take a full day of CTO and receive no regular pay for their hours worked or to take a partial-day deduction in CTO hours which could then be deducted from Salaried Employees' final paychecks.

60. Defendants' CTO policies, as described above, also violate the "salary basis" test by requiring Salaried Employees who are ready, willing, and able to work for partial days to stay away from work in order to comply with Defendants' policies that Salaried Employees may only take deductions from CTO in full-day increments. These full-day deductions from employees who would have worked for partial days constitute deductions from salary for "absences occasioned by the employer," and therefore, Salaried Employees subject to Defendants' CTO policies are "not paid on a salary basis," as required by the FLSA.

61. At all relevant times, Defendants were aware of the CTO policies imposed upon and the duties performed by the Plaintiffs and the FLSA Duties Class and the FLSA Salary Basis Class. Defendants were also fully aware that their CTO policies and the duties of Plaintiffs and the FLSA Duties Class and FLSA Salary Basis Class members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

62. Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

WHEREFORE, Plaintiffs and FLSA Duties Class and FLSA Salary Basis Class members demand judgment against Defendants for the unpaid balance of overtime compensation, plus an equal amount as liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Plaintiff Massachusetts Duties Class, Massachusetts Salary Basis Class, FLSA Duties Class, and FLSA Salary Basis Class members demand judgment against Defendants as hereinafter set forth, including, *inter alia*:

(a)   Declare Count I of this action to be maintainable as a class action on behalf of Plaintiffs and the Massachusetts Duties Class and the Massachusetts Salary Basis Class, pursuant to Fed. R. Civ. P. 23;

(b)   Declare Count II of this action to be maintainable as a collective action on behalf of Plaintiffs and the FLSA Duties Class and the FLSA Salary Basis Class, pursuant to 29 U.S.C. §216(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by it as Staffing Manager, Recruiting Manager, Account Executive, Account Manager, and all other Salaried Employees, during the FLSA Class Period, including the last known address and telephone number of each person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(c)   Determine the damages sustained by Plaintiffs and FLSA Duties Class and FLSA Salary Basis Class members as a result of Defendants' violations of 29 U.S.C. §216(b), and award those damages against Defendants and in favor of Plaintiffs and all members of the FLSA Duties Class and the FLSA Salary Basis Class, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(d)     Award Plaintiffs and FLSA Duties Class and FLSA Salary Basis Class
        members their costs and disbursements of this suit, including without
        limitation, reasonable attorneys', accountants' and experts' fees;

(e)     Grant Plaintiffs and FLSA Duties Class and FLSA Salary Basis Class
        members such other and further relief as the Court may deem just and
        proper;

(f)     Determine the damages sustained by Plaintiffs and Massachusetts Duties
        Class and Massachusetts Salary Basis Class members as a result of
        Defendants' violations of Mass. Gen. Laws. Ch. 151, and award those
        damages against Defendants in favor of Plaintiffs and Massachusetts
        Duties Class and Massachusetts Salary Basis Class members, plus treble
        damages pursuant to Mass. Gen. Laws Ch. 151 §§1A and 1B, and such
        pre-judgment interest as may be allowed by law;

(g)     Award Plaintiffs and Massachusetts Duties Class and Massachusetts
        Salary Basis Class members their costs and disbursements of this suit,
        including without limitation, reasonable attorneys', accountants' and expert
        fees; and

(h)     Grant Plaintiffs and Massachusetts Duties Class and Massachusetts
        Salary Basis Class members such other and further relief as the Court
        may deem just and proper.

                        Respectfully submitted,
                        IAN O'DONNELL, DAVID JOLICOEUR, and
                        STACEY MOORE, on behalf of themselves
                        and all others similarly situated,

                        By their attorneys,


                         s/Shannon Liss-Riordan
                        Shannon Liss-Riordan, BBO #640716
                        Stephen Young, BBO #662914
                        PYLE, ROME, LICHTEN, EHRENBERG,
                        & LISS-RIORDAN, P.C.
                        18 Tremont Street, 5th Floor
                        Boston, MA 02108
Dated:  November 30, 2005        (617) 367-7200