UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION <br><br> Defendants. | CIVIL ACTION NO.  04-CV-12719 NMG |

### DEFENDANTS' MOTION TO STAY PLAINTIFFS' "RENEWED" MOTION TO FACILITATE § 216(b) NOTICE

Defendants Robert Half International Inc. and Robert Half Corporation (together, "Defendants" or "RHI"), hereby move to stay Plaintiffs' Renewed Motion to Facilitate § 216(b) Notice ("Renewed Motion to Facilitate") pending the Court's ruling on Plaintiffs' Motion to Amend Complaint ("Motion to Amend").  Plaintiffs filed both the Renewed Motion to Facilitate and the Motion to Amend on November 30, 2005, in an abusive effort to forestall this Court's ruling on the Plaintiffs' original Motion to Facilitate § 216(b) Notice ("Motion to Facilitate"), filed on May 11, 2005, and now fully and substantially briefed by both parties.  Defendants are entitled to a ruling on the original Motion to Facilitate, and this Court should not condone Plaintiffs' desperate, and futile, attempt to avoid an adverse decision with a strategically-timed Motion to Amend and Renewed Motion to Facilitate.  The Court should, therefore, deny Plaintiffs' Renewed Motion to Facilitate out of hand.  Since the arguments contained in the Renewed Motion to Facilitate depend in part on the new allegations in Plaintiffs' Second Amended Complaint, and leave to amend has not been granted by the Court, the Renewed

Motion is premature. Accordingly, unless the Court denies the Renewed Motion to Facilitate without the need for further briefing by RHI,[1] Defendants request that the Court stay its decision on that Motion until after it has ruled on Plaintiffs' Motion to Amend.

## BACKGROUND

Plaintiffs initiated this action by filing a complaint on December 1, 2004. Before Defendants responded to their initial complaint, Plaintiffs filed their First Amended Complaint on January 19, 2005, alleging that RHI failed to pay its Staffing Managers, Account Executives, and Account Managers overtime compensation in violation of federal and Massachusetts law. Defendants filed their Answer to the Amended Complaint on February 4, 2005.

Before discovery commenced, Plaintiffs filed a Motion to Facilitate Notice on May 11, 2005, seeking conditional certification of this matter as a collective action pursuant to 29 U.S.C. § 216(b). Defendants filed their Opposition to the Motion to Facilitate Notice ("Opposition") on June 24, 2005. The Court heard argument on the Motion to Facilitate at a Scheduling Conference held on August 19, 2005. During the conference, the Court expressed considerable doubt that Plaintiffs had "given [the Court] sufficient cause to believe that the other [members of the putative FLSA class] are similarly situated." Trans. 7:19-25. In light of the Court's stated reluctance to certify the class based on the evidence supplied in Plaintiffs' Motion to Facilitate, Plaintiffs requested an additional month to conduct discovery on the issues presented by their motion and to file a reply brief to support their claim that members of the putative class are similarly situated. Trans. 8:18 – 9:12, 12:8-11. The Court granted Plaintiffs' request and gave

---

[1] Defendants reserve all arguments in opposition to the Renewed Motion to Facilitate Notice, and request that the Court permit them the opportunity to submit an Opposition in the event that the instant Motion to Stay is denied.

them a full six weeks, through September 30, 2005, to conduct discovery and file a reply.  Trans. 14:1-15.

During the six-week extension, Plaintiffs took absolutely no discovery on any issues raised by their Motion to Facilitate, despite their stated intentions to the Court when seeking the extension to file a reply.  On September 30, the day that their reply was due, Plaintiffs filed a motion requesting an additional three weeks to file a reply.  The Court granted Plaintiffs' request for a further extension, and Plaintiffs filed their Reply on October 21, 2005.  In that Reply, Plaintiffs cited documents RHI had produced months before, on June 2, 2005, as part of their initial disclosures, and referenced RHI's publicly accessible website.  The Reply, however, referenced no "new" evidence.

On November 30, two days before the deadline for Defendants to file a surreply to the original Motion to Facilitate, Plaintiffs filed the Motion to Amend, along with (i) a proposed Second Amended Complaint and (ii) the Renewed Motion to Facilitate.  The Second Amended Complaint seeks to include an additional job classification, Recruiting Manager, to the purported class and to add an additional named Plaintiff.  Plaintiffs also purport to bring new claims on behalf of all salaried employees of RHI, asserting violations of the salary basis test in connection with RHI's CHOICE Time Off policy.   Second Amended Complaint, ¶¶ 9, 10, 35, 36, 51, 52, 59, 60.  Accordingly, Plaintiffs' Renewed Motion to Facilitate seeks to conditionally certify this case as a collective action comprising "all Defendants' salaried employees who were denied overtime wages."  See Renewed Motion to Facilitate, at 1.

