# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL and DAVID JOLICOEUR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION <br><br> Defendants. | CIVIL ACTION NO.: 04-12719 NMG |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

Defendants' motion to compel should be denied because it is moot, since Plaintiffs have responded to Defendants' requests for production of documents and have not withheld any responsive documents in their possession. Defendants' request for sanctions should be denied as well, as it is inaccurate and misleading in several important respects, and Defendants have suffered no prejudice related to Plaintiffs' discovery responses.

## I.    INTRODUCTION

This is a case in which Plaintiffs simply do not have any documents responsive to Defendants' requests, so Defendants are taking up this Court's time by moving to compel production of documents that do not exist.[1]

---

[1] The named plaintiffs have moved residences at least once since they left Defendants' employment, and they did not retain their files concerning that employment when they moved.

Furthermore, despite Plaintiffs' request and attempt to focus this dispute, Defendants have not identified which documents they believe are in Plaintiffs' possession, nor have they identified any documents in which they are particularly interested, pressing instead on their very broad requests as a whole, even though the Court has thus far limited discovery to the threshold issue of whether a conditional class should be certified for purposes of issuing opt-in notice.  Since this case concerns Defendants' policies with respect to claimed exemptions to overtime pay, it is natural enough that most or all of the documents are in the possession of Defendants, not Plaintiffs.

Defendants first served requests for production of documents in June 2005, but this Court stated at the August 19, 2005, scheduling conference that no requests for discovery were ripe until the scheduling conference, at the earliest. The Court then permitted limited discovery "only with respect to [the] issue of putative class," and specifically noted that its instructions did not "mean that discovery on the merits of the claim are to be going forward at this time."  See Transcript of August 19, 2005, Scheduling Conference, p. 15.  Since the Court had so limited the scope of permissible discovery, Plaintiffs believed that many of the Defendants' initial requests for production of documents (which were very broad and all-encompassing) were outside this limited scope and expected Defendants to revise their previous requests for production of documents so that they complied with the Court's instructions.

Instead, Defendants' next communication with Plaintiffs concerning the requests for production of documents was a telephone call on October 20, 2005,

in which Defendants' counsel Krista Pratt asked whether Plaintiffs intended to respond to Defendants' requests.  Plaintiffs' counsel Stephen Young replied that Plaintiffs believed that many of Defendants' requests were outside the scope of the Court's August 19, 2005, order but that Plaintiffs would nonetheless review Defendants' document requests and attempt to locate potentially responsive documents.  Attorney Pratt followed up with an e-mail message the next day, but otherwise, Defendants did not communicate with Plaintiffs concerning the requests again before filing their motion to compel and for sanctions on November 30, 2005.

Although Plaintiffs had still not received a revised set of requests from Defendants that complied with the limited scope ordered by this Court, Plaintiffs quickly prepared a response to Defendants' original requests in which Plaintiffs noted their objections to requests clearly beyond the scope of the limited discovery allowed by the Court and, for other requests, stated that the plaintiffs do not have responsive documents in their possession (other than certain documents that Plaintiffs have obtained from the defendants, for instance from the Robert Half website and from the defendants' initial disclosures to the plaintiffs).  See Plaintiffs' December 2, 2005, letter to Defendants' counsel and Plaintiffs' Response to Defendants' document requests attached hereto as Exhibits A and B.  At the same time, since Plaintiffs had then provided a response to Defendants' requests, Plaintiffs asked the defendants to withdraw their motion.  In a telephone conversation shortly thereafter, Defendants' counsel Krista Pratt told Plaintiffs' counsel Stephen Young that Defendants would not

withdraw their motion.  Attorney Young asked Attorney Pratt for a detailed response to Plaintiffs' December 2, 2005, letter and responses to Defendants' document requests, specifying in what ways Defendants considered Plaintiffs' responses to be insufficient.  He also agreed, in accordance with Attorney Pratt's request, to send copies of materials which Plaintiffs had printed from Defendants' website.  <u>See</u> Plaintiffs' December 7, 2005, letter to Defendants' counsel, attached hereto as Exhibit C.

