UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL and DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION<br><br>      Defendants. | CIVIL ACTION NO.: 04-12719 NMG |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PLAINTIFFS' RENEWED MOTION TO FACILITATE 216(B) NOTICE**

After Plaintiffs served Defendants with their Motion to Amend and Renewed Motion to Facilitate § 216(b) Notice, the parties reached an agreement that Defendants would respond to these motions by January 9, 2006. However, rather than responding substantively to the renewed motion to facilitate, Defendants on that day requested a stay of this motion. Although Defendants have accused Plaintiffs of undue delay in this case, it is Defendants who are now seeking delay by their failure to respond substantively to the motion.

Moreover, because the statute of limitations continues to run for potential opt-in plaintiffs in this matter, any delay occasioned by Defendants provides a basis for this Court to order a tolling of the statute of limitations for opt-in plaintiffs. See e.g., Blake v. CMB Construction, 1993 WL 840278 (D.N.H. 1993); Partlow v. Jewish Orphans' Home of Southern California, Inc., 645 F.2d 757, 760 (9th Cir. 1981). Since Defendants have

requested additional time to respond substantively to the Renewed Motion to Facilitate, Plaintiffs request that the Court now order such tolling.

In their motion to stay, Defendants have accused Plaintiffs of various maneuvering, which Plaintiffs have addressed in their reply brief in support of their Motion to Amend. In short, Plaintiffs have asserted a valid new theory of FLSA liability against Defendants in their proposed Second Amended Complaint, and placing this theory before the Court's attention is not a tactic to avoid a ruling on their initial motion for notice. Plaintiffs are entitled to notice under both theories of FLSA liability (pursuant to the duties test, and the salary basis test) and expect that the Court will address both theories. By asserting this additional theory in this lawsuit, rather than filing it through a new case, Plaintiffs are attempting to avoid unnecessary delay. Staying the renewed motion for notice will accomplish nothing other than creating more delay.

On December 8, 2005, the parties agreed to extend the deadline for Defendants' response to Plaintiffs' renewed motion from December 14, the original deadline, to January 9. See Joint Motion for Extensions of Time to Oppose Motions, filed December 8, 2005. Instead of taking advantage of the extended deadline to brief the issues and prepare an opposition to Plaintiffs' renewed motion, Defendants instead prepared a lengthy opposition to Plaintiffs' Motion to Amend and a motion to stay Plaintiffs' Renewed Motion. It is ironic that Defendants have gone to such lengths to accuse Plaintiffs of delay (thus suggesting that they desire that this matter be considered expeditiously), when their motion to stay is now specifically seeking delay.

Contrary to Defendants' assertions, Plaintiffs are not asking the Court to "turn back the clock," "restart this case," or "revisit" the initial notice motion. Rather, Plaintiffs

have simply asserted an additional, meritorious theory of FLSA liability against Defendants and have moved for conditional certification of a larger class of Defendants' employees who are affected by this violation by Defendants of the FLSA. Plaintiffs' desire is to move their case forward, on both outstanding motions for conditional certification, and it is Defendants who are causing delay and engaging in strategic maneuvering by filing the motion for a stay rather than responding to the issues posed by Plaintiffs' new FLSA claims.

Defendants incorrectly assert that Plaintiffs' Motion to Amend and renewed motion were mere tactical maneuvers filed to forestall a ruling on the plaintiffs' initial notice motion and that Plaintiffs' recent filings are somehow unfair. In their Motion to Stay, Defendants attempt, without citing any legal authority, to style these claims as an argument that the Court should deny Plaintiffs' renewed motion "out of hand." Motion to Stay, p. 1.

These allegations are untrue and provide no basis for the Court to stay or deny Plaintiffs' renewed motion. Plaintiffs have no interest in forestalling a ruling on their initial notice motion. Plaintiffs have fully briefed the issues involved, believe that they have met their burden on conditional certification under both theories, and request that the Court rule on both motions for notice as soon as practicable. Defendants' concerns that their briefing will have been for naught are unfounded, as are their accusations that Plaintiffs' recent filings were strategic.

Again, it is Defendants who are attempting to cause delay with their recent tactical maneuvers, and the Court should, therefore, deny Defendants' Motion to Stay,

grant Plaintiffs' Motion to Amend, and schedule a hearing on Plaintiffs' pending motions for conditional certification as soon as practicable.

### III.    Conclusion

For the foregoing reasons, Defendants' Motion to Stay Plaintiffs' Renewed Motion to Facilitate 216(b) Notice should be denied.

>Respectfully submitted,
>
>IAN O'DONNELL and DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,
>
>By their attorneys,
>
>_s/Shannon Liss-Riordan_____
>Shannon Liss-Riordan, BBO #640716
>Stephen Young, BBO #662914
>PYLE, ROME, LICHTEN, EHRENBERG,
>& LISS-RIORDAN, P.C.
>18 Tremont Street, 5th Floor
>Boston, MA 02108
>(617) 367-7200

Dated:  January 23, 2006

4