UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL and DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION<br><br>      Defendants. | CIVIL ACTION NO.: 04-12719 NMG |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

In their proposed Second Amended Complaint, Plaintiffs assert an additional theory of FLSA liability against the Defendants and add a new named plaintiff, and accordingly, after thoroughly researching and briefing the issues involved in their new claim, they filed a brief motion to amend their complaint, pursuant to the liberal pleading standard set forth in Federal Rule of Civil Procedure 15(a).  Defendants' opposition to the motion to amend mischaracterizes Plaintiffs' allegations and inaccurately accuses Plaintiffs of filing the motion to amend in order to avoid a ruling by the Court on their initial motion for facilitation of § 216(b) notice.  Plaintiffs' proposed amendments do not involve "undue delay, bad faith, dilatory motive on the part of the movant, or futility," and therefore, leave to amend should be "freely given."  Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000).

**I.    Plaintiffs' Motion to Amend Seeks to Add an Important and Viable Theory of Recovery Under the FLSA and Is Not Futile**

In their opposition, Defendants argue that Plaintiffs' additional theory of recovery under the FLSA is "futile," but Defendants' arguments to this effect are wholly reliant on mischaracterizations of Plaintiffs' position. In their Motion to Amend, Plaintiffs assert that "Defendants' policies violate the 'salary basis' test because they require salaried employees to take full-day deductions from paid leave for partial-day absences while also subjecting them to deductions from their final paychecks for paid leave that was taken but unearned at termination." Despite the clarity of this and other language in Plaintiffs' recent filings in this matter setting forth the nature of Plaintiffs' new FLSA claim, Defendants assert that it is "difficult to ascertain what Plaintiffs specifically intend to allege." Opposition, p. 10. Defendants then engage in a transparent attempt to divert the Court's attention from the relevant issues in this case by spending several pages of their opposition arguing against positions that Plaintiffs have not asserted, e.g., that "RHI cannot deduct time from an exempt employee's CTO leave bank," that "permissible partial day deductions from a leave bank" would violate the salary basis test, that "Plaintiffs' claims are premised on the assumption that vacation time is compensation," etc. Opposition, pp. 10-13.

Defendants come close to addressing Plaintiffs' actual position in the final paragraph of this section, when they address "Plaintiffs' claim that RHI's policy of recouping 'borrowed' CTO time from an employee's final paycheck … violates the salary basis test." Opposition, p. 13. However, Defendants continue to dodge the real issue, which is that of Defendants' policies of taking full-day deductions from CTO for partial-day absences and rendering these CTO deductions for partial-day absences

2

subject to deductions from salary because of Defendants' admitted "policy of recouping 'borrowed' CTO time from an employee's final paycheck." It is this combination of Defendants' policies that violates the FLSA's salary basis test, and Defendants do not address this violation head-on at any point in their opposition to the motion to amend. Whether this omission truly resulted from Defendants' inability to understand Plaintiffs' position or from Defendants' inability to muster any persuasive arguments to oppose it, Defendants have not provided this Court with any reason to view Plaintiffs' additional theory of FLSA liability as futile, and Plaintiffs should be permitted to amend their complaint and have their new claim heard on its merits. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.")

## II.  Plaintiffs' Proposed Amendments Will Not Prejudice Defendants, Are Not Unduly Delayed, and Are in Good Faith

### (a)  Plaintiffs' Proposed Amendments Will Not Prejudice Defendants

Plaintiffs' proposed amendments will cause no undue prejudice to Defendants, as this case is still at a very early stage – the Court has not yet ruled on conditional certification, and only limited discovery has been permitted – and amendments only have the potential to cause prejudice when they are raised too close to trial to allow the opposing party to respond. See Executive Leasing Corp., 48 F.3d 66, 71 (1st Cir. 1995) (quoting Rodriguez v. Banco Central Corp., 990 F.2d 7, 14 (1st Cir. 1993) ("[t]he further along a case is toward trial, the greater the threat of prejudice and delay"). In this case,

