United States District Court
District of Massachusetts

```
                                    )
IAN O'DONNELL and                   )
DAVID JOLICOEUR, on behalf of       )
themselves and others similarly     )
situated,                           )
                                    )   Civil Action No.
            Plaintiffs,             )   04-12719-NMG
                                    )
       v.                           )
                                    )
ROBERT HALF INTERNATIONAL, INC.     )
and ROBERT HALF CORPORATION,        )
                                    )
            Defendants.             )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

The plaintiffs, Ian O'Donnell ("O'Donnell") and David Jolicoeur ("Jolicoeur"), seek a conditional certification of a class in a class action against Robert Half International, Inc. and Robert Half Corporation (collectively "RHI") under 29 U.S.C. § 216. That statute permits employee-plaintiffs to represent similarly situated employees in an action for violation of the Fair Labor Standards Act ("the FLSA").[1]

I. **Background**

RHI is a "staffing firm" based in Menlo Park, California,

---

[1] This kind of "class action" is not brought pursuant to Fed. R. Civ. P. 23, though much of the same terminology is employed.

-1-

which has offices throughout the country. Plaintiffs are former "Staffing Managers" of RHI in the "Accountemps" division of the Boston, Massachusetts office. They allege that RHI has deprived them of overtime pay to which they are entitled by improperly characterizing them as exempt employees under the FLSA. Plaintiffs claim is, essentially, that they were tightly-controlled telephone operators who had no discretion or managerial authority and, therefore, should have been treated as employees eligible for overtime.

On December 1, 2004, plaintiffs filed a complaint in state court alleging two counts: 1) violation of M.G.L. c. 151 § 1A,1B (mandating payment of overtime wage to certain kinds of employees) and 2) violation of the FLSA, 29 U.S.C. §§ 201-219 (same). On December 29, 2004, RHI removed the case to this Court on federal question grounds.

### III. **Motion to Certify**

On May 11, 2005, plaintiffs moved to "conditionally" certify a proposed class and for a Court Order of notice to putative class members. The putative class includes:

> all current and former Staffing Managers, Account Executives or Account Managers employed in any state other than California within the last three (3) years immediately preceding the filing of the Complaint.

Plaintiffs offer affidavits of the two named plaintiffs detailing their daily duties and stating that they are aware of other

employees who are interested in joining the suit.

RHI opposes the motion and argues that 1) the employees in the putative class are not "similarly situated" with the named plaintiffs, 2) there is no credible evidence that putative class members are interested in joining suit, 3) collective treatment of this case would be inefficient as a result of the individualized determinations required under the FLSA, 4) plaintiffs are not proper representatives of the putative class and 5) plaintiffs' proposed notice form is inappropriate and biased.

The FLSA requires that employees be compensated for hours worked in excess of 40 hours per week at a minimum rate of one and one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1). Employees are, however, exempt if they are "employed in a bona fide executive, administrative, or professional capacity". 29 U.S.C. § 213(a)(1). This action concerns whether the plaintiffs were properly exempted.

Pursuant to § 216(b), an action for violation of the FLSA may be maintained "against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." That provision has been construed to establish an "opt-in" class action scheme whereby potential plaintiff-employees may affirmatively notify the court of their intention to become a party in order to be bound by the action.

Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001). District courts have discretion to implement § 216(b) by notifying putative plaintiffs of the pendency of the action. Id.

A class may be conditionally certified and notified of the pendency of an action only if the putative class members are "similarly situated" with the named plaintiffs. See id. The First Circuit Court of Appeals has not addressed how that inquiry is to be accomplished but, in 2001, this session did so in the Kane case.[2]

In Kane, this Court endorsed a "two-tiered" approach to determining whether named plaintiffs and putative class members are similarly situated:

1) the "notice stage", in which the Court relies upon the pleadings and any affidavits to determine, under a "fairly lenient standard", whether the putative class members "were subject to a single, decision, policy, or plan that violated the law"; and

2) the second stage, wherein, after discovery, a defendant may move for de-certification if the plaintiffs are shown not to be similarly situated.

Id. In this case, we are in the first stage.

Plaintiffs move for conditional certification of a class of:

all current and former Staffing Managers, Account Executives or Account Managers employed in any state other than California within the last three (3) years immediately

---

[2] Other district courts have approved this Court's reasoning in Kane and adopted its approach. See, e.g., Melendez Cintron v. Hershey P.R., Inc., 363 F. Supp. 2d 10, 15 n.5 (D.P.R. 2005).

preceding the filing of the Complaint.
They also seek an order compelling RHI to provide names, mailing and e-mail addresses, telephone numbers and dates of employment of all such individuals and permitting notice to be sent to them by the plaintiffs.

As a preliminary matter, plaintiffs have provided conflicting descriptions of the group they seek to notify of the pendency of this case.  In their First Amended Complaint, they assert their claims on behalf of all staffing professionals "employed by Defendants in any of their divisions in any state except Massachusetts and California, within three (3) years of the filing of this Complaint...."  In the aforementioned motion for conditional certification, the plaintiffs propose notice to all staffing professionals "employed in any state other than California" and in their accompanying memorandum, they argue for an order requiring RHI to provide information on staffing professionals "employed anywhere in the United States".  Those conflicting descriptions make it unclear for which group the plaintiffs actually seek conditional certification.

