UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR AND STACEY MOORE, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL, INC. AND ROBERT HALF CORPORATION<br><br>Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.  04-CV-12719 NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO SECOND AMENDED COMPLAINT**

The Defendants, Robert Half International Inc. and Robert Half Corporation (collectively "Defendants" or "RHI"), answer the Second Amended Complaint filed in this matter by Ian O'Donnell ("O'Donnell"), David Jolicoeur ("Jolicoeur"), and Stacey Moore ("Moore") (collectively "Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1.  To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that consents to sue were filed on behalf of Plaintiffs and otherwise deny the allegations in Paragraph 1.

2.  To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 2.

3. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 3.

4. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 4.

## BACKGROUND AND PARTIES

5. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated against Robert Half International Inc. and Robert Half Corporation. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all persons who are or have been employed by Defendants as Staffing Managers, Recruiting Managers, Account Executives, or Account Managers and on behalf of all persons who are or have been employed by Defendants as Salaried Employees. Defendants deny the remaining allegations in Paragraph 8.

9. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to seek certification of four classes as described in Paragraphs 8-10 and 35-37.

10. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to seek certification of four classes as described in Paragraphs 8-10 and 35-37.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning O'Donnell's residence and therefore deny same. Defendants admit that O'Donnell worked as a Staffing Manager in Defendants' Danbury, Connecticut, Westborough, Massachusetts, and Boston, Massachusetts, offices. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jolicoeur's residence and therefore deny same. Defendants admit that Jolicoeur worked in Defendants' Boston, Massachusetts, office. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Moore's residence and therefore deny same. Defendants admit that Moore worked in Defendants' Boston, Massachusetts, office. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit that RHI maintains a website and state that the website speaks for itself. Defendants deny the remaining allegations in Paragraph 16.

17. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 17.

### **FACTUAL ALLEGATIONS**

18. Defendants admit that RHI's Staffing Managers, Recruiting Managers, Account Executives, Account Managers and other Salaried Employees are paid a salary and that, as exempt employees, they worked as necessary to perform their job duties. Defendants deny the remaining allegations in Paragraph 18.

19. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that the job duties of RHI's Staffing Managers, Recruiting Managers, Account Executives, and Account Managers include making telephone calls to RHI's existing clients and potential new clients. Defendants deny the remaining allegations in Paragraph 19.

20. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 20.

21. Defendants admit that RHI's Staffing Managers, Recruiting Managers, Account Executives, and Account Managers were required to perform their job duties, which included

making sales calls related to the general business operations of RHI, its existing clients, and its potential clients. Defendants deny the remaining allegations in Paragraph 21.

22. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 22. In further answering, Defendants state that they properly classified Staffing Managers, Recruiting Managers, Account Executives, and Account Managers as exempt from the overtime compensation requirements of the Massachusetts Wage Act and the federal Fair Labor Standards Act.

23. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 23.

24. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 24.

25. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 25.

26. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 26.

BO1 15777994.1

27. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 27.

28. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 28.

29. Defendants admit that they distribute documents describing their policies and benefits to employees and otherwise deny the allegations in Paragraph 29.

30. Defendants admit that they distribute documents describing their policies and benefits to employees. Defendants further state that all documents describing their policies and benefits speak for themselves. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that they distribute documents describing paid time off. Defendants further state that documents regarding their CHOICE Time Off ("CTO") policies speak for themselves.

32. Defendants admit that they distribute documents describing paid time off. Defendants further state that documents regarding their CTO policies speak for themselves.

33. Defendants admit that they distribute documents describing paid time off. Defendants further state that documents regarding their CTO policies speak for themselves.

BO1 15777994.1

-7-

34. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 34.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

35. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring Count I as a class action on behalf of a class described in Paragraphs 8-10 and 35-37. Defendants deny the remaining allegations in Paragraph 35.

36. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring Count II as a collective action on behalf of a class described in Paragraphs 8-10 and 35-37. Defendants deny the remaining allegations in Paragraph 36.

37. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 37.

38. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 38.

39. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 39.

40. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 40.

41. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 41.

42. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 42.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny same.

44. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 44.

**CAUSES OF ACTION**

**COUNT I: FAILURE TO PAY STATUTORILY MANDATED WAGES**
**(Violation Of Massachusetts General Laws Chapter 151, §§ 1A, 1B)**

45. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 44 of the Complaint.

46. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 46.

47. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 47.

48. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 48.

49. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 49.

50. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 50.

51. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 51.

52. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 52.

53. Defendants admit that they were aware of their policies and of the duties performed by RHI's Staffing Managers, Recruiting Managers, Account Executives, and Account Managers. Defendants deny the remaining allegations in Paragraph 53.

54. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 54.

### COUNT II: FAILURE TO PAY STATUTORILY MANDATED WAGES
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219)

55. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 54 of the Complaint.

56. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 56.

57. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 57.

58. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 58.

59. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 59.

60. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 60.

61. Defendants admit that they were aware of their policies and of the duties performed by RHI's Staffing Managers, Recruiting Managers, Account Executives, and Account Managers, including Plaintiffs. In further answering, Defendants state that they properly classified Staffing Managers, Recruiting Managers, Account Executives, and Account Managers as exempt from the overtime compensation requirements of the Massachusetts Wage Act and the federal Fair Labor Standards Act. Defendants deny the remaining allegations in Paragraph 61.

62. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 62.

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent are barred by the doctrine of waiver.

### SEVENTH ADDITIONAL DEFENSE

Based on the terms of their employment agreement, Plaintiffs and the people they purport to represent have waived any claims in this action based on conduct occurring more than six months prior to the termination of the respective employment.

### EIGHTH ADDITIONAL DEFENSE

Plaintiffs and the people they purport to represent have acquiesced or consented to the matters alleged in the Complaint.

### NINTH ADDITIONAL DEFENSE

At all times relevant and material to this matter, Plaintiffs and the persons in the putative classes were exempt from the overtime compensation requirements of Massachusetts and federal law because they were employed in an administrative, executive, professional, and/or relevant sales capacity within the meanings of the applicable statutes and regulations.

### TENTH ADDITIONAL DEFENSE

Plaintiffs and the persons in the putative classes are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the overtime compensation provisions of Massachusetts or federal law.

### ELEVENTH ADDITIONAL DEFENSE

In treating Plaintiffs and persons in the putative classes as exempt from overtime pay requirements, Defendants acted in good faith and in conformity with opinions issued by the

United States Department of Labor classifying positions similar to the ones at issue in this matter as exempt from overtime pay requirements.

## TWELFTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent cannot be properly certified or maintained as a class action pursuant to Fed. R. Civ. P. 23 or as a collective action pursuant to 29 U.S.C. §216(b).

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are not typical of the claims, if any, of the members of the classes they seek to represent.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs are not adequate representatives of the members of the classes they seek to represent.

## FIFTEENTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent are barred, in whole or in part, by their failure to satisfy jurisdictional prerequisites.

## SIXTEENTH ADDITIONAL DEFENSE

Some of the activities performed by Plaintiffs and the people they purport to represent while they claim to have been "on duty" are preliminary or postliminary within the scope of 29 U.S.C. § 254 and must, therefore, be excluded from any calculation of minimum wages and/or overtime pay owed to the Plaintiffs and the people they purport to represent.

## RESERVATION OF RIGHTS

Defendants reserve the right to raise additional defenses as may be discovered during the course of these proceedings.

WHEREFORE Defendants Robert Half International Inc. and Robert Half Corporation pray that the Second Amended Complaint be dismissed and that the Court provide Defendants with such other remedies as are appropriate under the circumstances.

|  |  |
|---|---|
|  | Respectfully submitted,<br>ROBERT HALF INTERNATIONAL INC. and<br>ROBERT HALF CORPORATION<br>By their Attorneys, |
|  | /s/ Richard L. Alfred<br>Richard L. Alfred (BBO # 015000)<br>Krista G. Pratt (BBO # 644741)<br>Barry J. Miller (BBO # 661596 )<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane<br>Suite 300<br>Boston, MA 02210-2028<br>Telephone:    (617) 946-4800 |
| DATED:  May 16, 2006 | Telecopier:   (617) 946-4801 |

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 16, 2006.

A true courtesy copy of the above document was served on Shannon Liss-Riordan, an attorney for Plaintiffs, Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, 18 Tremont Street, Suite 500, Boston, MA 02109, by first class mail on May 16, 2006.

/s/ Krista Green Pratt
Krista Green Pratt