UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR, AND STACEY MOORE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 04-CV-12719 NMG |

**DEFENDANTS' SURREPLY IN FURTHER OPPOSITION
TO PLAINTIFFS' RENEWED MOTION TO FACILITATE § 216(b) NOTICE**

Defendants Robert Half International Inc. and Robert Half Corporation (together "RHI" or the "Company") submit this Surreply in response to Plaintiffs' Reply ("Reply") in support of their Renewed Motion to Facilitate § 216(b) Notice ("Renewed Motion").  Plaintiffs' Reply is their <u>fourth</u> brief in support of conditional certification, yet they still provide absolutely no evidence that the putative class members are similarly situated or interested in joining the litigation.  Indeed, Plaintiffs now seek conditional certification of a much broader class of potentially several thousand employees, including RHI's entire salaried exempt workforce, but rely on the same so-called "evidence" that doomed their first failed attempt to conditionally certify a class ("Initial Motion").  Furthermore, Plaintiffs seek to persuade the Court to conditionally certify an even larger class without an iota of evidence that Plaintiffs or any other individuals ever experienced actual violations of the salary basis test.  In fact, Plaintiffs provide no evidence that the policy even violates the law.  Rather, they argue that the <u>mere existence</u> of

the Company's Choice Time Off ("CTO") policy demonstrates that every salaried employee at RHI - a massive class of thousands of individuals - is similarly situated. Their argument ignores the plain language of the policy itself, which provides that managers have discretion in applying the policy to individual employees, and the uncontradicted evidence showing the application of that discretion to Plaintiff Stacey Moore ("Moore"). Against this factual background, the mere existence of a policy that provides some guidance to managers in tracking time off taken by their subordinates is grossly insufficient to meet Plaintiffs' burden of showing that members of the putative class are similarly situated.

In their Reply, Plaintiffs also blatantly ignore this Court's prior rulings and recite many of the same unsuccessful arguments they set forth in their first motion to facilitate notice. For example, Plaintiffs continue to argue that their burden is virtually nonexistent at this stage of certification, despite the fact that the Court has <u>repeatedly</u> stated otherwise. *See* Transcript of August 19, 2005, Scheduling Conference ("Trans."), 12: 2-5; Order, pp. 5-8. Similarly, even though this Court has stressed the importance of demonstrating interest by putative class members, *id*., Plaintiffs ignore this element and fail to address the manifest lack of interest of putative class members. Plaintiffs now purport to speak for an even larger and more diverse group of employees working in different divisions, reporting to numerous different managers, and employed in many locations throughout the nation, but they still offer no justification for doing so.

Plaintiffs' Reply constitutes a desperate, last-ditch attempt to conditionally certify this case despite the complete lack of evidence demonstrating that putative class members are similarly situated or interested in participating in this litigation. The Court should, therefore, deny Plaintiffs' Renewed Motion.

## ARGUMENT

I. **Plaintiffs Disregard or Misinterpret the Legal Standard for Certification Articulated by This Court.**

Plaintiffs' Reply once again attempts to sidestep the standard for conditional certification articulated by this Court. In its Order denying Plaintiffs' Initial Motion, the Court recognized that Plaintiffs' burden is substantial when it found that Plaintiffs had "overreached in their motion for conditional certification" because their arguments were based on assumptions and unsubstantiated personal beliefs.[1] Order, pp. 5-8. The Court's Order also expanded upon the standard it adopted in *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, which Plaintiffs continue to cite and quote extensively, explaining that the *Kane* plaintiffs sought certification of a small, discrete class of specified individuals. Yet in their Renewed Motion and Reply, Plaintiffs once again propose the same unduly lenient burden suggested in their Renewed Motion and Reply. Plaintiffs continue to press for certification of a class that "would number in the thousands, would include unidentified individuals in different departments and locations and would involve those working under different management." Order, p. 7. Plaintiffs seek certification of RHI's entire exempt workforce, employed over a period of years, on the basis of the CTO policy's mere existence. In short, Plaintiffs still argue that they are required to make no factual showing at all to support their claim that members of the putative class are similarly

---

[1] Since the Court's ruling on Plaintiff's Initial Motion, other courts have continued to recognize that a plaintiff in an FLSA collective action must make a genuine factual showing to meet his burden in moving for conditional certification. Most recently, the U.S. District Court for the District of New Jersey denied a plaintiff's motion for conditional certification where he offered nothing more than vague and unsupported speculation regarding the circumstances of the other employees in the putative class. *Armstrong v. Weichert Realtors*, 2006 U.S. Dist. LEXIS 31351, *4 (D.N.J.). (denying conditional certification where plaintiff relied only on affidavit testimony that included no information about any other specific individuals who were allegedly subject to FLSA violation). In reaching this conclusion, the court recognized that the "risk of allowing conditional certification on such minimal evidence is that it can facilitate class action abuse." *Id.*, *5.

situated, notwithstanding the substantial burden they seek to impose on the Court and RHI and despite this Court's prior ruling to the contrary.[2]

## II. Plaintiffs Continue To Ignore This Court's Requirement That Plaintiffs Demonstrate That Putative Class Members Are Interested in Joining the Litigation.

