# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR AND STACEY MOORE, on behalf of themselves and others similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 04-CV-12719 NMG |
| v. | ) ) ) | |
| ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION | ) ) ) | |
| Defendants. | ) ) | |

## OPPOSITION TO PLAINTIFFS' REQUEST
## FOR TOLLING OF STATUTE OF LIMITATIONS

The Defendants, Robert Half International Inc. and Robert Half Corporation (collectively "Defendants" or "RHI") hereby oppose the letter request by Plaintiffs Ian O'Donnell, David Jolicoeur, and Stacey Moore ("Moore") (collectively "Plaintiffs") to toll the statute of limitations as to other individuals who may later choose to join this litigation (docket no. 57), which Plaintiffs' counsel submitted to the Court on August 18, 2006 (the "Request"). As discussed in further detail below, Plaintiffs' Request is procedurally improper because, as the Court has already informed Plaintiffs, any such request must be made by motion. Further, Plaintiffs have provided no valid basis for their Request. Courts have tolled statutes of limitations in Fair Labor Standards Act ("FLSA") cases only upon a showing of some misconduct by the defendant that prevented prospective plaintiffs from asserting their statutory rights. Here, Plaintiffs have themselves caused the delays in the "preliminary issues in this case," which they cite as the grounds for their Request, and they have pointed to no conduct – and can point to no conduct – by RHI that has prejudiced any putative class member in seeking to preserve his or her rights.

Moreover, the relief sought by Plaintiff's Request is not necessary to protect the interests of the putative class that Plaintiffs seek to represent because those individuals are free to toll the statute of limitations as to their own claims at any time by filing a consent to participate in this litigation. The Court should, therefore, deny Plaintiffs' request to toll the statute of limitations in this matter.

## I.    Plaintiffs' Request is Procedurally Improper

The Court need not reach the merits of Plaintiffs' Request because they have attempted to skirt the Court's procedural requirements. Notably, Plaintiffs' letter does not contain a certification that Plaintiffs' counsel has conferred with Defendants' counsel and attempted in good faith to resolve or narrow the issues presented by their request, as required by Local Rule 7.1(A)(2). In fact, Plaintiffs' counsel did not contact RHI's counsel regarding this issue before submitting their Request. This derogation of the Court's procedural rules is an independent basis for the Court to deny the motion. *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass. 1996); s*ee also Converse Inc. v. Reebok Int'l Ltd.*, 328 F. Supp. 2d 166, 171 (D.Mass. 2004) (failure to comply with Local Rule 7.1 is grounds for monetary sanction against moving party, regardless of whether opposing party was harmed by violation).

Plaintiffs have also failed to comply with the dictates of Local Rule 7.1(B)(1), which require a party requesting relief from the Court to file a memorandum of reasons, including citations to supporting authorities, why the request should be granted. In their letter, Plaintiffs point only to delays in the "preliminary issues" in this case, and cite no authority that would support the proposition that such delays are grounds to extend the statute of limitations on claims that have yet to be brought by as-yet unidentified parties. They have, therefore, utterly failed to justify the relief sought in their Request.

Plaintiffs' August 18 letter is not the first time they have asked the Court to toll the statute of limitations as to prospective class members without briefing the issue. At the hearing in this matter on August 19, 2005, Plaintiffs' counsel asked the Court for the same relief. *See* Trans. 17:18 – 18:12.[1] At that hearing, the Court apprised Plaintiffs' counsel that it would entertain the possibility of such relief only if sought by motion. Trans. 19:20-23. The Request included in Plaintiffs' counsel's August 18 letter, therefore, ignores the Court's prior express instructions, in addition to its procedural rules.

## II.    There is No Basis to Toll the Statute of Limitations as Plaintiffs Request

The Court should deny Plaintiffs' Request to toll the statute of limitations as to prospective class members' FLSA claims because they cannot show that any delay in this case was caused by Defendants. Moreover, the relief Plaintiffs seek is unwarranted because putative class members are free to toll the statute of limitations as to their individual claims at any time by filing a consent to participate in this action.

