**United States District Court**
**District of Massachusetts**

```
                                  )
IAN O'DONNELL, DAVID JOLICOUER,   )
AND STACEY MOORE, on behalf of    )
themselves and all others         )
similarly situated,               )    Civil Action No.
          Plaintiffs,             )    04-12719-NMG
                                  )
          v.                      )
                                  )
ROBERT HALF INTERNATIONAL, INC.   )
AND ROBERT HALF CORPORATION,      )
          Defendants.             )
                                  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The plaintiffs in a putative class action have filed a
renewed motion to conditionally certify a class under the rubric
of the Fair Labor Standards Act which is opposed by the
defendants.  The motion is resolved as follows.

## I.  **Background**

### A. **Factual Background**

The plaintiffs, Ian O'Donnell ("O'Donnell"), David Jolicoeur
("Jolicoeur") and Stacey Moore ("Moore"), on behalf of themselves
and others similarly situated (collectively, "the plaintiffs"),
seek conditional certification of a class in an action against
Robert Half International, Inc. and Robert Half Corporation
(collectively "RHI") for violation of the Fair Labor Standards

-1-

Act ("the FLSA"). Under the FLSA, a class may be certified

pursuant to the requirements of 29 U.S.C. § 216, which permits

employee-plaintiffs to represent similarly situated employees in

an action against an employer. Such a form of "class action" is

brought under the statute rather than under Fed. R. Civ. P. 23,

though much of the same terminology is employed.

The FLSA requires that employees be compensated for hours

worked in excess of 40 per week at a minimum rate of one and one-

half times their regular rate of pay. 29 U.S.C. § 207(a)(1).

Employees are, however, exempt if they are "employed in a bona

fide executive, administrative, or professional capacity". 29

U.S.C. § 213(a)(1).

RHI is a "staffing firm" based in Menlo Park, California,

which has offices throughout the country. Plaintiffs are former

"Staffing Managers" of RHI in the "Accountemps" Division of the

Boston, Massachusetts office. They allege that RHI has deprived

them of overtime pay to which they are entitled by improperly

characterizing them as overtime-exempt employees under the FLSA.

Plaintiffs' claim is, in essence, that they were tightly-

controlled telephone operators who had no discretion or

managerial authority and, therefore, should have been treated as

employees eligible for overtime.

-2-

Pursuant to 29 U.S.C. § 216(b), an action for violation of the FLSA may be maintained "against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." That provision has been construed to establish an "opt-in" class action scheme whereby potential plaintiff-employees may affirmatively notify the court of their intent to become a party in order to be bound by the action. Kane v. Gage Merch. Servs., Inc., 138 F.Supp.2d 212, 214 (D. Mass. 2001). District courts have discretion to implement § 216(b) by notifying putative plaintiffs of the pendency of the action. Id.

A class may be conditionally certified and notified of the pendency of an action only if the putative class members are "similarly situated" with the named plaintiffs. See id.

**B.   Procedural History**

On December 1, 2004, plaintiffs filed a complaint in state court alleging two counts: 1) violation of M.G.L. c. 151 §§ 1A, 1B (mandating payment of overtime wage to certain kinds of employees) and 2) violation of the FLSA, 29 U.S.C. §§ 201-219 (same). On December 29, 2004, RHI removed the case to this Court on federal question grounds.

On May 11, 2005, the plaintiffs filed a "motion to facilitate § 216(b) notice" (Docket No. 11) in which it sought conditional certification of the class. In opposition, the

defendants argued that the plaintiffs had failed to demonstrate that the putative class members were "similarly situated".

While that motion was pending, on November 30, 2005, the plaintiffs filed a motion to amend the complaint (Docket No. 34) in order to add new allegations supporting their claim that the putative class members were similarly situated.  On the same day, they filed the instant renewed motion to facilitate § 216(b) notice (Docket No. 59), again seeking conditional certification of the class, but this time on the basis of allegations made in the amended complaint.  In opposition, the defendants filed their own motion (Docket No. 41) seeking a stay of any conditional certification until resolution of the other pending motions and the filing of their response.

On March 30, 2006, this Court entered a Memorandum & Order (Docket No. 48) denying the plaintiff's first motion for conditional class certification but allowing their motion to amend the complaint.  See O'Donnell v. Robert Half Intern., Inc., 429 F.Supp.2d 246 ("O'Donnell I").  The Court also afforded the defendants an additional 30 days to file an opposition to the renewed motion to facilitate § 216(b) notice.  In accordance with that order, the defendants filed their opposition to the plaintiffs' renewed § 216 motion on May 1, 2006.

