**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
)
IAN O'DONNELL, DAVID JOLICOEUR,               )
and STACEY MOORE, on behalf of                )
themselves and all others similarly situated, )
)
                Plaintiffs,                )          CIVIL ACTION NO.:
)          04-12719 NMG
v.                                            )
)
ROBERT HALF INTERNATIONAL INC.                )
and ROBERT HALF CORPORATION,                  )
)
                Defendants.                )
_____ )

**PLAINTIFFS' MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE,
CERTIFICATION TO THE COURT OF APPEALS, AND FOR TOLLING**

Respectfully, Plaintiffs submit that, in the Memorandum & Order issued on May 10, 2007, denying conditional certification of the FLSA claims raised in this case, the Court misunderstood Plaintiffs' argument and made two specific errors of law.  Plaintiffs thus now request reconsideration of that order, or in the alternative, certification of its ruling under 28 U.S.C. § 1292(b) so that these issues may be addressed by the First Circuit.  Because the question of whether other employees will be permitted to opt-in to assert the same FLSA claims in this case will have such an enormous impact on the future of this litigation (and implicates the law in this fast-growing area so profoundly), it would be in the interests of justice and judicial economy for this issue to be decided on appeal at this stage, rather than waiting until the case reaches final judgment.  Also, because the statute of limitations continues to run on FLSA claims until FLSA plaintiffs opt-in to the case, Plaintiffs also renew their request that the statute of limitations be tolled for these plaintiffs.  Plaintiffs hereby incorporate by reference their earlier briefing, including their Renewed Motion to Facilitate § 216(b) Notice, and their Reply in support

of that motion, and will focus here only on the specific errors of law Plaintiffs contend the Court made in its order of May 10, 2007.

First, the Court concluded that Plaintiffs had failed to show a common policy affecting all putative class members.  In reaching this conclusion, the Court appeared to misunderstand Plaintiffs' argument.  Plaintiffs had cited illustrative evidence (related to the lead plaintiffs) showing how the policies set forth in Defendants' Employee Handbook violated the salary basis test.  The Court stated that "[d]etermining whether other employees suffered similar violations of the law, however, is a fact-specific inquiry that necessarily involves the actions of local managers dispersed across the country." Memorandum & Order, at 7-8.  This conclusion is incorrect.  As Plaintiffs explained in their earlier briefing, an employer violates the salary basis test for *all* exempt employees who are "subject to" policies that violate the test, regardless of whether or not they actually experienced improper deductions.  *See* 29 CFR § 541.602(b)(1) (salary basis test is violated if an exempt employee is "subject to" full-day leave time deductions for partial-day absences and is "subject to" pay reductions because of leave time); *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997) (actual deductions from plaintiffs' pay are not necessary to prove that one was "subject to" policies that violate the salary basis test). The Court also stated that "the plaintiffs do not allege that the Employee Handbook, in and of itself, violates the law.  Rather, they contend that the policies outlined in the handbook violate the 'salary basis test' if applied in such a way as to penalize non-exempt [sic] employees unfairly."  Memorandum & Order, at 7.  Again, respectfully, the Court is incorrect.  Plaintiffs *do* allege that the policies described in the handbook constitute *per se* violations of the salary basis test.  These violations are not made out

simply based on how managers chose to apply these policies.[1]  The policies described in the Employee Handbook facially violate the salary basis test because they require that when employees are available to work partial days, they either be docked (against CTO time) for those partial days or be forced not to work those partial days.  *See* Plaintiffs' Reply Brief in Support of Their Renewed Motion to Facilitate § 216(b) Notice, at 2-4.  Thus, *all* employees who are subject to the policies in the Handbook (admittedly all exempt Robert Half employees) have suffered a salary basis test violation and thus all have a claim under the FLSA.[2]

---

[1]    The violations would only not exist if managers chose to *ignore* the policies; as argued in Plaintiffs' earlier briefing, Defendants cannot escape conditional certification based upon their contention that their managers did *not* apply the company's policies as written.