Defendants filed their Surreply in Further Opposition to the Motion to Facilitate ("Surreply") on December 1, 2005.  Accordingly, the Motion to Facilitate has now been fully briefed by the parties.

3

## ARGUMENT

Plaintiffs' Renewed Motion to Facilitate constitutes a gross abuse of the Court's resources and substantially prejudices Defendants. The Motion to Facilitate has been fully briefed by the parties. Plaintiffs now ask the Court to turn back the clock, restart this case from the beginning, amend the Complaint to add a vast new class of employees, and revisit the Motion to Facilitate under a new legal theory. The primary focus of Plaintiffs' Renewed Motion to Facilitate is the alleged salary basis test violations in connection with RHI's CHOICE Time Off policy, which Defendants produced to Plaintiffs on June 2. *See* Renewed Motion, at 7-15. After a delay of nearly six months following their receipt of the supposed evidence supporting their new claims, Plaintiffs essentially seek to "amend" their original Motion to Facilitate to avoid a potentially adverse ruling. Such opportunistic maneuvering should not be allowed by the Court.

Although the Federal Rules of Civil Procedure are silent concerning the issue of amending a motion, the courts have permitted such amendments if "timely." *See* 5 Wright & Miller, § 1194 ("A motion is subject to 'timely' amendment."). Thus:

> it is particularly <u>inappropriate [to amend a motion] after briefs have been interposed</u> by the opposing parties, oral arguments have been heard, or other forms of reliance have been built up on the basis of the original motion.

*See id*. (emphasis supplied). Here, the Motion to Facilitate has been fully briefed, the Court heard argument regarding that Motion on August 19, and RHI's entire defense in this case for over a year has been premised on the legal theories presented in the Amended Complaint and the original Motion to Facilitate. Allowing Plaintiffs to amend or resubmit a new motion to facilitate notice would essentially moot much of the time and expense Defendants have invested in opposing the first Motion to Facilitate. Plaintiffs also fail to offer any explanation for their long delay, after filing the Motion to Facilitate on May 11, 2005, in seeking to modify the Motion. *See Martinez v. Quality Value Convenience, Inc.,* 63 F. Supp. 2d 651 (E.D. Pa. 1999) (motion to

amend summary judgment motion denied as untimely where party filed it five months after summary judgment motion); *cf.*, *Biggs v. Wilson*, 1993 U.S. App. LEXIS 20777, * 6 (9th Cir.) (post-hearing Rule 56(f) motion properly denied where Plaintiff waited two months after having sufficient information to determine his need for additional discovery before moving to request discovery). Their delay has caused Defendants to incur substantial expense briefing the Motion to Facilitate, and allowing Plaintiffs to submit an amended or new motion only serves to impede this case even further. *Cf., The New Phone Co., Inc. v. City of New York*, 2005 U.S. Dist. LEXIS 16226, * 8 (E.D.N.Y.) ("Considering the time and expense already invested by the parties in preparing and exchanging, and the Court in considering these motions to dismiss, granting Plaintiff… leave to file a Rule 15 motion at this stage will only create significant delays and substantially prejudice the defendants, for the filing of any second amended complaints will moot defendants' pending motions to dismiss."). Plaintiffs also have wasted the Court's time and resources in hearing argument on the first Motion to Facilitate and in considering its decision on that Motion. Accordingly, the Court should deny Plaintiffs' their sought-after "mulligan," and not allow them a second chance with their Renewed Motion to Facilitate under a new legal theory.

Finally, Plaintiffs' Renewed Motion to Facilitate is premature. Since the proposed Second Amended Complaint (specifically the alleged salary basis test violations concerning the CHOICE Time Off policy) serves as the foundation for the Renewed Motion to Facilitate, the Court should not entertain Plaintiffs' new legal arguments regarding certification of the class unless and until the Court rules upon Plaintiffs' Motion to Amend.[2]  Thus, the Court should stay

---

[2] Defendants filed an Opposition to Plaintiffs' Motion to Amend Complaint contemporaneously with this Motion to Stay on January 9, 2006.

5

BO1 15753782.2

Plaintiffs' Renewed Motion to Facilitate pending its decision on the Motion to Amend the Complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny or stay Plaintiffs' Renewed Motion to Facilitate.

Respectfully submitted,

ROBERT HALF INTERNATIONAL INC.
AND ROBERT HALF CORPORATION
By their Attorneys,

 /s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596 )
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800

DATED:  January 9, 2006              Telecopier:   (617) 946-4801

---

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Shannon Liss-Riordan, an attorney for Plaintiffs, Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, 18 Tremont Street, Suite 500, Boston, MA 02109, by first class mail on January 9, 2006.

  /s/ Barry J. Miller
Barry J. Miller