Defendants responded to Plaintiffs December 7, 2005, letter, on December 23, 2005, stating that they refused to withdraw their motion because they believed that Plaintiffs were withholding responsive documents based on their being outside the limited scope permitted by the Court or on other objections.  <u>See</u> Defendants' December 23, 2005, letter to Plaintiffs' counsel attached hereto as Exhibit D.  Plaintiffs responded that they do not possess and have not withheld any responsive documents based on their being beyond the limited scope of discovery or any other objections (except for clearly privileged documents such as correspondence and e-mails between Plaintiffs and their counsel).  <u>See</u> Plaintiffs' January 6, 2006, letter to Defendants' counsel attached hereto as Exhibit E.  In the same letter, Plaintiffs asked, again, that Defendants' counsel withdraw their motion to compel, but Defendants have not responded as of this date.

## II.    DEFENDANTS' MOTION TO COMPEL SHOULD BE DENIED BECAUSE IT IS MOOT

Defendants' motion to compel should be denied because it is clearly moot.  Despite Defendants' failure to revise their document requests to comply with the

limited scope permitted by this Court, Plaintiffs have provided responses to

Defendants' initial, untimely, overly broad set of requests as written in June 2005.

Plaintiffs' counsel have diligently worked with their clients to attempt to locate

documents responsive to Defendants' requests.  At this time, as set forth in

further detail in Plaintiffs' responses (attached as Exhibit B), Plaintiffs do not

possess any relevant, non-privileged documents responsive to Defendants'

requests that do not exceed the scope of the issue of the putative class – and

although Plaintiffs maintain that they have no obligation to provide any

documents outside that scope, they do not possess and have not withheld any

potentially responsive documents on these grounds (except for certain

documents obtained from Defendants' website, which Plaintiffs have already

produced, and from Defendants' initial disclosures to Plaintiffs.

## III.   DEFENDANTS' MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE IT IS INACCURATE AND MISLEADING IN IMPORTANT RESPECTS

Defendants first served requests for production of documents in June

2005, but this Court stated at the August 19, 2005, scheduling conference that no

requests for discovery were ripe until the scheduling conference, at the earliest.

Accordingly, it was inaccurate and misleading for Defendants to state, as they did

in their motion to compel, that Plaintiffs have failed to respond since Defendants

served their Requests "nearly six months ago."[2]  At the August conference, the

---

[2] Plaintiffs are also not derelict for not appearing for depositions in July 2005.  Plaintiffs did not simply not appear – Plaintiffs' counsel informed Defendants' counsel that they were not available on the noticed dates, and the parties thereafter agreed to defer depositions until after the initial scheduling conference.

Court that only limited discovery could proceed, and Defendants have not re-noticed depositions since that time.

Furthermore, in the October 20, 2005, telephone conversation between Defendants' counsel Krista Pratt and Plaintiffs' counsel Stephen Young, Attorney Young did not "den[y] that Plaintiffs had any obligation to respond to the Requests at that time." Rather, Mr. Young stated that he disagreed with Ms. Pratt's interpretation of the Court's order as requiring responses to all of the Requests "forthwith," because, as Defendants concede in their motion, the Court did not make any such order. See Affidavit of Stephen Young filed in support of this opposition, ¶¶ 2-3, attached hereto as Exhibit F. The Court ordered limited discovery "only with respect to [the] issue of putative class," and specifically noted that its instructions did not "mean that discovery on the merits of the claim are to be going forward at this time." See Transcript of August 19, 2005, Scheduling Conference, p. 15. During the October 20, 2005, conversation, Attorney Pratt maintained that responses to all the Requests were due at that time, and Attorney Young responded that many of Defendants' Requests exceeded the scope of the Court's order but that Plaintiffs' counsel would work on determining whether they had any documents responsive to Defendants' Requests that did not exceed the scope of the Court's instructions. Young Aff., ¶ 2.

Since Defendants' motion relies on inaccurate and misleading statements in an attempt to characterize Plaintiffs' efforts in the discovery process as

inadequate, this Court should disregard such attempts and deny Defendants'

motion.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs oppose Defendants' Motion to

Compel Production of Documents and for Sanctions and request that it be

denied.