Plaintiffs informed Defendants on several occasions[1] prior to the filing of their motion to amend that they intended to file a second amended complaint alleging a new claim of FLSA liability, and "[a]mendment may be permitted … where the opposing party already had notice … through some means other than the pleadings." In re Cumberland Farms, Inc., 284 F.3d 216, 226 (1st Cir. 2002). Since this case is at such an early stage and Plaintiffs provided Defendants with ample notice of their intent to amend their complaint, no prejudice will result from permitting Plaintiffs' proposed amendments.

Similarly, Defendants' complaints that they will have to prepare further briefing to respond to Plaintiffs' new claims and that their previous briefing on the original notice motion will have been "for naught" do not establish undue prejudice. Opposition, p. 8. Prejudice results when a party changes the claims in a case without allowing the opposing party sufficient time to respond, and there is no indication that Defendants will not have an opportunity to respond to Plaintiffs' proposed amendments.[2] Furthermore, Plaintiffs' original notice motion and original claims are still pending, and Defendants' briefing on those issues will not become more or less worthwhile as a result of Plaintiffs' assertion of a new claim. Plaintiffs seek to amend their original complaint to add this

---

[1] In a motion filed September 30, 2005, Plaintiffs stated that they were "preparing to file a motion to file a Second Amended Complaint which will contain additional factual allegations supporting the Plaintiffs' contention that Defendants were not entitled to treat them as employees exempt from the overtime provisions of the FLSA and the Massachusetts Wage Act. With this new complaint, Plaintiffs intend to file a renewed Motion to Facilitate 216(b) Notice." See Plaintiffs' Motion for Extension of Time to Submit Reply Memorandum filed September 30, 2005. Moreover, on October 20, Plaintiffs asked whether Defendants would assent to their filing a Second Amended Complaint, and Defendants refused this request. See Defendants' October 21, 2005, Email to Steve Young, attached as Exhibit C to Defendants' Memorandum in Support of Motion to Compel Documents and for Sanctions.

[2] Indeed, despite the parties' agreement that Defendants would respond to Plaintiffs' renewed notice motion by January 9, 2006, Defendants have instead filed a motion to stay the renewed notice motion. Thus, any delay in this case is currently being caused by Defendants, who have forgone the opportunity to respond to the issues in Plaintiffs' recent filings in favor of filing a lengthy opposition to Plaintiffs' motion to amend.

additional claim because doing so is more efficient than filing a new case,[3] which would likely be consolidated with this matter as a related case anyway. Defendants' complaints do not constitute the sort of undue prejudice required to overcome the presumption in favor of granting leave to amend.

### (b) Plaintiffs' Proposed Amendments Were Not Unduly Delayed

Given that this case is still at a very early stage, with the Court not having yet ruled on the initial issue in the case—Plaintiffs' Motion to facilitate § 216(b) notice—there is no reason for the Court to consider the proposed amendments unduly delayed. Moreover, Plaintiffs filed the instant motion not very long after counsel were able to thoroughly research the relevant issues and prepare the motion, second amended complaint, and renewed motion to facilitate 216(b) notice. Plaintiffs received Defendants' initial disclosures, from which they determined that they had an additional theory of FLSA liability, in June 2005, while their lead counsel, Shannon Liss-Riordan, was out of the office on maternity leave. After her return in September 2005, she and her associate counsel, Stephen Young, spent considerable time analyzing the case, determining what needed to be done to prepare the reply to Defendants' opposition to the original motion for 216(b) notice, and reviewing Defendants' initial disclosures. In reviewing the available evidence,[4] including Defendants' initial disclosures, Plaintiffs' counsel determined that Defendants' policies violated the FLSA's salary basis test in

---

[3]   Plaintiffs' mentioning that they will file a new case if their motion to amend is denied is simply common sense and not, as Defendants suggest, a "threat." Opposition, p. 9, n. 6.