Notwithstanding that conflict, it is clear that plaintiffs have overreached in their motion for conditional certification. Employees may proceed as a class only to the extent they "were subject to a single, decision, policy, or plan that violated the law".  Kane, 138 F. Supp. 2d at 214.  RHI is a large company with

-5-

a business presence throughout the country. Plaintiffs are two former Staffing Managers in a single division (Accountemps) of a single office (Boston, Massachusetts) of RHI. Although O'Donnell worked in RHI's office in Danbury, Connecticut for a short time, he did so during a time period that was probably outside the statute of limitations. See 29 U.S.C. 255(a) (the statute of limitations on FLSA claims is two years but is three years if the alleged violation was willful). Moreover, his experience at RHI's office in Westborough, Massachusetts was limited to seven months, most of which period was outside the statute of limitations.

Plaintiffs describe their employment as "Staffing Managers, Account Executives, and Account Managers ...", thereby purporting to speak generally for all such employees, but offer no justification for doing so. The only evidence offered are the affidavits of the individual plaintiffs, neither of whom has personal knowledge of the practices of RHI management in other divisions or offices. It is thus far from clear that the plaintiffs are similarly situated with: 1) Account Executives and Account Managers, 2) employees outside the Accountemps Division or 3) employees in other parts of the country.

Under the FLSA, the question of whether an employee is properly exempted involves a fact-intensive inquiry into his/her job responsibilities and autonomy, the management style of the

-6-

employee's supervisor and whether that employee worked over 40 hours per week. One cannot merely assume, as the plaintiffs have here, that RHI employees throughout the country and corporate structure were subject to the same "policy" of an allegedly improper exemption. Plaintiffs need to show more.

In Kane, for instance, a conditional certification was allowed because 1) plaintiff sought to certify a "discrete" class of only 50-100 people, 2) all of whom had worked on a single construction job under a single supervisor and 3) had been subjected to the same explicit policy under one particular construction contract. Id. at 215. In support of his motion, Mr. Kane submitted a list of 51 specific employees who he contended had been underpaid. Id. In stark contrast, the class here would number in the thousands, would include unidentified individuals in different departments and locations and would involve those working under different management.

Moreover, the plaintiffs have failed to demonstrate that any of the putative class members are interested in joining the suit. Courts have considered such interest to be a requirement to justify conditional certification of a class. See, e.g., Pfohl v. Farmers Ins. Group, 2004 WL 554834, *10 (C.D. Cal. 2004); Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1236-37 (M.D. Ala. 2003). Plaintiffs' affidavits state that each plaintiff is "familiar with other current and former employees of

-7-

the Company", and that he "believe[s]" many of these people would be interested in participating in the litigation but they fail to identify by name a single member of the putative class ready to participate.[3] Moreover, plaintiffs' personal beliefs, by themselves, are insufficient as a matter of law to satisfy their burden of proof. See Horne, 279 F. Supp. 2d at 1236-37 (holding that plaintiff's affidavit testimony that he "believes" other similarly situated putative class members exist and desire to opt into the case was insufficient to warrant conditional certification).

At the scheduling conference on August 19, 2005, plaintiffs attempted to address the described difficulties and sought leave of the Court to file a reply brief to RHI's opposition to their motion for conditional certification, which the Court allowed. Plaintiffs' responses at the conference and in their subsequent memorandum have failed to convince the Court that the employees in the putative class are "similarly situated" with the named plaintiffs or that putative class members are interested in joining the suit. The Court need not consider RHI's other arguments in opposition. Plaintiffs' motion for conditional

---

[3] Nearly a year after filing their original complaint in state court, plaintiffs did add one new plaintiff, Stacey Moore ("Moore"), in their proposed amended complaint. The amended complaint states that Moore worked as an Account Manager in the Creative Group Division at RHI's Boston office from May, 2003, until February, 2004. No other plaintiffs were added.

certification and to facilitate § 216(b) notice will be denied.

## IV. Motion to Amend

While this Court was considering plaintiffs' motion for conditional certification of the class and to facilitate § 216(b) notice, plaintiffs moved to amend their complaint on November 30, 2005. That amendment would add a new lead plaintiff and allege new facts in support of an alternative theory of RHI's liability for failure to pay overtime pay as required under the FLSA. The pending complaint alleges that RHI misclassified the plaintiffs as exempt employees because they failed to meet the "duties" test. The proposed amended complaint alleges that RHI classified plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA despite RHI's violation of the "salary basis" test. The new complaint contends that a broader class of employees has been affected by the defendants' violation of the FLSA and the new class would include <u>all</u> employees that RHI has designated as exempt within the statutory period.