In its March 6, 2006, Memorandum & Order, this Court clearly and unambiguously recognized that in addition to showing that members of the putative class are similarly situated, Plaintiffs must show that members of the putative class are interested in participating in the litigation to justify conditional certification of a class. The Court stated:

> Moreover, the plaintiffs have failed to demonstrate that any of the putative class members are interested in joining the suit. Courts have considered such interest to be a requirement to justify conditional certification of a class. Plaintiffs' affidavits state that each plaintiff is "familiar with other current and former employees of the Company", and that he "believe[s]" many of these people would be interested in participating in the litigation but they fail to identify by name a single member of the putative class ready to participate. Moreover, plaintiffs' personal beliefs, by themselves, are insufficient as a matter of law to satisfy their burden of proof.

Order, p. 8 [internal citations omitted]. Plaintiffs show complete and utter disregard for this Court's decision in arguing that "Defendants' claim that the lack of opt-in plaintiffs to date in

---

[2] The new cases Plaintiff's cite in support of their argument that they need merely to identify a common challenged policy to meet their burden in moving for conditional certification also fail to support their position. In their Reply, Plaintiffs cite three cases and claim that "[w]hen plaintiffs have presented evidence of a common policy through a company handbook, courts have granted conditional class certification." Reply, p.3 n.3. In first case, *Kalish v. High Tech Institute, Inc.*, the court considered the defendant's employee handbook only in the context of other evidence that, on the whole, established that the instructors in the putative class had similar job duties, including the fact that all followed the same curriculum and administered the same tests. *See* 2005 WL 1073645, *8 (D. Minn.). The second case, *Johnson v. TGF Precision Haircutters, Inc.*, presents no reasoning for its conclusion that members of the putative class were similarly situated in its three-sentence order on plaintiff's motion to conditionally certify a class. 319 F. Supp. 2d 753, 755 (S.D. Tex. 2004). It is clear that the court relied on affidavits that apparently provided some evidence probative of the issue presented. *Id*. (". . . the affidavits and employee handbook submitted by Plaintiff constitute sufficient evidence . . ."). The third case, *Shipes v. Trinity Industries*, is a Rule 23 race discrimination class action case that bears no relationship to the standard for conditional certification of an FLSA case. *See* 987 F.2d 311, 315-16 (5th Cir. 1993). Moreover, the court in *Shipes* expressly relied on, among other things, evidence that supervisors at different facilities did, in practice, treat individuals in a common way. *Id*. at 316. In their four briefs on the subject of conditional certification to date, Plaintiffs identify no case in which a court has reasoned that the mere existence of a personnel policy that may or may not give rise to a violation of the law is sufficient to justify certifying a conditional FLSA class, much less a massive and diverse case like the one Plaintiffs seek to certify in this matter.

this case somehow signals that there is a lack of interest in this case. . .is absurd." Reply, p. 2. This case has been pending for <u>one and a half years</u>, and Plaintiffs have presented <u>no</u> evidence that members of the class are interested in joining this case. Not a single individual has joined this case since the Court entered its Order, and Plaintiffs continue to rely on the <u>same</u> <u>affidavits</u> that the Court previously recognized as inadequate. Plaintiffs, therefore, still cannot meet their burden of showing an interest among the putative class members in participating in this litigation.

### III. Plaintiffs Offer No Evidence to Support Their Claim That Members of the Putative Class Were Subject to a Common Plan or Policy <u>That Violated the Law</u>.

Plaintiffs continue to argue that they need only show that Defendants' CTO policy "on its face applies to all exempt employees" in order to meet their burden of establishing that putative class members are similarly situated. Reply, p. 2. This argument ignores the Court's requirement, articulated both in this case and *Kane*, that Plaintiffs demonstrate that putative class members "were subject to a single decision, policy, or plan <u>that violated the law</u>." Order, p. 5 (citing *Kane*); *Kane*, 138 F. Supp. 2d at 214 (emphasis added) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). As discussed in Defendants' Opposition to the Renewed Motion ("Opposition"), Plaintiffs provide no evidence that the CTO policy violates any laws, even if the Court looks only at the "face" of the policy, as Plaintiffs urge. *See* Opposition, pp. 13-15. Moreover, there is no uniform "single policy" applicable to all exempt employees. The CTO policy states, <u>on its face</u>, that managers have discretion in applying the policy, including whether to deduct CTO time from an employee's leave bank. That discretion means that the application of the CTO policy varies based on the individual manager's judgment. *See* RHI Employee Handbook: CHOICE Time Off, attached as Exhibit D to Renewed Motion, p. 8 (Bates labeled RHI 0000148) ("*If approved by the supervisor*, CTO time may be taken before it