### A.    Plaintiffs Have Themselves Caused any Delays in This Case

In the rare instances in which courts have tolled the statute of limitations in FLSA cases, they have done so only upon a showing that the defendant's conduct has delayed plaintiffs from seeking to vindicate their statutory rights. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, 2004 WL 1918795, *3-4 (S.D.N.Y. 2004) (equitable tolling of FLSA's statute of limitations reserved for "rare and exceptional circumstances" in which plaintiff "is prevented in some *extraordinary way* from exercising his rights") (emphasis in original); *Viciedo v. New Horizons Computer Learning Ctr. of Columbus, Ltd.*, 246 F. Supp. 2d 886, 903-04 (S.D. Ohio 2003) (plaintiffs not entitled to equitable tolling of FLSA's statute of limitations where they could not

---

[1] For the convenience of the Court, a copy of the transcript of the August 19, 2005, hearing on Plaintiff's Motion to Facilitate § 216(b) Notice is attached as Exhibit A.

establish that defendant had engaged in serious misconduct); *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 323-24 (S.D.N.Y. 2001) (plaintiff not entitled to tolling of FLSA's statute of limitations where he failed to show that defendant concealed facts relating to wage claim).

In their Request, Plaintiffs note that the "preliminary issues in this case have . . . taken longer than is typical," which they attribute to "a variety of reasons." In fact, any delays in this case have been caused by Plaintiffs themselves, not by Defendants. Plaintiffs filed this case in December 2004 and did nothing to prosecute it for five months. When Plaintiffs eventually began to take steps to advance their claims, they did so by filing a Motion to Facilitate § 216(b) Notice unsupported by evidence sufficient to justify even conditional certification of the class they seek to represent. In response to the Court's questions about the adequacy of their Motion to Facilitate, Plaintiffs requested yet more time to substantiate their argument that members of the class that they seek to represent are "similarly situated," as required by the FLSA's collective action provisions. *See* Trans. 8:5 – 9:12. The Court granted Plaintiffs' request for additional time (Trans. 14:1-5), but Plaintiffs again reposed and did nothing to substantiate the arguments in their Motion to Facilitate during the time allotted. Instead, they waited until after that time had passed and filed a "Renewed" Motion to Facilitate § 216(b) Notice (docket no. 36), in which they asserted a new theory of liability and relied on substantially the same evidence as they had offered in support of their original motion. The Court ultimately found that Plaintiffs had "overreached" with their first Motion to Facilitate because they failed to make even a minimal showing that members of the class they seek to represent are "similarly situated." *See O'Donnell v. Robert Half Int'l Inc.*, 429 F. Supp. 2d 246, 250-51 (D. Mass. March 30, 2006). Predictably, Plaintiffs' second motion regarding what they characterize as "preliminary issues" has led to the further passage of time and any delay in the litigation of the case.

In addition to their failure to take more timely steps to prosecute their claims, Plaintiffs have impeded Defendants' efforts to advance the case. Plaintiffs ignored discovery requests that Defendants served in an attempt to move this matter forward, and they subsequently even ignored the Court's Order that they respond to Defendants' discovery requests "forthwith." *See* Trans. 16:14-17. In fact, Plaintiffs' continuing refusal to respond to Defendants' discovery requests later led the Court to sanction Plaintiffs for their "intransigence." *See O'Donnell*, 429 F. Supp. 2d at 252.

Defendants have done nothing to prevent or delay any putative class member from participating in this action or otherwise asserting an FLSA claim against RHI, and Plaintiffs have alleged none. Any delays in this case are attributable to the Plaintiffs' own dilatory conduct. The Court should, therefore, deny Plaintiffs' Request that the Court toll the statute of limitations as to any individuals who may later seek to join this action.