-4-

## C. **Renewed Motion for Conditional Certification**

In their renewed motion to facilitate § 216(b) notice, the plaintiffs request conditional certification of a proposed class and for approval of notice to putative class members as defined in the second amended complaint.

Since the initial motion for conditional certification ("the initial motion"), which this Court denied, plaintiffs have conducted no additional discovery. The renewed motion advances an alternative legal theory based on additional factual allegations made in the second amended complaint and supported by supplemental material.

Because the initial motion was denied, the Court's inquiry will focus on whether the new allegations and documentary support are enough to overcome the deficiencies the Court found the last time around.

## II. **Analysis**

### A. **Legal Standard**

Pursuant to 29 U.S.C. § 216(b), the Court must determine whether the putative class members are "similarly situated". As discussed at length in this Court's Memorandum & Order dated March 30, 2006 (Docket No. 48), at this stage in the proceedings the Court applies a "fairly lenient standard" to determine whether the putative class members were subject to a single

-5-

decision, policy or plan that violated the law based on the
pleadings and affidavits filed in the case.  See O'Donnell I, 429
F.Supp.2d 246.

## B. Application

In O'Donnell I, the Court identified two problems with the
plaintiffs' motion for conditional certification: 1) that the
plaintiffs had not shown that all members of the putative class,
which potentially includes RHI staff members located throughout
the country, were subject to a common policy that violated the
law and 2) that the plaintiffs failed to demonstrate that any of
the putative class members aside from the named plaintiffs were
interested in joining the suit.

### 1. Common Policy

To address the first problem, in their renewed motion the
plaintiffs argue that all putative class members are subject to a
common policy in the form of the defendants' Employee Handbook.
According to the plaintiffs, the Handbook sets forth the
company's policy with regard to overtime payments and time-off
policies.  The plaintiffs also attach and refer to actual
employment records from plaintiff O'Donnell.  The initial motion
made no reference to the Employee Handbook or any actual
employment records.

The Employee Handbook is related to the plaintiff's "salary
basis" theory of liability which is advanced in the second

-6-

amended complaint. Under that theory the defendant-employer may
be liable for depriving the plaintiffs of certain time-off
privileges that would have been available to non-exempt
employees. The plaintiffs allege that the defendant, in essence,
imposed penalties against salaried employees for taking personal
or sick leave that would not have been assessed against non-
exempt employees.

Nevertheless, the fact that RHI published an Employee
Handbook, even if applicable to all employees, does not
demonstrate that all members of the putative class "were subject
to a single, decision, policy, or plan that violated the law"
(emphasis added). See Kane, 138 F.Supp.2d at 214. The
plaintiffs do not allege that the Employee Handbook, in and of
itself, violates the law. Rather, they contend that the policies
outlined in the Handbook violate the "salary basis test" if
applied in such a way as to penalize non-exempt employees
unfairly.

According to the defendants, the company's policies are
applied by local managers overseeing more than 260 offices
throughout the United States. The plaintiffs have submitted
employment records from one employee, O'Donnell, for the purpose
of demonstrating that a deduction from his paycheck constitutes a
violation of the FLSA under the salary basis test. Determining
whether other employees suffered similar violations of the law,

-7-

however, is a fact-specific inquiry that necessarily involves the actions of local managers dispersed across the country. While the Employee Handbook may constitute a single set of policies common to all employees, the plaintiffs have not shown that such policies violate the law with respect to each and every member of the putative class. In that regard, therefore, the plaintiffs' renewed motion fails to overcome a fatal flaw identified by the Court in its prior ruling on the initial motion.

## 2. Interest in Joining the Suit

In its prior decision, this Court concluded that the plaintiffs had failed to demonstrate that a single putative class member is interested in joining the suit. Courts have considered such interest to be a requirement to justify conditional certification of a class. See, e.g., Pfohl v. Farmers Ins. Group, 2004 WL 554834, *10 (C.D. Cal. 2004); Horne v. United Servs. Auto Ass'n, 279 F.Supp.2d 1231, 1236-37 (M.D. Ala. 2003).

The plaintiffs' renewed motion makes no additional showing that any employee, other than the three named in the second amended complaint, is interested in joining this lawsuit. The only evidence offered to support such a conclusion consists of vague and imprecise assertions made by the three named plaintiffs that they "believe" other unnamed current and former employees are interested in joining this litigation. The plaintiffs have failed, again, to meet their burden in that regard.

-8-

**ORDER**

In accordance with the foregoing, the plaintiffs' renewed

motion to facilitate § 216(b) notice (Docket No. 59) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated May *10* , 2007