[2]    The Court also made several statements that appeared to show a misunderstanding of the Plaintiffs' claims.  The Court stated that "[u]nder that [salary basis] theory the defendant-employer may be liable for depriving the plaintiffs of certain time-off privileges that would have been available to non-exempt employees.  The plaintiffs allege that the defendant, in essence, imposed penalties against salaried employees for taking personal or sick leave that would not have been assessed against non-exempt employees."  Memorandum & Order, at 7.  This is not correct.  The issue has nothing to do with how exempt employees were treated as compared to non-exempt employees.  The issue is that the FLSA contains numerous specific requirements that must be met in order for an employer to maintain "exempt" status for certain employees, so that the employer need not pay these "exempt" employees time-and-a-half for hours worked past forty in a week.  If an employer violates any of these requirements, the "exempt" employees lose their "exempt" status and are thereby entitled to collect overtime pay for all hours worked past forty.  All "exempt" employees who are subject to a policy that violates the "salary basis" test are thereby no longer "exempt" employees.  In this case, Plaintiffs contend that Defendants' policies rendered all of its "exempt" employees "non-exempt" – in other words, it lost the exempt status by virtue of its policies that violate the salary basis test.  *See, e.g., Sholtisek v. Eldre Corp.,* 229 F.R.D. 381, 388 (W.D.N.Y. 2005) (granting conditional certification based upon very similar facts); *see also Caperci v. Rite Aid Corp.,* 43 F.Supp.2d 83, 86 (D. Mass. 1999) ("It is generally understood … that an employee is not paid on a salary basis if the employer has a policy or regular practice of reducing the amount of the employee's weekly or other periodic paycheck to reimburse the employer for partial day absences."); *Spradling v. City of Tulsa,* 95 F.3d 1492, 1501 (10th Cir. 1996) (holding that policy of reducing leave time for partial-day absences and subjecting pay to docking if employee lacked sufficient leave time was "inconsistent with the salary test"); *Kinney v. District of Columbia,* 994 F.2d 6, 11 (D.C. Cir. 1993) ("Employees paid under a system that subjects them, even theoretically, to docking for absences by the hour lack one of the characteristics explicitly identified in the Department's regulation on salaried pay"); *Martin v. Malcolm Pirnie, Inc.,* 949 F.2d 611, 615 (2d Cir. 1991) (holding that "an employee who can be docked pay for missing a fraction of a workday must be considered an hourly, rather than a salaried, employee").

Later on page 7, the Court stated that "[plaintiffs] contend that the policies outlined in the Handbook violate the 'salary basis test' if applied in such a way as to penalize non-exempt employees unfairly."  First, it appears the Court meant to say "exempt" employees.  Also, as explained above, the issue has nothing to do with whether or not the employees were treated "unfairly."  The issue is whether or not the employer's policies violated the salary basis test.  And, as also explained above, the issue raised in this case does not turn on *how* the policies were applied; *if* they were applied (which one must assume at the conditional certification stage), they violated the salary basis test.

Second, the Court again relied on the fact that no other employees have yet opted in to the case as demonstrating a lack of interest justifying denial of Plaintiffs' request to inform putative class members of their rights and their opportunity to join this litigation.  As discussed in their Reply memorandum, Plaintiffs have properly and patiently awaited court approval before soliciting others to join the case.  The fact that other employees are not aware of their rights is due to the fact that the Court has not yet allowed Plaintiffs to provide authorized notice to others about the pendency of this case and the claims raised here.  Plaintiffs have followed the requirements of courts in this circuit, including this one, not to solicit opt-ins without court approval.  *See* Plaintiffs' Reply Brief in Support of Their Renewed Motion to Facilitate § 216(b) Notice, at 6.[3] As described above, Plaintiffs allege that Defendants have violated the salary basis test, in a way that Defendants themselves have described as at most a "technical violation"; there is no reason one would expect employees who are not lawyers in this field to even realize that they have been misclassified as exempt employees.  Also, because Plaintiffs' counsel have not yet received from Defendants the list of putative class members, which they requested in their motions for notice (and Defendants have refused to provide without approval from the Court), Plaintiffs' counsel have been unable to contact other Robert Half employees whose rights they contend have been violated.

---

[3]    In their Reply, Plaintiffs cited *Melendez Cintron v. Hershey Puerto Rico, Inc.*, 363 F. Supp. 2d 10, 17-18 (D.P.R. 2005) (striking opt-in notices filed by plaintiffs before court's notice order because "the **trial court must first authorize whether the alleged class should be provided with notice**") (citing *Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2d 242, 246 (D.R.I. 1999) (holding that trial court must first authorize notice before putative class may be contacted)); *Kane v. Gage Merchandising Services, Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (holding that "the trial court must first decide whether the potential class should receive notice of the action")); *see also Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) (once suit was filed, it would not have been proper for plaintiff's counsel to solicit FLSA class members without reaching agreement with defense counsel or getting court approval as to form of opt-in notice.).

Significantly, the Court may be interested to know that, in *Mark Lafitte v. Robert Half International, Inc.*, Superior Court of California, County of Los Angeles, BC321317, a California statewide class of Robert Half employees has been certified under the "duties test" theory that was also alleged in this case.  *See* Exhibit 1 (attached hereto).[4] That case demonstrates that, once others know of the pendency of these claims, there is likely to be interest in the case.