Respectfully submitted,
IAN O'DONNELL AND DAVID
JOLICOEUR, ON BEHALF OF
THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
By their attorneys,


  s/Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street, Ste. 500
Boston, MA 02108
Dated:  January 9, 2006          (617) 367-7200

## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault
Stephen Young

----------
Telephone (617) 367-7200
Fax (617) 367-4820

Tod A. Cochran
OF COUNSEL

*Also admitted in Maine
**Also admitted in New York

December 2, 2005

**VIA HAND DELIVERY**
Richard L. Alfred, Esq.
Krista G. Pratt, Esq.
Barry Miller, Esq.
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

RE:     O'Donnell et. al v. Robert Half International
        Civil Action No. 04-12719 NMG

Dear Richard:

We received your motion to compel and for sanctions for the plaintiffs' not having responded to the defendants' discovery requests. As you know, at the conference in August, the Court limited discovery at this stage to the issue of the putative class, i.e. whether the named plaintiffs are similarly situated to other members of the proposed class. We have gone through your requests and have determined that each is either beyond the scope of the discovery authorized by the Court at this stage or, for those requests that are arguably within the scope, the plaintiffs do not have any responsive documents. Because the discovery requests were not narrowed in light of the Court's limiting of discovery at this stage, we have been uncertain about our need to respond to your requests as written. In any event, because you have now filed this motion, for the sake of completeness, we are now providing you with plaintiffs' responses to the requests, which note our objections to requests clearly beyond the scope of the limited discovery allowed by the Court and, for others, note that the plaintiffs do not have responsive documents in their possession (other than for certain documents that plaintiffs have obtained from the defendants, for instance from the Robert Half website and from the defendants' initial disclosures to the plaintiffs).

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

Given that your motion to compel is to obtain documents that either the plaintiffs do not have or that are not permitted under the Court's limited allowance of discovery thus far, I would ask that you withdraw your motion.

Please give me a call if you would like to discuss this, and if you would like to discuss agreeing on a proposed briefing schedule for the plaintiffs' recently filed motion to amend and renewed notice motion.

Sincerely,

Shannon Liss-Riordan

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

IAN O'DONNELL and DAVID JOLICOEUR,
ON BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED,

               Plaintiffs,

v.

ROBERT HALF INTERNATIONAL INC.
and ROBERT HALF CORPORATION

               Defendants.

_____

CIVIL ACTION NO.: 04-12719 NMG

## PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUESTS
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Ian O'Donnell and David Jolicoeur, by their attorneys, hereby respond to Defendants' First Requests for Production of Documents.

## <u>GENERAL OBJECTIONS</u>

1.    Plaintiffs object to Defendants' Requests to the extent they seek to impose obligations beyond those specified by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and this District's pertinent Local Rules.

2.    Plaintiffs object to Defendants' Requests to the extent that the discovery sought is already in the possession of Defendants.

3.    Plaintiffs object to Defendants' Requests to the extent they seek information or documents that constitute work product, are subject to attorney/client privilege, constitute privileged trial preparation, or otherwise are not subject to discovery pursuant to the Federal Rules of Civil Procedure and this District's pertinent Local Rules.

4.    Plaintiffs object to Defendants' Requests to the extent they contain vague, ambiguous, conclusory, and/or undefined terms.

5.      Plaintiffs object to Defendants' Requests to the extent they are overly broad, unreasonable in scope, unduly burdensome, and/or neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to Defendants' Requests to the extent that they exceed the scope of the discovery permitted by the Court's instructions at the August 19, 2005, scheduling conference, which permitted limited discovery "only with respect to [the] issue of putative class," and specifically noted that its instructions did not "mean that discovery on the merits of the claim are to be going forward at this time." See Transcript of August 19, 2005, Scheduling Conference, p. 15.

Subject to and without waiving these general objections, Plaintiffs respond to each of Defendants' Requests as set forth below. Since Defendants' Requests to Plaintiffs O'Donnell and Jolicoeur are identical and since Plaintiffs' responses to each request are identical, the responses to both sets of requests will be set forth below and are intended to be responsive to Defendants' requests concerning each of Plaintiffs O'Donnell and Jolicoeur.

Plaintiffs reserve the right and will meet their obligation to supplement their responses to Defendants' Requests for Production of Documents if they learn of the existence of additional responsive documents.