[4]   Defendants' assertion that Plaintiffs relied on no "new" evidence in preparing their reply brief is both irrelevant and untrue. Plaintiffs researched Defendants' employment practices and job descriptions, mostly through Defendants' websites, and found new evidence in support of their original notice motion. Moreover, as Plaintiffs stated in their reply to Defendants' opposition to the Original Notice Motion, they did not believe that any further discovery was necessary at that time and had not stated definitively at the Scheduling Conference that they would do so.

addition to the duties test. Plaintiffs then thoroughly researched this violation while also preparing their reply to Defendants' opposition to their motion for 216(b) notice. After filing Plaintiffs' reply brief on October 21, 2005, Plaintiffs' counsel finalized their research and briefing and filed the instant Motion to Amend, proposed Second Amended Complaint, and Renewed Motion to Facilitate 216(b) Notice the following month.

Defendants complain that "Plaintiffs' delay of one year between the original complaint and the current Motion to Amend is inexplicable" and that "Plaintiffs provide no explanation to the Court as to why the proposed amendment was not sought months ago." Opposition, p. 6. However, Defendants are fully aware of the explanation, as described above.

Furthermore, Plaintiffs' "delay" of two or three months between September and November 2005 while researching their new claim (following Attorney Liss-Riordan's return from maternity leave) is nowhere near the substantial delays – often spanning several years – which courts have deemed sufficient to defeat the presumption that leave to amend should be "freely given." See Carmona v. Toledo, 215 F.3d at 136 ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself, to disallow an amendment of a pleading.") (quoting Tefft v. Seward, 689 F.2d 637, 639, n. 2 (6th Cir. 1982) (reversing district court's denial of amendment based on four-year delay)); see also Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir. 1995) (affirming denial of amendment "after nearly five years of litigation and a prior amendment of the complaint, and with the trial less than three months away"); Wolf v. Reliance Standard Life Ins. Co., 71 F.3d

6

444, 450 (1st Cir. 1995) (affirming denial of amendment based in part on undue delay where party attempted to amend "five days before trial," and nearly three years after filing the original complaint).

### (c) **Plaintiffs Proposed Amendments Are in Good Faith**

Defendants also argue that Plaintiffs' motion was filed in bad faith, basing this claim on their unsupported assertion that Plaintiffs' motion is "purely tactical" and that Plaintiffs "clearly anticipate … an adverse ruling" on their original notice motion. Opposition, pp. 1, 4.  Plaintiffs filed their motion to amend because the proposed amendments assert an important and viable claim of recovery and for no other reason. Moreover, Plaintiffs do not anticipate an adverse ruling on their original motion, for the reasons discussed in their reply brief.  Defendants' claim that Plaintiffs' motion was designed to "forestall" a ruling on the original notice motion is also groundless. Although Plaintiffs contend that their renewed notice motion could make certification of the more limited class proposed in the original notice motion unnecessary, Plaintiffs' earlier claims and notice motion are still pending, and the Court may choose to consider the two notice motions separately or may choose to distinguish the notice that would be sent to the more limited class.  Thus, Plaintiffs' recent filings are not intended to forestall any such decision but instead to put all relevant issues before the Court at the same time.

### III. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs' Motion to Amend should be granted, and Defendants' request for costs and fees should be denied.

                                            Respectfully submitted,

                                            IAN O'DONNELL and DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,

                                            By their attorneys,

                                            _s/Shannon Liss-Riordan_____
                                            Shannon Liss-Riordan, BBO #640716
                                            Stephen Young, BBO #662914
                                            PYLE, ROME, LICHTEN, EHRENBERG,
                                            & LISS-RIORDAN, P.C.
                                            18 Tremont Street, 5th Floor
                                            Boston, MA 02108
Dated: January 24, 2006                 (617) 367-7200