According to Fed. R. Civ. P. 15(a), leave to amend will be "freely given" when justice so requires unless the amendment "would be futile or reward, *inter alia*, undue or intended delay". <u>Resolution Trust Corp.</u> v. <u>Gold</u>, 30 F.3d 251, 253 (1st Cir. 1994)(internal citations omitted). Plaintiffs' motion will not be allowed if it is the product of "undue delay, bad faith,

dilatory motive on the part of the movant, or futility". <u>Carmona</u> v. <u>Toledo</u>, 215 F.3d 124, 136 (1st Cir. 2000).

Under that standard, there is no reason to deny the plaintiffs the opportunity to amend their complaint. This litigation remains in the early stages and is not nearly ready for trial. Thus, amendment of the complaint by the plaintiffs will not prejudice the defendants. <u>See</u> <u>Executive Leasing Corp.</u> v. <u>Banco Popular de P.R.</u>, 48 F.3d 66, 71 (1st Cir. 1995)("The further along a case is toward trial, the greater the threat of prejudice and delay").

Moreover, the proposed amendments are not dilatory given the time-line of events. Plaintiffs received RHI's initial disclosures in June, 2005. Those disclosures were received while plaintiffs' lead counsel was on maternity leave. She returned from leave in September, 2005, and diligently reviewed the material. From those disclosures, plaintiffs developed an additional theory of FLSA liability. In October, 2005, plaintiffs alerted RHI of their intention to amend their complaint to allege a second theory of liability under the FLSA and briefly outlined that theory in their reply brief in support of the first motion to facilitate § 216(b) notice. Plaintiffs ultimately filed the motion to amend on November 30, 2005.

There is no evidence that plaintiffs filed the motion to amend in bad faith. RHI offers supposition and speculation

-10-

regarding plaintiffs' motives, specifically arguing that they took an interest in amending their complaint only after this Court expressed skepticism at the scheduling conference on August 19, 2005, with respect to plaintiffs' first theory of FLSA liability. Nevertheless, in the absence of proof, RHI's arguments are unpersuasive.

Furthermore, plaintiffs' amendments will likely promote judicial efficiency because all current and former employees of RHI who have legitimate claims against it under the FLSA will now be able to resolve those claims in this action. At this stage of the litigation, plaintiffs' proposed amendments do not appear to be futile and their claims will be heard on their merits.

### V.  Motion to Compel

On November 30, 2005, RHI moved the Court to compel the plaintiffs to produce certain documents. Specifically, RHI had served requests for production of documents, pursuant to Fed. R. Civ. P. 34, on June 2, 2005. Plaintiffs failed to respond within the requisite 30-day time period and RHI raised the issue at the scheduling conference on August 19, 2005. This Court ordered the plaintiffs to respond to the requests "forthwith" but limited its order to documents pertaining to the issues raised by plaintiffs' then-pending motion to facilitate § 216(b) notice.

RHI asserts that the plaintiffs flouted that order for more

than three months and that this Court should compel them to produce the requested documents and sanction them for being in contempt. Plaintiffs respond that RHI failed to send a revised document request after the scheduling conference of August 19, 2005, to limit the scope of the request as directed by the Court. After RHI's motion to compel on November 30, plaintiffs allegedly attempted to produce documents to respond to RHI's original requests but noted their objection to requests that they deemed beyond the scope of permitted discovery. Following the production of those documents, plaintiffs sought to have RHI withdraw its motion to compel and contends that they have produced all documents that are relevant and non-privileged that they were required to produce by the Court order.

The Court finds that plaintiffs were dilatory with respect to RHI's first request for production in June, 2005. They neither served objections nor sought a protective order but rather sat on their hands. This Court made its position very clear at the scheduling conference in August and ordered the plaintiffs to respond "forthwith". In an attempt to ease the plaintiffs' burden, it limited the scope of the required production and the matter should have been resolved then and there. It was not and the plaintiffs will therefore pay for their intransigence.

As a sanction, the plaintiffs shall pay to the defendants

forthwith $2,000 for having forced them to pursue this matter in court. Plaintiffs need not, however, produce the documents pertaining to the issues raised by plaintiffs' first motion to facilitate § 216(b) given that the request has been mooted by this Court's denial of that motion announced herein.

### ORDER

In accordance with the foregoing:

1) Plaintiffs' First Motion to Facilitate § 216(b) Notice (Docket No. 11) is **DENIED**;

2) Plaintiffs' Motion to Amend Complaint (Docket No. 34) is **ALLOWED**;

3) Defendants' Motion to Compel Production of Documents and for Sanctions (Docket No. 31) is **ALLOWED**, to the extent that Plaintiffs shall pay to the defendants forthwith, Two Thousand Dollars ($2,000) for having to pursue this matter in court, but is, in all other respects, **DENIED AS MOOT**; and

4) Defendants' Motion to Stay Plaintiffs' Renewed Motion to Facilitate § 216(b) Notice (Docket No. 41) is **ALLOWED**, insofar as Defendants will have thirty (30) days from the date of this Order to file their opposition to Plaintiffs' Renewed Motion to Facilitate § 216(b) Notice, but is, otherwise **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 30, 2006