is actually earned.") (emphasis added); p. 11 ("Managers need to look at the *individual circumstances* and *apply judgment* as to when to apply greater flexibility.") (emphasis added); p. 11 ("Employees who have questions on how to record their time should consult with their manager, who will look at the *individual circumstances* and *apply judgment* as to how to record the time.") (emphasis added).

Plaintiffs claim that even if managers apply the policy differently, this "could not possibly undermine the appropriateness of conditional certification." Reply, n.1.  Plaintiffs again misinterpret and misapply the conditional certification standard.  Since putative class members report to different managers and the policy is applied by local managers exercising their own judgment and discretion, an individual assessment of each putative class member's situation would be necessary in order to determine whether each individual was subject to any violations.  Hence, the putative class members are clearly not similarly situated.

In addition, Plaintiffs themselves provide evidence of managerial discretion in applying the CTO policy.  Moore's affidavit contains factual allegations that she was charged a full day of CTO for two half-day absences in July 2003.  *See* Affidavit of Stacey Moore ("Moore Aff."), ¶ 23.  However, regardless of any time off that Moore may have taken, the undisputed evidence shows that <u>no time</u> was deducted from Moore's CTO bank in July 2003, indicating the exercise of discretion by her manager.  In addition, Moore's allegations that <u>her supervisors</u> urged her to take full days off instead of partial days also illustrates that the application of the policy depends on local management and does nothing to establish that the putative class members are similarly situated.  *See* Moore Aff., ¶ 23.

**IV.    Plaintiffs Still Offer No Evidence To Support Their Claim That the CTO Policy, <u>as Applied to Them or Any Other Putative Class Member</u>, Gave Rise to Any Violation of the Salary Basis Test.**

Plaintiffs seek to persuade the Court to conditionally certify a class without evidence of any actual violations of the salary basis test. To establish a violation of the salary basis test with respect to the CTO policy, Plaintiffs must show that (1) deductions were taken from an individual's CTO leave bank for partial-day absences, <u>and</u> (2) that a deduction was taken from that individual's final pay. <u>None of the Plaintiffs have made such a showing</u>. The affidavits submitted by O'Donnell and Jolicoeur make no mention of the CTO policy, deductions from paychecks, or forced absences. Moore's affidavit states only that her supervisors urged her to take full days off as opposed to partial days. Moore Aff., ¶ 23. She does not claim that there were any improper deductions from her paycheck.

Plaintiffs' Reply goes to great lengths to avoid addressing the lack of evidence regarding even a single salary basis test violation. <u>None</u> of Plaintiffs' affidavits present evidence that any putative class members were subject to unlawful pay deductions. Plaintiffs nonsensically argue that they should be able to pursue this case as a collective action notwithstanding the lack of evidence demonstrating even a single violation. Such a result would be absurd, unfair, and unprecedented. There must be some evidence of a salary basis test violation in order to justify certifying a class. Plaintiffs provide no such evidence, nor do they point to a single case in which a court certified a class without any evidence of a violation. This Court should not grant conditional certification based only on the theory that a policy <u>might</u> violate the salary basis test <u>if</u> applied in a certain way by one of the <u>many</u> managers making discretionary decisions regarding the policy.

7

**CONCLUSION**

WHEREFORE, Defendants Robert Half International Inc. and Robert Half Corporation respectfully request that this Court deny Plaintiffs' Renewed Motion to Facilitate § 216(b) Notice.

|  |  |
|---|---|
|  | Respectfully submitted,<br>ROBERT HALF INTERNATIONAL INC.<br>AND ROBERT HALF CORPORATION<br>By their Attorneys,<br><br>      /s/ Richard L. Alfred<br>Richard L. Alfred (BBO # 015000)<br>Krista G. Pratt (BBO # 644741)<br>Barry J. Miller (BBO # 661596 )<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>Telephone:   (617) 946-4800 |
| DATED:  June 9, 2006 | Telecopier:   (617) 946-4801 |

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the Court's ECF system on June 9, 2006.  In addition, a courtesy copy of the above document was served on Shannon Liss-Riordan, an attorney for Plaintiffs at Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, 18 Tremont Street, Suite 500, Boston, MA 02109, by first class mail on June 9, 2006.

              /s/ Barry J. Miller
              Barry J. Miller

8