### B.    Prospective Opt-ins Can Join This Case at Any Time

Nothing has prevented prospective opt-in plaintiffs from joining this action and tolling the statute of limitations as to their individual claims. They are free to do so at any time. *See, e.g., Garner v. G.D. Searle Pharm. & Co.,* 802 F. Supp. 418, 422 (M.D. Ala. 1991) (plaintiffs may gather consents to participate in suit before case is certified as collective action); *Kuhn v. Philadelphia Elec. Co.*, 487 F. Supp. 324, 975-76 (E.D. Pa. 1979) (putative class members in FLSA collective action may toll statute of limitations by filing consent to participate, even if no class has been certified). The pendency of this case and related litigation has been noted on internet bulletin boards and discussed in the Company's regulatory filings. Anyone who is interested has every opportunity to preserve his or her rights. In affidavits filed in support of their motions to facilitate notice, Plaintiffs claimed to have personal knowledge of individuals who desired to join this litigation. *See O'Donnell,* 429 F. Supp. 2d at 251, n. 3. Despite that

-5-

claim, in the 21 months since the original Plaintiffs commenced this action, only one individual, Stacey Moore, has elected to participate in the case. These facts illustrate both that there is no groundswell of individuals eager to assert wage and hour claims against Defendants and that, to the extent that there are individuals like Ms. Moore who wish to participate in this case, they are free to do so.

WHEREFORE Defendants Robert Half International Inc. and Robert Half Corporation request that the Court DENY Plaintiffs' request to toll the statute of limitations as to any individuals who may later consent to join this action.

Respectfully submitted,
ROBERT HALF INTERNATIONAL INC. and
ROBERT HALF CORPORATION
By their Attorneys,


   /s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596 )
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:      (617) 946-4800
DATED:  August 29, 2006          Telecopier:      (617) 946-4801

---

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Shannon Liss-Riordan, an attorney for Plaintiffs at Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, 18 Tremont Street, Suite 500, Boston, MA 02109, by first class mail on August 29, 2006.

            /s/ Barry J. Miller
            Barry J. Miller

---

1                      UNITED STATES DISTRICT COURT
                          DISTRICT OF MASSACHUSETTS
2

3

4    IAN O'DONNELL, On Behalf of        )
     Himself and all Others            )
5    Similarly Situated, et al.,       )
                         Plaintiffs,   )  CA No. 04-12719
6                                      )
                                       )
7    vs.                               )
                                       )
8                                      )
     ROBERT HALF INTERNATIONAL,        )
9    INC., et al.,                     )
                         Defendants.   )
10

11

     BEFORE:   THE HONORABLE NATHANIEL M. GORTON
12

13

                          SCHEDULING CONFERENCE
14

15

16

                 John Joseph Moakley United States Courthouse
17                           Courtroom No. 4
                            One Courthouse Way
18                          Boston, MA 02210
                         Friday, August 19, 2005
19                            2:50 P.M.

20

21

22                     Cheryl Dahlstrom, RPR, RMR
                         Official Court Reporter
23          John Joseph Moakley United States Courthouse
                    One Courthouse Way, Room 3209
24                        Boston, MA 02210
             Mechanical Steno - Transcript by Computer
25

1    APPEARANCES:

2         PYLE, ROME, LICHTEN & EHRENBERG, P.C.
          By:  Alfred Gordon, Esq.
3         18 Tremont Street, Suite 500
          Boston, Massachusetts 02108
4         On behalf of the Plaintiffs.
          Also Present:  Steven Young, Esq.
5

6         SEYFARTH SHAW
          By:  Richard L. Alfred, Esq., and
7         Krista G. Pratt, Esq.
          Two Seaport Lane, Suite 300
8         Boston, Massachusetts 02210-2028
          On behalf of the Defendants.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              THE CLERK:  This is Civil Action 04-12719, Ian

3    O'Donnell vs. Robert Half International, et al.  Counsel please

4    identify themselves for the record.

5              MR. GORDON:  Alfred Gordon for the plaintiffs.  With

6    me is Steven Young, whose admission before this Court is

7    pending.

8              THE COURT:  Good afternoon, Mr. Gordon, and Mr. Young.

9              MR. ALFRED:  Richard Alfred from the firm of Seyfarth

10   Shaw.  With me, Krista Pratt, also with the firm Seyfarth Shaw,

11   for the defendants.

12             THE COURT:  Good afternoon to you, Mr. Alfred, and

13   Miss Pratt.

14             We are here not only on a scheduling conference but,

15   also, on the motion of the defendant to facilitate the 216(b)

16   notice or, in other words, to certify a class.  And it does

17   make sense to deal with that matter either before or at the

18   time of the scheduling conference because it will have a

19   dramatic impact on how the case proceeds, obviously.