Indeed, Plaintiffs' counsel are confident that, were they to embark on a national advertising campaign, they would find class members interested in opting in to this case.  However, they have refrained from doing that, given the caution of the courts in this Circuit to await court approval before soliciting opt-in plaintiffs to an FLSA case.  In addition, Plaintiffs' counsel submit that it would be a poor precedent to require such tactics in order to bring a claim on behalf of a widespread class of FLSA plaintiffs.  The very purpose behind the notice and opt-in procedure set forth in *Hoffman-La Roche Inc. v. Richard Sperling et al.,* 493 U.S. 165 (1989), is to provide class members, through an orderly and structured process, with notice that they may have a claim and give them the opportunity to advance it.  To deprive them of this opportunity simply because some small number of other affected employees did not happen to be aware of the case and show their interest by opting in would defeat the purpose of the court-supervised notice procedure for FLSA opt-in cases.  It would also permit an employer to have committed a widespread wage violation affecting an entire class of its workforce and not be held accountable for this violation, other than to the few employees who happen to have brought forth their own claims.  *See Skirchak et al. v. Dynamics Research Corp.*, 432 F.

---

[4]    As the Court may recall, the Plaintiffs in this case carved California out of the proposed class, based on the pendency of other cases there, and thus requested opportunity to notify class members and obtain opt-in plaintiffs anywhere outside of California.  *See* Plaintiffs' Motion to Facilitate § 216(b) Notice, at 1.  Notably, the *Lafitte* case was certified under a more stringent post-discovery standard than the plaintiffs here seek under the more lenient pre-discovery first-step FLSA conditional certification standard.

Supp. 2d 175, 181 (D. Mass. 2006) (without the class action mechanism for FLSA wage claims, employers have no "incentive. . . to avoid the type of conduct that might lead to class action litigation in the first instance.").

Plaintiffs also note that in the Memorandum & Order, the Court did not mention Plaintiffs' renewed request for conditional certification under the "duties" test theory of liability. Although the Court expressed concern at the hearing held in August 2005 that Plaintiffs had not submitted sufficient evidence regarding commonality of duties of the putative class, Plaintiffs supplemented their evidence on this point following the hearing in their reply briefing on their conditional certification motion, further bolstering their argument that the proposed "duties" class did in fact have common duties. Indeed, with an employer the size of Robert Half, it is to be expected that employees sharing common job titles (and common job descriptions) would perform similar duties. The fact that the court in *Lafitte* certified a class under the admittedly more difficult "duties test" theory further supports the commonality of putative class members' duties in this case as well. Plaintiffs thus respectfully request that the Court also reconsider its denial of conditional certification and opportunity for class members to opt-in based upon the "duties test" theory as well.

As discussed in Plaintiffs' earlier briefing and recognized by the Court in its order, on a request for conditional certification to allow opt-in notice under the FLSA, courts apply a "'fairly lenient standard' to determine whether the putative class members were subject to a single decision, policy or plan that violated the law based on the pleadings and affidavits filed in the case." Memorandum & Order, at 5-6. The issue being addressed here is simply whether or not putative class members should get the opportunity to be notified of this case and, as a practical matter, be given the option of joining it. If, following discovery, the Court determines that commonality does not exist

(which would be evaluated under a more stringent, second-step standard), then the Court may decertify the class.  Here, Plaintiffs submit, the Court failed to apply the "fairly lenient standard," apparently based upon a misconception of the Plaintiffs' argument under the salary basis test.  Plaintiffs also submit that they were held to a higher than "fairly lenient standard" on the duties test theory as well.

Plaintiffs thus request that the Court either reconsider its decision, or in the alternative allow Plaintiffs to pursue an appeal to the First Circuit at this juncture.  This procedure would be preferable, from a viewpoint of judicial economy, to the plaintiffs' continuing this litigation based upon the claims of the three lead plaintiffs, or having the plaintiffs next file their motion for class certification under Rule 23 for the Massachusetts subclass, for which Plaintiffs expect they would receive the same denial by the Court, unless and until the Court's Memorandum & Order of May 10, 2007, is reconsidered or reversed on appeal.  The Court has the discretion to certify the case for an interlocutory appeal under 28 U.S.C. § 1292(b).  *See Natale v. Pfizer, Inc.*, 379 F.Supp.2d 161 (D. Mass. 2005) (district court may certify for appeal an interlocutory order which is not otherwise appealable if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate outcome of the litigation."); *Barnett v. Washington Mutual Bank, FA,* 2004 WL 2852627 (N.D. Cal. 2004).