## RESPONSES

## REQUEST NO. 1

All documents upon which you base your contention that persons who work or have worked as Staffing Professionals for RHI are entitled to overtime pay.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions. Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 2

All documents, including but not limited to any journals, lists, diaries, or notes, concerning or relating to the number of hours worked by you or any person who worked as a Staffing Professional for RHI between December 1, 2001, and the present.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

### REQUEST NO. 3

All calendars, datebooks, planners, schedulers, diaries, and personal organizers maintained by you for any period of time between December 1, 2001, and the present.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

### REQUEST NO. 4

All documents concerning any evaluation, whether formal or informal, of your job performance as a Staffing Professional.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

### REQUEST NO. 5

All documents concerning the job duties or responsibilities of any Staffing Professional who is or was employed by RHI at any time.

### RESPONSE

Plaintiffs object to this request on the ground that it is overly broad, seeks discovery that is already in Defendants' possession, to the extent that it seeks information that is protected by the attorney-client privilege, and to the extent that

it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving these objections, Plaintiffs currently possess documents printed from Defendants' website which set forth job descriptions for Defendants' Staffing Professionals, as well as some documents from Plaintiffs' RHI personnel files obtained from Defendants' initial disclosures to Plaintiffs.  Plaintiffs believe that these documents are already in Defendants' possession but will produce these documents upon request.

## REQUEST NO. 6

All documents that describe your job responsibilities or work experience in connection with your employment at RHI, including but not limited to all resumes, letters, employment applications, faxes, and e-mails you have sent concerning your prospective employment with any employer during or after your employment at RHI.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 7

All copies of any documents in your personnel file at RHI obtained by you at any time.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving this objection, Plaintiffs respond that they possess copies of documents from their RHI personnel files obtained from Defendants' initial disclosures to Plaintiffs.  Plaintiffs believe that these documents are already in Defendants' possession but will produce them upon request.

## REQUEST NO. 8

All documents, including but not limited to all e-mails, correspondence, and any communications, concerning any event or circumstance which you contend caused or contributed in any way to the injuries or damages you claim were suffered by you and/or those whom you contend are similarly situated to you in the Complaint.

**RESPONSE**

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

**REQUEST NO. 9**

All documents concerning any policy or procedure of RHI, including but not limited to documents concerning leave, rest periods, meal periods, vacation, overtime, or any other personnel or employment policy or procedure of RHI.

**RESPONSE**

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

**REQUEST NO. 10**

All resumes and cover letters prepared by you or on your behalf that were sent to or prepared for the purpose of sending to any employer or prospective employer from July 1, 2002, to the present.

**RESPONSE**

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

**REQUEST NO. 11**

All documents concerning any time you spent away from RHI's offices for business or personal activities on any of the days of your employment with RHI.

**RESPONSE**

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs

may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 12

All documents concerning any communications between you and any person concerning or relating to any allegation in your Complaint or any incidents, events, facts, or occurrences that support or relate to said allegations.

### RESPONSE

Plaintiffs object to this request on the ground that it is overly broad, to the extent that it seeks information that is protected by the attorney-client privilege, and to the extent that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

## REQUEST NO. 13

All documents concerning any communication involving you, your family or friends, any current or former RHI employee, their family or friends, or any other person (other than your counsel in this case) concerning the hours you worked as a Staffing Professional employed by RHI, your job responsibilities, your compensation, the hours worked by any Staffing Professional employed by RHI, the job responsibilities of any Staffing Professional employed by RHI, the compensation earned or received by any Staffing Professional employed by RHI, or any claims for overtime pay or other claims made by you in this lawsuit.

### RESPONSE

Plaintiffs object to this request on the ground that it is overly broad, to the extent that it seeks information that is protected by the attorney-client privilege, and to the extent that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

## REQUEST NO. 14

All documents concerning any communication involving you, any prospective or actual plaintiff in this case (whether identified or unidentified), any current or former RHI employee, the United States Department of Labor, any

state department of labor, any other administrative agency, or any other person (other than your counsel in this case) concerning the hours you worked as a Staffing Professional for RHI, your job responsibilities, your compensation, the hours worked by any Staffing Professional employed by RHI, the job responsibilities of any Staffing Professional employed by RHI, the compensation of any Staffing Professional employed by RHI, or any claims for overtime pay or other claims made by you in this lawsuit.