20             As I understand it -- and you certainly are free to

21   correct me if I'm wrong -- the plaintiffs seek to certify a

22   class under Title 29 of the United States Code, Section 216,

23   which permits employee plaintiffs to represent similarly

24   situated employees in an action for violation of the Fair Labor

25   Standards Act.

1          And in this particular case, the plaintiffs allege

2     that their employer, or former employer -- I don't know which

3     -- but Robert Half International, is a staffing firm based in

4     California, that they are former staffing managers in the

5     Account Temps Division here in Boston.  And they allege that

6     the employer has deprived them of overtime pay to which they

7     are entitled even though they were improperly characterized as

8     exempt employees under the Fair Labor Standards Act.

9          The plaintiffs' claim is that they were

10    tightly-controlled telephone operators who had no discretion or

11    managerial authority and were, therefore -- should have been

12    treated as overtime eligible employees.

13         They filed a complaint at the end of last year

14    alleging violation of the state statute, which mandates payment

15    of overtime wages, and of the Fair Labor Standards Act under

16    the federal statute.  The defendant, Robert Half, removed to

17    this court; and then more recently, in May, the plaintiffs

18    filed to conditionally certify a proposed class, including all

19    current and former staffing managers, account executives or

20    account managers, employed in any state other than California

21    within the past three years, immediately preceding the filing

22    of the complaint.

23         The defendant has opposed that motion and contends

24    that the employees of the putative class are not similarly

25    situated, that there's no credible evidence that the members of

1 | the putative class are interested in joining the suit, that

2 | corrective treatment would be inefficient, and that the

3 | plaintiffs aren't a proper representative of such class and

4 | that notice -- that the notice form, in any event, was biased.

5 | Do I basically have the matter in mind?

6 | MR. ALFRED:  Your Honor, if I could say, there was an

7 | agreement among counsel and then an order by the Court issued

8 | on July 27, the day before my vacation, to continue the hearing

9 | on the motion to facilitate notice.

10 | And the reason that we requested that continuance was

11 | that, in addition to the procedure, which I think is correct,

12 | the defendants, after submitting their initial disclosures,

13 | also served discovery, written -- document requests and

14 | deposition notices on the plaintiffs, at least for the limited

15 | purpose of deposing the plaintiffs on the issue of

16 | substantially similar, whether they were substantially similar

17 | to the class that they purport to represent.  We wanted to take

18 | -- and we still do want to take -- those depositions before the

19 | hearing on the motion to facilitate notice.

20 | So because there was an issue about scheduling -- and,

21 | in fact, that issue is expressed to us orally -- but there is

22 | no motion for a protective order filed with the Court with

23 | respect to any of that discovery, I couldn't take the

24 | depositions while I was to be on vacation, and the schedule

25 | didn't work for me to take them this week before this hearing.

1    So as of this moment, I think what we have addressed in our

2    submission to the Court on the status conference is --

3            THE COURT:  You mean on the scheduling conference?

4            MR. ALFRED:  I'm sorry, the scheduling conference --

5    thank you, your Honor -- is some discovery issues that relate

6    to the period of time before the hearing on the motion to

7    facilitate notice.  And then --

8            THE COURT:  Well, you've given me sort of open-ended,

9    you know, two months after, six months after, so on and so

10   forth, with respect to the scheduling conference, both sides.

11   You haven't been able to agree on what that ought to be, but

12   that's what I get from both of you.  Right?

13           MR. ALFRED:  Yes, but --

14           THE COURT:  So you're rising to say that we should not

15   be here on a scheduling conference?

16           MR. ALFRED:  No.  The scheduling conference is

17   scheduled.  That, we're here for.  The issue is whether or not

18   the Court will hear today the motion to facilitate notice.

19   That's the issue.

20           THE COURT:  Okay.  I wanted to get the matter off dead

21   center on to some sort of a scheduling format.

22           MR. ALFRED:  Agreed.

23           THE COURT:  And it is appropriate that we resolve this

24   issue of this conditional -- or whatever you want to call it --

25   certification.  And you have briefed those matters, both sides,

1    right?