Here, the issues raised by the Court's order have the potential to have a profound impact on the litigation of FLSA claims in this circuit, and it would be desirable to the wage and hour employment bar to have a definitive ruling from the First Circuit regarding the proper way for Plaintiffs' counsel to proceed upon the filing of FLSA opt-in

cases (i.e. whether Plaintiffs' counsel should be engaging in widespread advertising of claims before receiving court permission to provide opt-in notice).  The Court may take judicial notice of the fact that FLSA claims have proliferated in recent years and that there appears to be a wide variety of approaches that courts have taken in addressing the all-important initial ruling in such cases as to whether opt-in notice will be allowed. Although the courts state that they are applying the same "fairly lenient standard" when ruling on such requests, the outcomes, as this case demonstrates, are quite varied. The bar would greatly benefit in this Circuit from a ruling from the Court of Appeals setting forth more specifically the standard for conditional certification, Plaintiffs' counsel's obligations and rights with respect to solicitation of opt-in plaintiffs, and as discussed next, the propriety of tolling the statute of limitations when initial litigation proceedings delay opt-in notice.

Finally, as just foreshadowed, Plaintiffs renew their request for tolling the statute of limitations for opt-in plaintiffs.  Courts have the discretion to allow such tolling and have done so in situations in which delay in providing the opt-in notice has not been due to the plaintiffs' misconduct.  *See Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant); *Adams v. Inter-Con Security Systems, Inc.,* 2007 WL 1089694, *11 (N.D. Cal. April 11, 2007) ("equitable tolling is properly applied to cases involving either defendants inducing delayed filings or faultless plaintiffs.")[5]; *Castle v. Wells Fargo Financial, Inc.,* 2007 WL 1105118 (N.D. Cal. Apr. 10,

---

[5]      The court in *Adams* described why it approved equitable tolling as follows:

The potential plaintiffs in this case have yet to receive notice of the action due to defendant's refusal to supply potential plaintiffs' contact information to the named

8

2007); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiffs' control, including litigation, arbitration and settlement of related action); *Quintanilla v. A&R Demolition Inc.*, 2006 WL 1663739 (S.D.Tex. 2006); *Boldozier v. American Family Mut. Ins. Co.*, 375 F.Supp.2d 1089, 1092 (D.Colo. 2005); *Cisneros v. Jinny Beauty Supply Co., Inc.*, 2004 WL 524482, *1 (N.D.Ill. 2004); *Myers v. Copper Cellar Corp.*, 1996 WL 766505, *7-8 (E.D. Tenn. 1996) (tolling statute of limitations for opt-in plaintiffs back to the date of the filing of the complaint and plaintiffs' request for conditional certification); *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 410-11 (D.N.J. 1988), *aff'd in part, rev'd in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989) (describing how delays in litigation presented "facially compelling case for equitable tolling"); *Madrigal v. Green Giant Co.,* 1981 WL 2331, *16 (E.D. Wash. 1981) (allowing tolling statute of limitations for opt-in plaintiffs since date that plaintiffs' request for identity of class members had been pending).

---

plaintiffs. On one hand, plaintiffs bear no fault for this delay, having sought the information necessary to notify potential plaintiffs of the pending action. On the other hand, defendant's conduct has necessarily postponed potential plaintiffs' filing of their consents to opt in with the courts. Under 29 U.S.C. § 216(b), defendant is only required to provide potential plaintiffs' contact information after conditional certification of the collective class. *See Hoffman-La Roche II,* 493 U.S. at 170. **Applying equitable tolling to this case does not alter this requirement, but counters the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last possible moment. Faultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay, calculated or otherwise.** Because plaintiffs have diligently pursued their legal rights by soliciting information from defendants, and defendant's refusal has delayed that pursuit, equitable tolling is appropriate.

*Adams*, 2007 WL 1089694 at *11 (emphasis added). Given that the Court has not granted Plaintiffs' request for conditional certification, Plaintiffs in this case are not claiming that Defendants have engaged in "misconduct" by failing to provide the requested information. Plaintiffs are simply arguing that, *if* they are correct that conditional certification is warranted here (as determined by this Court or the Court of Appeals), then it would be inequitable for the opt-in plaintiffs to have lost the opportunity to bring their claims (or have those claims diminished) based upon the running of the statute of limitations.

Here, in addition to the initial delay that occurred due to the Court's denial of Plaintiffs' original Motion to Facilitate § 216(b) Notice, an additional unusual delay occurred in this case based upon the fact that Plaintiffs' Renewed Motion to Facilitate § 216(b) Notice, which was filed on November 30, 2005, was, due to an apparent administrative error by a clerical staff member, docketed under the court's ECF filing system as a "memorandum" rather than as a "motion" and thus did not show up on the court's motion list. This error came to Plaintiffs' counsel's attention on January 10, 2007, and counsel at that time attempted to straighten out the error with the court's staff. *See* Exhibit 2 (e-mail to Elizabeth Sonnenberg).[6] As discussed above, Plaintiffs have been patiently and properly awaiting a court ruling on this motion before soliciting opt-in plaintiffs, and it would be unfair to prejudice these potential opt-in plaintiffs by virtue of the circumstances of this case.[7] Moreover, the next stage of this case will undoubtedly take some time as well (whether it be an immediate appeal to the First Circuit, or the parties proceeding on the basis of the lead plaintiffs or Rule 23 Massachusetts subclass), and the potential opt-in plaintiffs should not be prejudiced by the passage of time which could extinguish their claims entirely (given the two or three