### RESPONSE

Plaintiffs object to this request on the ground that it is overly broad, to the extent that it seeks information that is protected by the attorney-client privilege, and to the extent that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

### REQUEST NO. 15

All notes and any other documents concerning your claims as alleged in the Complaint.

### RESPONSE

Plaintiffs object to this request on the ground that it is overly broad, to the extent that it seeks information that is protected by the attorney-client privilege, and to the extent that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

### REQUEST NO. 16

All documents concerning any other lawsuit, investigation, grievance, arbitration, or administrative action involving you, including without limitation all such lawsuits, investigations, grievances, arbitrations, and administrative actions in which you have been a plaintiff, defendant, complainant, respondent, witness, representative, or party.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive

documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 17

All state and federal tax returns, including all schedules, forms, and supplemental data submitted to state and/or federal taxing authorities by you or on your behalf from January 1, 2002, to the present, as well as all documents used to prepare such returns, schedules, and forms.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 18

All documents provided to you by any person concerning the claims in the Complaint made on your behalf of yourself and/or on behalf of those who you claim to be similarly situated to you, including but not limited to declarations, written notes, journals, diaries, work diaries, daytimers, and personal calendars.

### RESPONSE

Plaintiffs object to this request on the ground that it is vague and ambiguous, overly broad, to the extent that it seeks information that is protected by the attorney-client privilege, and to the extent that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions. Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

## REQUEST NO. 19

All documents concerning or relating to affidavits, declarations, or any other written statements prepared by you or on behalf of persons other than yourself that relate to the claims and allegations in the Complaint.

### RESPONSE

Plaintiffs object to this request on the ground that it is overly broad, to the extent that it seeks information that is protected by the attorney-client privilege,

and to the extent that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

## REQUEST NO. 20

All correspondence, statements, or notes from any witness, including any current or former employee, agent, contractor of RHI, relevant to this lawsuit or any allegation made in the complaint.

### RESPONSE

Plaintiffs object to this request on the ground that it is overly broad, to the extent that it seeks information that is protected by the attorney-client privilege, and to the extent that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

## REQUEST NO. 21

All documents concerning your allegation in paragraph 15 of the Complaint that "Staffing Managers, Account Executives, and Account Managers regularly work in excess of forty (40) hours per week."

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 22

All documents concerning your allegation in paragraph 18 of the Complaint that "Defendants require Staffing Managers, Account Executives, and Account Managers, to make a certain number of telephone calls per day."

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs

may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 23

All documents concerning your allegation in paragraph 19 of the Complaint that "Defendants misclassify Staffing Managers, Account Executives, and Account Managers, as 'exempt' from the overtime compensation requirement of Massachusetts Wage Act and the FLSA."

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 24

All documents concerning your allegation in paragraph 21 of the Complaint that "Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis."

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 25

All documents concerning your allegation in paragraph 28 of the Complaint that "there are approximately one hundred (100) people in the FLSA Class and one hundred (100) people in the Massachusetts Class."

### RESPONSE

Plaintiffs object to this request on the ground to the extent that it seeks information that is protected by the attorney-client privilege.  Notwithstanding and without waiving this objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request.

## REQUEST NO. 26

All documents concerning your allegation in paragraph 46 that RHI's alleged violations of the Fair Labor Standards Act were "repeated, willful and intentional."

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 27

All documents provided to or received from any expert witness or consultant in connection with your Complaint and any report and all other documents reviewed, prepared, edited, authored, or drafted by such expert witness or consultant.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

## REQUEST NO. 28

All documents not already produced in response to the above requests that relate to, bear upon, or provide evidence concerning the matters and allegations in the Complaint.

### RESPONSE

Plaintiffs object to this request on the ground that it exceeds the scope of the discovery permitted by the Court's August 19, 2005, instructions.  Plaintiffs may assert further objections and/or produce non-privileged responsive documents in their possession, if any exist, at such time as this Request becomes ripe.

**REQUEST NO. 29**

All documents concerning any Staffing Professionals who are or were employed by RHI at any time.

**RESPONSE**

Plaintiffs object to this request on the ground that it is vague and ambiguous, overly broad, unreasonable in scope, unduly burdensome, neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence, and/or to the extent that it seeks information that is protected by the attorney-client privilege. Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

**REQUEST NO. 30**

All documents concerning RHI.