2            MR. ALFRED:   That's correct, your Honor.

3            THE COURT:   The question that I had more for the

4    plaintiff than for you was whether there is any evidence or at

5    least sufficient evidence to determine at this stage that there

6    are similar -- that the putative class of plaintiffs are

7    similarly situated.   Mr. Gordon, what do you have to back that

8    up?   It doesn't seem like there's a lot that comes through to

9    me.

10           MR. GORDON:   The motion is supported by the affidavits

11   of the two plaintiffs regarding the work that they did for the

12   company, for the defendant.   The similarity -- their affidavits

13   also, I believe, address the similarity between what they do

14   and what other members of the putative class do as well.   I

15   hesitate to delve too deeply into argument out of deference to

16   the agreement that we reached with counsel.   I know counsel

17   wanted the opportunity to depose the plaintiffs in advance of

18   that.

19           THE COURT:   Well, I guess the first burden is on the

20   plaintiff to demonstrate to me that I -- that they have

21   sufficient evidence to justify a class certification of the

22   sort that you're asking for at this time.   And I don't see, at

23   least in my initial reading of your papers, that you have given

24   me sufficient cause to believe that the other folks that you

25   claim are part of your putative class are similarly situated.

1    And I really need to have you demonstrate to me or tell me

2    whether they are similarly situated with the employees who are

3    now staffing managers who do not work in Massachusetts or who

4    do not work for the Account Temps Division.

5         MR. GORDON:  Yes, your Honor.  Those issues, which

6    were, of course, brought up in the opposition to the

7    plaintiffs' motion to facilitate notice, have yet to be

8    addressed by the plaintiffs.

9         In an order -- or in a motion granted by this Court

10   back in May, when the parties had initially agreed that we

11   would be arguing the motion to facilitate at the same time we

12   did the scheduling conference, we had agreed that if the

13   plaintiffs needed to file a reply they would do so one week

14   prior to the -- to those arguments.  As we had put off the

15   issue of those arguments because the defendants wanted the

16   opportunity to depose the plaintiffs, we have yet to file that

17   reply.

18        I believe the reply would provide to the Court

19   indications of the similarities between the positions that

20   these individuals hold in the -- both within their job title

21   and across the other two job titles that are mentioned and then

22   across other divisions of the company.

23        THE COURT:  So you're expecting -- do I understand

24   that you're expecting that the depositions of your two

25   plaintiffs will be sufficient to demonstrate to the Court that

1   the other -- that the members of the putative class are

2   similarly situated?

3           MR. GORDON:  That, as of this time, as further

4   affidavits have not been taken and the depositions have not

5   been scheduled, I cannot say for sure today.

6           THE COURT:  How long do you think it's going to take

7   both parties to be in a position to offer this Court any

8   guidance with respect to the certification of this putative

9   class?  The minimum amount of time, let me put it that way.

10          MR. GORDON:  I believe that we could, within one

11  month's time, have all the information that's necessary to do

12  that, provided, of course --

13          THE COURT:  What about your response, Mr. Alfred?

14          MR. ALFRED:  Well, your Honor, given the Court's view

15  -- our view, actually, and the predicament that we were in,

16  was, we believe, as we said in our opposition, that the

17  plaintiffs haven't met their burden.  They haven't even come

18  close.  They're not even in themselves the FLSA putative class.

19  And we explained why, because the FLSA putative class excludes

20  Massachusetts individuals, and these two plaintiffs are

21  Massachusetts individuals.

22          THE COURT:  Why does it exclude?

23          MR. ALFRED:  There are two counts in the complaint,

24  your Honor.  Count 1 is under Massachusetts law, Chapter 151.

25  They're both wage-and-hour claims.  They're both substantively

1    about the same.  The Count 2 is the Fair Labor Standards Act

2    claim, and the Fair Labor Standards Act class, putative class,

3    carves out Massachusetts and California employees.  These two

4    individuals, these two individual plaintiffs, are Massachusetts

5    employees, so they're carved out of the Fair Labor Standards

6    Act class.

7            The position that we were in was, the plaintiff had

8    said months ago that they were going to file a reply.  Now,

9    they've had two months.  They haven't even filed a motion to

10   file a reply, let alone attempt to submit a reply.  We didn't

11   want to be effectively sandbagged a day or two before a hearing

12   on the motion for -- the motion to facilitate.