---

[6]    Plaintiffs' counsel hesitated to contact the Court repeatedly about the long-pending motion, as she recognizes that courts often do not appreciate such reminders. She believed that the Court was aware of the pendency of the motion, and had the motion under advisement, given that Plaintiffs had requested permission to file a reply brief in support of the renewed motion, and the Court had granted that motion on May 17, 2006; and given Plaintiffs' letter of August 18, 2006 requesting tolling of the statute of limitations (which Defendants responded to with an opposition brief). The next Plaintiffs' counsel heard of the status of the motion was in January 2007, when the clerk inquired as to why there had been no activity in the case for some time and then when the clerk terminated the motion as having already been ruled upon. Plaintiffs' counsel explained that the parties were awaiting a ruling on the renewed notice motion, and the clerk un-terminated the motion. The motion was then terminated again (briefly by mistake) in May 2007, and Plaintiffs' counsel at that time again called the Court's clerks and explained the chronology and that the parties were still awaiting a ruling on the motion. Thereafter, the Court issued its Memorandum & Order on May 10, 2007.

[7]    Plaintiffs previously requested tolling of the statute of limitations on a couple of different occasions. They first raised it at the court hearing held on August 19, 2005, and the Court was clearly not inclined to grant it at that juncture. Following the completion of briefing of their Renewed Motion to Facilitate § 216(b) Notice (a year later), they requested it again on August 18, 2006. *See* Exhibit 3 (attached here). The Court never ruled or commented on this request.

10

year statute of limitations).  The alternative to the Court granting this tolling would be for

Plaintiffs' counsel to now embark on the national advertising campaign mentioned

earlier, but such a result would, as discussed, undermine the entire purpose behind

Court-supervised and approved notice, which is the preferred (indeed, what Plaintiffs

believed to be required) method of informing potential class members of their rights to

join this case.

If the Court were to reject the Plaintiffs' tolling request, then its denial of

conditional certification would effectively be an extinguishment of the claims of hundreds

of putative class members (whose claims have or will expire due to the statute of

limitations) before the Court's order can be reviewed on appeal.  Such a result would

make the Court's order effectively one on the merits and unreviewable, which cannot be

the proper result.

WHEREFORE Plaintiffs respectfully request that the Court reconsider its

Memorandum & Order of May 10, 2007, or in the alternative permit an immediate

appeal in this case.  Plaintiffs also request that the Court allow tolling of the statute of

limitations from the time that Plaintiffs first requested contact information for putative

plaintiffs until such time as (if ever) this Court permits notice allowing putative class

members the opportunity to opt-in to this case under the FLSA.

Respectfully submitted,

IAN O'DONNELL et al.,
By their attorneys,

 s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG,
& LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
Dated:  May 21, 2007              (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007, I caused a copy of this document to be served by electronic filing on all counsel of record.


\_\_s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/18/06                                                    DEPT. 69

HONORABLE EDWARD A. FERNS    JUDGE    L. MARKMILLER    DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
16
        A. AYALA, C.A.    Deputy Sheriff    NONE                Reporter

8:30 am BC321317                Plaintiff
                                Counsel
        MARK LAFITTE
        VS                      Defendant
        ROBERT HALF INTERNATIONAL INC    Counsel

---

NATURE OF PROCEEDINGS:

COURT'S RULING ON MATTERS HERETOFORE TAKEN UNDER
SUBMISSION ON 6-22-2006:

■ MOTION BY DEFENDANTS TO STRIKE CLASS ALLEGATIONS

The motion is denied.

---

■ MOTION BY PLAINTIFF FOR CLASS CERTIFICATION

After further consideration of the pleadings, the
evidence, the relevant authority and the oral
argument of counsel, the court rules as follows on
plaintiff's Motion for Class Certification taken
under submission on 6-22-2006.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THE FACTS

This is a purported class action filed by Mark
Lafitte ("Plaintiff") against his employer, Robert
Half International, Inc. ("Defendant") alleging
Defendant violated California's wage and hour rules
by misclassifying its Account Executives as exempt
from overtime and forcing them to work more than 40
hours per week without overtime pay.

The proposed Class that Plaintiff is seeking
certification of is defined as follows:

Page    1 of    9    DEPT. 69

MINUTES ENTERED
09/18/06
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 09/18/06 | DEPT. 69 |
| HONORABLE EDWARD A. FERNS    JUDGE | L. MARKMILLER    DEPUTY CLERK |
| HONORABLE 16 | ELECTRONIC RECORDING MONITOR |
| A. AYALA, C.A.    Deputy Sheriff | NONE    Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC321317 | | Plaintiff Counsel |
| | MARK LAFITTE VS ROBERT HALF INTERNATIONAL INC. | | Defendant Counsel |

**NATURE OF PROCEEDINGS:**

All persons employed by Defendant in California as a salaried Account Executive or salaried Staffing Manager since September 10, 2000 who were misclassified as exempt (the "class").