**RESPONSE**

Plaintiffs object to this request on the ground that it is vague and ambiguous, overly broad, unreasonable in scope, unduly burdensome, neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence, and/or to the extent that it seeks information that is protected by the attorney-client privilege. Notwithstanding and without waiving these objections, Plaintiffs respond that they do not possess any relevant, non-privileged documents responsive to this request, within the scope of the discovery permitted by the Court's August 19, 2005, instructions.

Respectfully submitted,
IAN O'DONNELL AND DAVID
JOLICOEUR, ON BEHALF OF
THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
By their attorneys,

_____
Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street, Ste. 500
Boston, MA 02108
(617) 367-7200

Dated:  December 2, 2005

12

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on Richard Alfred, Krista Pratt, and Barry Miller at Seyfarth Shaw LLP, Two Seaport Lane, Suite 300, Bostom, MA 02210, on December 2, 2005.

_____
Stephen Young, Esq.

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault
Stephen Young

*Also admitted in Maine
**Also admitted in New York

-----------

Telephone (617) 367-7200
Fax (617) 367-4820

Tod A. Cochran
OF COUNSEL

December 7, 2005

**VIA FACSIMILE AND FIRST CLASS MAIL**
Krista G. Pratt, Esq.
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

RE:    O'Donnell et. al v. Robert Half International
       Civil Action No. 04-12719 NMG

Dear Krista:

Pursuant to your request, enclosed please find copies of the materials Plaintiffs printed from Defendants' website in support of their Motion to Facilitate 216(b) Notice, as part of Plaintiffs' Responses to Defendants' Requests for Production of Documents. From our conversation earlier today, Plaintiffs understand that Defendants do not currently need copies of the materials Plaintiffs copied from Defendants' initial disclosures, but we remain willing to send copies of these documents upon request.

As we discussed, Plaintiffs are willing to assent to Defendants' requests for extensions, and we understand that you will send for our review a draft joint motion to extend the deadlines for both parties' responsive briefing to January 9, 2006. Plaintiffs request that the joint motion include a request for a hearing in this matter promptly upon receipt of the parties' briefing, preferably in January 2006. Plaintiffs also request that Defendants agree to tolling of the statute of limitations in this matter from this date forward.

We understand that Defendants are not currently willing to withdraw their Motion to Compel Production of Documents and for Sanctions but that you intend to provide a detailed response to Plaintiffs' December 2, 2005, letter and Responses. We look forward to receiving your response and hope that it will narrow the remaining discovery issues and permit us to resolve them without involving the Court.

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

Please contact me if you have questions.

Sincerely,

Stephen Young

Enclosures

**SEYFARTH**
ATTORNEYS **SHAW** LLP

DEC 27 2005

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA 02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

Writer's direct phone

617-946-4850

Writer's e-mail

kpratt@seyfarth.com

December 23, 2005

<u>**VIA FACSIMILE (617) 367-4820**</u>
<u>**AND U.S. MAIL**</u>

Shannon Liss-Riordan, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan P.C.
18 Tremont Street, Suite 500
Boston, MA 02108

    Re:   *O'Donnell v. Robert Half International*, Civ. A. No. 04-12719

Dear Shannon:

    This letter is in response to your correspondence dated December 2, 2005, concerning Defendants' First Request for Production of Documents to Plaintiffs ("Document Requests"), and your colleague Stephen Young's letter dated December 7, 2005, concerning various discovery and other issues.

    First, Defendants will not assent to any tolling of the statute of limitations in this case. As I previously discussed with your colleague, Mr. Young, RHI's position is that the substantial delays in this case have been occasioned by Plaintiffs, as further evidenced by your recent attempt to re-start the class certification issue with a new Second Amended Complaint and a "Renewed" Motion to Facilitate § 216(b) Notice. Accordingly, RHI will not assent to any tolling of the statute of limitations, which might only encourage further delays.

    Second, as I informed Mr. Young, RHI will not withdraw the Motion to Compel. RHI attempted on several occasions to secure Plaintiffs' cooperation with discovery, served in June 2005, with no response until December 2, 2005, after the filing of the Motion to Compel and Request for Sanctions. As a result, Defendants have incurred, and continue to incur, significant costs in seeking Plaintiffs' compliance with their discovery obligations.