13           THE COURT:  Maybe I'm missing something.  You say

14   reply to what?

15           MR. ALFRED:  Reply to the opposition.

16           THE COURT:  I have your memorandum -- I have the

17   plaintiffs' memorandum in support of its motion to facilitate

18   and your memorandum in opposition.

19           MR. ALFRED:  Correct.  What we have not seen is the

20   reply or even a motion to the Court, asking leave of Court.

21           THE COURT:  For leave to file a reply to your

22   opposition?

23           MR. ALFRED:  Exactly, your Honor.  And what we've now

24   heard is that they intend to file some reply.

25           The reason we wanted to take the deposition, or have

1    the opportunity to take the deposition, really was connected to

2    whether or not we were going to see a reply.

3            And the only issue is, as the record stands today, the

4    plaintiffs clearly have not met their burden.  And so if the

5    Court is inclined to go forward and to rule on the motion --

6    consider the motion and rule on the motion on the present

7    record, because there's been no reply, we don't need to take

8    the plaintiffs' deposition.

9            THE COURT:  Put it this way:  I don't see that there's

10   enough that I have to establish this putative class.  On the

11   other hand, I'm not going to, at least at this stage, foreclose

12   the plaintiff from -- if they can tell me they can do it in a

13   relatively brief period of time -- making an effort to persuade

14   me that there is a putative class.

15           Now, Mr. Gordon says he can do it in one month.  On

16   the basis of what?  Are you going to take somebody's

17   deposition, Mr. Gordon?  Or are you just going to let the

18   defendant take your plaintiffs' deposition?

19           MR. GORDON:  I would have to consider that question

20   very carefully.  I don't believe that the depositions of the

21   plaintiffs would satisfy that, so there would be some other

22   discovery that we may have to engage in in order to do that,

23   although it may be that these plaintiffs have sufficient

24   information to establish the -- to meet the lenient standard

25   that this Court has adopted in these types of cases.  Hearing

1    what I'm hearing from the Court today --

2          THE COURT:  Well, the standard that I adopt -- and I

3    don't know whether anybody else has -- but in the Kane case,

4    which I think you're both familiar with, wasn't as lenient as

5    you might imagine.  It seems to me, that was quite a distinct

6    -- a distinguishing case from the one that you presented to me

7    so far.

8          MR. GORDON:  Then hearing what I'm hearing from the

9    Court today, it's incumbent on the plaintiffs to, in our reply,

10   have the opportunity to develop the record fully for your Honor

11   to address that.  I did want to note one thing.

12         THE COURT:  Why didn't you file a reply brief or at

13   least motion for leave to file one?

14         MR. GORDON:  The parties submitted a joint motion to

15   this Court on May 13, 2005, which this Court granted on the

16   17th.

17         THE COURT:  A joint motion?

18         MR. GORDON:  To postpone the scheduling conference and

19   extend the time for the defendants to oppose our notice.  And

20   in that joint motion, the parties noted that -- or suggested

21   that the plaintiffs be given an opportunity to file a reply

22   brief, if needed, one week prior to the scheduled arguments on

23   that brief which were to be scheduled at this time.

24         We made arrangements several weeks ago, after the

25   emergency motion was filed, an agreement among counsel that we

1    would not be arguing that motion today. Therefore, we did not
2    file a reply brief at that time.

3            THE COURT: I guess it's time to cut to the chase
4    here. What I would propose to do is to give both sides 60 days
5    to address this issue. And I'm going to give the defendants
6    the opportunity to take the plaintiffs' depositions with
7    respect to this issue, carving out anything else. If it later
8    turns out the plaintiffs are not members of a class and are
9    going to go forward as individuals, then you will have reserved
10   to you the right to take their depositions with respect to the
11   merits but not with respect to this putative class issue.

12           MR. ALFRED: Could I ask the Court one question, your
13   Honor?

14           THE COURT: Yes.

15           MR. ALFRED: It would be very helpful, I think, and it
16   would expedite the process, if we could have a deadline,
17   perhaps 30 days from today, for the plaintiffs to submit any
18   reply materials. That will then inform us as to whether or not
19   we need to take the plaintiffs' depositions, because, as I said
20   to the Court, as the record stands today, we don't need to take
21   the plaintiffs' deposition.