-----------------------------------------------------------

ANALYSIS

Class certification is appropriate when "the question is one of a common or general interest, of many persons, or when parties are numerous and it is impracticable to bring them all before the court." Code of Civil Procedure § 382. "To obtain certification, a party must establish the existence of both an ascertainable class and a well-defined community of interest among class members. [Citation] The community of interest requirement involves three factors: '[1] predominant questions of law or fact; [2] class representatives with claims or defenses typical of the class; and [3] class representatives who can adequately represent the class. The party seeking certification has the burden of establishing the prerequisites for a class action." Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319, 326, citing Lockheed Martin Corporation v. Superior Court (2003) 29 Cal.4th 1096, 1104.

For the reasons that follow, after considering all of the relevant factors, the court finds that the Plaintiff has met his burden for the 1st, 4th, 5th, and 6th Causes of Action, but that the Plaintiff has not met this burden with regard to the 2nd and

Page   2 of   9   DEPT. 69

MINUTES ENTERED 09/18/06 COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 09/18/06 | | | DEPT. 69 |
|---|---|---|---|
| HONORABLE EDWARD A. FERNS | JUDGE | L. MARKMILLER | DEPUTY CLERK |
| HONORABLE 16 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| A. AYALA, C.A. | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC321317<br><br>MARK LAFITTE<br>VS<br>ROBERT HALF INTERNATIONAL INC | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

3rd Causes of Action.
--------------------------------------------------------
ASCERTAINABILITY

Ascertainability is required in order to give notice to putative class members who may be affected by the judgment. It is defined in terms of "objective characteristics and common transactional facts making the ultimate identification of class members possible. Hicks v. Kaufman & Broad Home Corp. (2001) 89 Cal. App. 4th 908, 915. Whether a class is ascertainable is determined by examining (1) the class definition, (2) the size of the class, and (3) the means available for identifying class members. Reyes v. Board of Supervisors of San Diego County (1987) 196 Cal.App.3d 1263, 1271.

Defendant did not dispute the ascertainability of the Class. Plaintiff defined a class of employees that he believed qualified for damages under the instant facts and contended that the Defendant had already identified the Account Executives and Staff Managers who were under their employ during the Class Period within their discovery responses. Since Robert Half International, Inc., as an employer, is required to keep the personnel records for a minimum of three years in accordance with Labor Code §§ 1174 and 1175, Account Executives and Staff Managers are identifiable and can be given notice of an action.
--------------------------------------------------------

MINUTES ENTERED
09/18/06
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | DEPT. 69 |
|---|---|---|---|
| DATE: 09/18/06 | | | |
| HONORABLE EDWARD A. FERNS | JUDGE | L. MARKMILLER | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16 | | | |
| A. AYALA, C.A. | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC321317 | Plaintiff | |
| | | Counsel | |
| | MARK LAFITTE | | |
| | VS | Defendant | |
| | ROBERT HALF INTERNATIONAL INC | Counsel | |

**NATURE OF PROCEEDINGS:**

COMMON QUESTIONS OF LAW OR FACT

In order to determine whether common questions of fact predominate the trial court must examine the issues framed by the pleadings and the law applicable to the causes of action alleged. Hicks v. Kaufman & Broad Home Corp . (2001) 89 Cal. App. 4th 908, 916.The Court must consider whether the theory of recovery advanced by the proponents of certification, is, as an analytical matter, likely to prove amenable to class treatment. Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319, 327.

Plaintiff and Defendants presented numerous exhibits and arguments within their moving papers concerning the duties of Account Executives and/or Staff Managers. Both parties proffered Declarations from current and former employees to support their respective positions. Since the Declarations were drafted by the attorneys and are generally duplicative the Court has given the greatest weight to the deposition testimony.

Based upon the review of the Deposition testimony and documentary evidence the argument of individuality predominating is unpersuasive. Defendants PMK, Ms. Ramirez, testified in her deposition that there are six categories of duties that the putative class members are responsible for and that the persons that reported to her performed the same basic duties with some variation of course. (See Exhibit 36, page 226.)

MINUTES ENTERED
09/18/06
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 69 |
|---|---|---|
| DATE: 09/18/06 | | |
| HONORABLE EDWARD A. FERNS    JUDGE | L. MARKMILLER | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16:    A. AYALA, C.A.    Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC321317 | Plaintiff Counsel | |
| | MARK LAFITTE VS ROBERT HALF INTERNATIONAL INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Ms. Ramirez also testified that her employees worked about eight hours or so on a given sales day, thereby confirming the overtime hours complained of by Plaintiff. (See Exhibit 36, page 270.) Mr. Gitlin, another PMK for Defendants, also testified that every staffing manager and Account executives were considered to be salary exempt in all divisions. This testimony does support commonality with regard to treatment of the putative class members as a group. (See Exhibit 37, pages 120-121.)