    Finally, Plaintiffs' responses are legally insufficient. Plaintiffs waived their right to interpose any objections – including claims of privilege and relevance – due to their failure to respond to the discovery within the time frame provided by the Federal Rules and the Court's order. *See* Local Rule 34.1 ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.").

BO1 15754259.1

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



Thus, your assertion that the Court "limited discovery at this stage to the issue of the putative class," while incorrect, is also invalid. Plaintiffs' document production is similarly insufficient. In the first instance, when Plaintiffs' responses to the discovery requests were served, Plaintiffs failed to produce a single document. Following my conversation with Mr. Young, the Plaintiffs produced a handful of documents. However, it is unclear from Plaintiffs' Document Request responses whether this constitutes all of the responsive documents Plaintiffs have in their possession, or whether some documents have been withheld on grounds of relevance, privilege, etc. We have not received any privilege log as contemplated by the Local Rules, so we cannot determine whether Plaintiffs have complied fully with our Requests. Given the statement in your December 2 letter that Plaintiffs have withheld documents which, in your view, "are not permitted under the Court's limited allowance of discovery thus far," we can only conclude that the document production and Plaintiffs' responses to the Document Requests are insufficient.

Kindly contact me if Plaintiffs intend to supplement their responses and document production further. Thank you.

Sincerely,

SEYFARTH SHAW LLP

Krista Green Pratt

cc:     Stephen Young, Esq.
        Richard L. Alfred, Esq.

## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

### Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

----------

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault
Stephen Young
David Conforto
Hillary Schwab

*Also admitted in Maine
**Also admitted in New York

Tod A. Cochran
OfCOUNSEL

January 6, 2006

***VIA MAIL AND FACSIMILE*** (617) 946-4801
Krista G. Pratt, Esq.
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

RE:   O'Donnell et. al v. Robert Half International
      Civil Action No. 04-12719 NMG

Dear Krista:

In response to your letter of December 23, 2005, I wanted to let you know that we have not withheld any documents based upon our objection to the defendants' discovery requests being beyond the scope of what the Court authorized. We have produced the documents that the named plaintiffs have in their possession related to Robert Half. Our clients have searched for any other documents they may have and have not found anything else. (The only privileged documents referred to in our responses are correspondence and e-mails between us and our clients.)

Let me know if you still intend to press forward on your motion to compel. I do not know what purpose it serves to pursue it, given that the plaintiffs have turned over what limited documents they possess. If there is anything in particular that you believe they would have that we have not yet produced, please let me know and we will explore this with our clients further.

Sincerely,

Shannon Liss-Riordan

cc:   Richard L. Alfred, Esq.
      Stephen Young, Esq.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
)
IAN O'DONNELL and DAVID JOLICOEUR, )
ON BEHALF OF THEMSELVES AND ALL )
OTHERS SIMILARLY SITUATED, )
)
                Plaintiffs, )
)
v. )      CIVIL ACTION NO.: 04-12719 NMG
)
ROBERT HALF INTERNATIONAL INC. )
and ROBERT HALF CORPORATION )
)
                Defendants. )
)
)
)
_____)

## AFFIDAVIT OF STEPHEN YOUNG

      I, Stephen Young, depose and state as follows:

1.     I am an associate at the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, and I represent the plaintiffs in the above-titled matter.

2.     On or about October 20, 2005, I spoke with Defendants' counsel Krista Pratt on the telephone. Attorney Pratt asked whether Plaintiffs intended to respond to Defendants' document requests. I replied that Plaintiffs believed that many of Defendants' requests were outside the scope of the Court's August 19, 2005, order but that Plaintiffs would nonetheless review Defendants' document requests and attempt to locate potentially responsive documents.

3.     Attorney Pratt maintained that responses to all of Defendants' requests were due at that time, citing the Court's use of the word "forthwith." I replied that I disagreed with Attorney Pratt's interpretation of the Court's order as requiring responses to all of the Requests "forthwith," because the Court only ordered limited discovery and specifically noted that its instructions did not permit discovery on the merits of the claim.

                Signed under pains and penalties of perjury,


                _s/Stephen Young_____
Dated:  January 9, 2006     Stephen Young, Esq.