22           THE COURT: Any problem with that, Mr. Gordon?

23           MR. GORDON: To the extent that we might need to
24   engage in some limited discovery from the defendants in order
25   to meet out burden, 30 days might not give us sufficient time.

1        THE COURT:  All right.  Here we go.  On or before

2   September 30th, the plaintiffs will conduct any discovery they

3   believe they need to determine the similarity of the other

4   members of the putative class.  That's the issue that is to be

5   resolved first.

6        Then the defendants will have until October 31st to

7   take any countermeasures of discovery, i.e., the depositions of

8   the plaintiffs, and to submit any other information that needs

9   to be submitted in connection with that issue.

10       Then we will -- we'll consider whatever submissions

11  are at the court by the end of October on this issue.  And I

12  will schedule a hearing if I think one is necessary.  If one is

13  not necessary, we don't need a hearing.  But that will put us

14  into November until we can resolve the issue of the putative

15  class.

16       At that stage, if there is a putative class that is

17  certified, we will have a scheduling conference and determine

18  the dates on that occasion.  Otherwise, if it's just to be the

19  two individual plaintiffs that are going to go forward, we can

20  have a -- either you can agree to a scheduling order and I'll

21  issue it, or we'll have to have another scheduling conference.

22  Any problem with that outline?

23       MR. ALFRED:  No, your Honor.  I think that's a fine

24  outline.  It makes a lot of sense.  The only thing that I would

25  ask is, we have had document requests outstanding.  We served

1    them at the beginning of June.  They were due -- the responses

2    were due the beginning of July.  We haven't had any response.

3    We haven't had any --

4         THE COURT:  This is discovery only with respect to

5    this issue of putative class?

6         MR. ALFRED:  Well, many of the documents relate

7    directly to the putative class issue.

8         THE COURT:  Because the plaintiff actually was not

9    without some authority to avoid discovery before a scheduling

10   conference was held.  I mean, you could agree to exchange

11   discovery if you wish, but the way I interpret the rule is

12   that, before a scheduling conference is had, no discovery is

13   actually ripe.

14        Now, in this case you've submitted discovery with

15   respect to the issues that are now before the Court, and those

16   are ripe; and, therefore, Mr. Gordon will respond to those

17   written discovery pleadings forthwith --

18        MR. GORDON:  Yes, sir.

19        THE COURT:  -- so we don't have another problem 30 or

20   45 days from now.  But that doesn't mean that discovery on the

21   merits of the claim are to be going forward at this time.

22        MR. ALFRED:  I have no problem with that, your Honor.

23   Could your Honor also schedule a date by which -- I would

24   suggest I think what we're talking about was the end of

25   September, September 30.

1          THE COURT:   For?

2          MR. ALFRED:   For a reply memorandum from the

3     plaintiffs.

4          THE COURT:   So that any response to your discovery on

5     this limited issue and a reply to your opposition to the

6     certification --

7          MR. ALFRED:   Would be due --

8          THE COURT:   -- will be due on or before September

9     30th.

10          MR. GORDON:   Thank you, your Honor.

11          MR. ALFRED:   Thank you, your Honor.

12          THE COURT:   Is there anything I've left undone that I

13     should have scheduled that I can't --

14          MR. ALFRED:   Could we also have the opportunity, by

15     October 31, to file sur reply if we need to, given the

16     discovery?

17          THE COURT:   Well, as long as both of these briefs are

18     limited to ten pages or less.

19          MR. ALFRED:   Both briefs, fine.

20          THE COURT:   Ten pages or less.   I have enough to read

21     without that.

22          MR. ALFRED:   Understood, your Honor.

23          THE COURT:   And this means that the matter will be

24     submitted to me as of October 31st on the question of whether

25     or not to certify the class, right?