Defendants' argument concerning the individual questions that arise based upon the fact that all Account Executives and Staff Managers obligation to participate in sales week and/or desk week is actually supportive of Plaintiff's position because it infers commonality of treatment. (See Exhibit 36, page 60 et seq.) However, the actual argument of how much time is spent doing exempt tasks during desk week or sales week is a merit issue that needs to be tried by the trier of fact and is therefore beyond the scope of the certification motion.  Linder v. Thrifty Oil Co. (2000) 23 Cal.4th 429, 439-440. Accordingly, Plaintiff's evidence is supportive of the commonality element with regard to the 1st, 4th, 5th and 6th Causes of Action.

-----------------------------------------------------------

CLASS REPRESENTATIVES WITH CLAIMS OR DEFENSES TYPICAL OF THE CLASS

The class representative's claim are typical of class

MINUTES ENTERED
09/18/06
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/18/06 | | DEPT. 69 |
| HONORABLE EDWARD A. FERNS    JUDGE | L. MARKMILLER | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16    A. AYALA, C.A.    Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC321317 | Plaintiff Counsel | |
| | MARK LAFITTE VS ROBERT HALF INTERNATIONAL INC. | Defendant Counsel | |

### NATURE OF PROCEEDINGS:

claims if the individual facts applicable to the class representative are very similar, but not necessarily identical, to the facts which are common to the class. Classen v. Weller (1983) 145 Cal.App.3d 27, 46.

Typicality does not depend on the length of time of employment with Defendant. As is the case in the instant facts, Plaintiff must have claims that are similar to the other class members so that they will be motivated to litigate on behalf of the class. Classen, supra, 145 Cal.App.3d at page 46.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLASS REPRESENTATIVES ARE ADEQUATE TO REPRESENT THE CLASS

To maintain a class action, the representative plaintiff must adequately represent and protect the interests of other members of the class. Simons v. Horowitz (1984) 151 Cal. App. 3d 834, 846. There are two criteria that a Class Representative has to meet in order to be deemed adequate: (1) that they are zealous fiduciaries; and (2) that there are no existing antagonisms or conflicts with the class members. City of San Jose v. Superior Court (Lands Unlimited) 1974 12 Cal.3d 447, 464.

Plaintiff has provided evidence to support the satisfaction of the requisite criteria for an adequate class representative as articulated in City of San Jose, Id. Plaintiff is a zealous fiduciary as

Page    6 of    9    DEPT. 69

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/18/06 | | DEPT. 69 |
| HONORABLE EDWARD A. FERNS    JUDGE | L. MARKMILLER | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16    A. AYALA, C.A.    Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC321317 | Plaintiff Counsel | |
| | MARK LAFITTE VS ROBERT HALF INTERNATIONAL INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

is evidenced by his representation of the rights of
the group thus far with regard to the Causes of
Actions alleged, discovery propounded and discovery
responded to. Defense counsel did not present any
credible antagonisms or conflicts with the putative
class that would warrant removal of Plaintiff as
class representative.

-----------------------------------------------

SUPERIORITY

The superiority criterion is manifest in the
determination that a class action brought under Code
of Civil Procedure § 382 would produce substantial
benefits to the litigants and the judicial system.
Schneider v. Vennard (1986) 183 Cal.App.3d 1340, 1347.

The court has considered both the benefits that a
class action would yield, as well as the potential
unfairness to the Defendant, which might result from
a litigation of the underlying claims through
aggregate procedures rather than through separate
trials. As discussed above, the court finds that the
Plaintiff did not meet his burden of proof with
regard to the 2nd and 3rd Causes of Action.
Nonetheless, with regard to the 1st, 4th, 5th, and
6th Causes of Action, Plaintiff has established that
he may use common evidence to prove facts and resolve
legal issues which apply to every Class Member's
claim since common issues would be the principal
issues in any individual action.

-----------------------------------------------

MINUTES ENTERED
09/18/06
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | DEPT. 69 |
|---|---|---|---|
| DATE: 09/18/06 | | | |
| HONORABLE EDWARD A. FERNS | JUDGE | L. MARKMILLER | DEPUTY CLERK |
| HONORABLE 16 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| A. AYALA, C.A. | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC321317 | Plaintiff Counsel |
|---|---|---|
| | MARK LAFITTE VS ROBERT HALF INTERNATIONAL INC | Defendant Counsel |

NATURE OF PROCEEDINGS:

JUDICIAL NOTICE

The Court grants Plaintiff's request for judicial notice of the administrative materials contained in Exhibits 2 and 7. The Court denies Plaintiff's request for judicial notice of Exhibit 1 (3/06); Exhibit 1(4/06); Exhibits 3-6; and the 16 Orders granting Certification subsequently filed.