1           MR. ALFRED:  Yes, your Honor.

2           THE COURT:  Does it make sense, while we're here, to

3    try to rough out a scheduling order in both events, i.e., one,

4    I certify a class; two, I don't?

5           MR. ALFRED:  Your Honor, there are so many variables.

6    For example, if you don't certify a class, will the Court

7    retain supplemental jurisdiction over the Massachusetts state

8    law claim?  The Massachusetts state law claim is pleaded as a

9    Rule 23 class action.

10          If the Court decides at that point not to exercise

11   supplemental jurisdiction and remands the case to state court,

12   then we have two plaintiffs.  We can do discovery very quickly.

13   If the Court retains that state law claim, then we have a very

14   different animal.

15          THE COURT:  All right.  I hear you, and I think it

16   perhaps makes sense to cross that bridge when we get there.

17   Any problem with that, Mr. Gordon?

18          MR. GORDON:  No problem with that.  Your Honor, I did

19   have one other point that I needed to at least address.  The

20   scheduling for this date, through no fault of anyone, really

21   got pushed and pushed and pushed.  Now we're putting together a

22   time frame, a rapid one but a time frame, pushing this even

23   further out.

24          Of course, the rules -- 216(b) certification

25   requirements, they're done rather quickly in order to alleviate

1    the fact that the Statute of Limitations does not hold upon the

2    filing of a claim.  The plaintiffs would, therefore, have to

3    ask if there's any way to toll the Statute of Limitations as we

4    wrench through the remainder of this discovery process on this

5    issue.

6              THE COURT:  You mean for other members of the

7    putative --

8              MR. GORDON:  For anyone who might opt in, yes, your

9    Honor.

10             THE COURT:  Well, what is the -- three-year statute?

11             MR. GORDON:  Three years for a claim of willful -- a

12   willful violation, two years for a non-willful violation.

13             THE COURT:  Any problem with tolling the statute from

14   this date forward, Mr. Alfred?

15             MR. ALFRED:  Yes, your Honor.  We can't agree to that.

16   I find it interesting.  The case was filed the end of December.

17   It was brought by two named plaintiffs.  There have been,

18   atypical of these kinds of cases -- and we do quite a few of

19   them.   There have been no opt-ins whatsoever, none at all.

20   People are free to opt in and, immediately, by opting in, toll

21   the Statute of Limitations.

22             Plaintiffs were free -- although we had an agreement

23   they could have up till a week before an argument to file a

24   reply, they were free to file a reply at any time.  They had

25   lots of time.  They didn't file the motion to certify,

1    essentially, to conditionally certify the class or to

2    facilitate notice, until months, six months, after they filed

3    the initial lawsuit.

4         So the situation that they're in, and the time frame

5    that we're talking about, doesn't seem to be unreasonable

6    given, first, the continuing right the people have to opt in

7    should they so desire and the plaintiffs' own conduct of the

8    case and the schedule that the plaintiffs have followed.

9         Had plaintiffs filed a reply and had we known today

10   that the issues that they were putting before the Court were no

11   closer to establishing that they were -- that the plaintiffs

12   were substantially similar to the putative class, we would be

13   able today to go forward with the motion because we wouldn't

14   need to do any discovery.

15        So the discovery that's -- that they now say they want

16   to do, which is a 180-degree reversal of their prior

17   position -- because they previously said absolutely no

18   discovery before the hearing on the motion to facilitate

19   notice -- wouldn't be necessary if they had --

20        THE COURT:  All right.  Mr. Gordon, if you feel that

21   you need this, you can file a motion and I'll consider it, but

22   -- I'm not encouraging you to do that, but I'm not going to

23   deal with it today.

24        Anything else that needs to come to my attention in

25   this regard?

1              MR. ALFRED:  No, your Honor.

2              THE COURT:  Thank you, counsel.

3     (Whereupon, at 3:16 p.m. the hearing concluded.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3

4          I, Cheryl Dahlstrom, RPR, RMR, and Official Reporter

5   of the United States District Court, do hereby certify that the

6   foregoing transcript, from Page 1 to Page 20, constitutes, to

7   the best of my skill and ability, a true and accurate

8   transcription of my stenotype notes taken in the matter of

9   Civil Action No. 04-12719, Ian O'Donnell, et al vs. Robert Half

10  International, et al.

11

12

13

14

15

16          _Cheryl Dahlstrom_____

17                    Cheryl Dahlstrom, RPR, RMR

18                    Official Court Reporter

19

20

21

22

23

24

25