The Court denies Defendant's request for judicial notice of an Order denying Plaintiff's Motion for Class Certification in Dunbar v. Albertson's Inc.

■ CASE MANAGEMENT CONFERENCE

The case management conference is continued to 11-14-2006 at 8:30 a.m. in Department 69.

■ NOTICE

Moving party plaintiff is directed to give notice.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I

Page    8 of    9    DEPT. 69

MINUTES ENTERED
09/18/06
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | DEPT. 69 |
|---|---|---|---|
| DATE: 09/18/06 | | | |
| HONORABLE EDWARD A. FERNS | JUDGE | L. MARKMILLER | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16 A. AYALA, C.A. | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC321317 | Plaintiff Counsel | |
|---|---|---|---|
| | MARK LAFITTE VS ROBERT HALF INTERNATIONAL INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

served Notice of Entry of the above minute order of
9-18-2006 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 9-18-2006

John A. Clarke, Executive Officer/Clerk

By: _____
                L. MARKILLER

Gregg Lander
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA 90035

Page    9 of    9    DEPT. 69

MINUTES ENTERED
09/18/06
COUNTY CLERK

## Shannon Liss-Riordan

| | |
|---|---|
| **From:** | Shannon Liss-Riordan [sliss@prle.com] |
| **Sent:** | Wednesday, January 10, 2007 12:26 PM |
| **To:** | 'Elizabeth_Sonnenberg@mad.uscourts.gov' |
| **Cc:** | 'Craig_Nicewicz@mad.uscourts.gov'; 'Alfred, Richard'; 'Pratt, Krista' |
| **Subject:** | O'Donnell et al. v. Robert Half International |

Dear Elizabeth,

As we just discussed regarding O'Donnell et al. v. Robert Half International, Civ. No. 04-12719, Docket # 36 was not ruled on in Docket # 48.  Docket # 36 was the Plaintiffs' Renewed Motion to Facilitate Sec. 216(b) Notice and Memorandum in support.  Because Docket # 36 was e-filed on the Pacer system with "memorandum" selected rather than "motion", I now understand that it did not go on to the judge's list of pending motions.

The parties in this case have been awaiting a ruling on the motion, which is why there has been no activity in the case recently.  We thought the court understood that the Plaintiffs' renewed notice motion (Docket #36) was under advisement since the plaintiffs requested permission to file a reply in support of the motion (Docket # 54), which the court granted (May 17, 2006).  Plaintiffs then filed a reply in support of the motion (Docket # 55) and the Defendants filed a sur-reply (Docket # 56).  On August 18, 2006 (Docket # 57), I wrote a letter to the court regarding the pending motion (Docket # 57), which I explained had been filed on November 30, 2005, with briefing completed on June 9, 2006.  The defendant responded to this letter in Docket # 58.

I apologize for any confusion.  We believed this motion was under advisement, and I hesitated to disturb the court again after my letter of August 18, 2006.  The parties have been waiting a ruling from the court as to whether opt-in notice will be authorized, and the plaintiffs have refrained from sending their own notice or making informal attempts to solicit opt-in plaintiffs while this motion is pending.

Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Tel: (617) 367-7200
Fax: (617) 367-4820
sliss@prle.com

## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Tod A. Cochran
Of COUNSEL

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea
Alfred Gordon

Nicole Horberg Decter**
Rebecca G. Pontikes
Leah M. Barrault
Hillary Schwab**
Maydad D. Cohen

*Also admitted in Maine
**Also admitted in New York

August 18, 2006

**BY ELECTRONIC FILING**
The Honorable Nathaniel M. Gorton
United States District Court
One Courthouse Way
Boston, MA 02210

RE:    O'Donnell et. al v. Robert Half International
       Civil Action No. 04-12719 NMG

Dear Judge Gorton:

The plaintiffs in this case filed a Renewed Motion to Facilitate § 216(b) Notice on November 30, 2005, and the briefing for this motion was completed on June 9, 2006. I am writing to request that, should the motion be allowed, the statute of limitations be tolled for plaintiffs who choose to opt in to the case, since the preliminary issues in this case have, for a variety of reasons, taken longer than is typical for an FLSA case.

I also wanted to make sure the Court was aware that a related case is pending in the Northern District of California, Case No. 05-03248, Greene et al. v. Robert Half International. That case, which was filed in August 2005, has a status conference scheduled for September 12, 2006.

Thank you very much for your attention to this matter.

Sincerely,

Shannon Liss-Riordan

cc:    Richard Alfred, Esq.