UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR, & STACEY MOORE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. & ROBERT HALF CORPORATION,<br><br>Defendants. | CIVIL ACTION NO.  04-CV-12719 NMG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR RECONSIDERATION, CERTIFICATION OF
INTERLOCUTORY APPEAL, AND TOLLING OF STATUTE OF LIMITATIONS**

Defendants Robert Half International Inc. and Robert Half Corporation (collectively "RHI" or the "Company") hereby oppose Plaintiffs' Motion for Reconsideration, or in the Alternative, Certification to the Court of Appeals, and for Tolling ("Motion for Reconsideration").  Plaintiffs' Motion represents the third time that Plaintiffs have asked this Court to conditionally certify their FLSA claims as a collective action, and yet they still provide absolutely no evidence that the putative class members are similarly situated or interested in joining the litigation.  The Court has repeatedly explained the deficiencies in Plaintiffs' arguments on three separate occasions – twice in writing, and once in open Court.  Nevertheless, Plaintiffs refuse to accept this Court's direction on that issue and ask the Court (or, alternatively, the First Circuit) to revisit the issue of class certification yet again – based on the same evidence (or lack thereof) and the same failed arguments.  In addition, Plaintiffs ask – also for the third time – that the Court toll the statute of limitations as to putative class members in this case without presenting any evidence, arguments, or even allegations sufficient to justify such extraordinary relief.  The Court should not continue to entertain Plaintiffs' seemingly endless

1

parade of unsupported motions, and it should deny Plaintiffs' Motion for Reconsideration in its entirety forthwith.

## ARGUMENT

I.  **The Court Should Deny Plaintiffs' Motion for Reconsideration**

This Court has repeatedly explained that, in order to justify conditional certification, Plaintiffs must make at least a modest factual showing that the members of the putative class are similarly situated and that at least some of them are interested in participating in the litigation. Plaintiffs have done nothing to make this affirmative showing, and instead have peppered the Court with motion after motion based on the same lack of evidence and the same arguments.

Motions for reconsideration are strongly disfavored. The problems that provide a basis for a motion for reconsideration "rarely arise; therefore the motion for reconsideration should be equally rare." *Reyes Canada v. Rey Hernandez*, 224 F.R.D. 46, 48 (D.P.R. 2004). "Because the reviewing standard is strict, motions for reconsideration are usually denied unless the movant offers controlling decisions or facts that the court had originally overlooked, and which the movant could reasonably believe would have altered the court's original decision." *Commerce Funding Corp. v. Comprehensive Habilitation Serv., Inc.*, 233 F.R.D. 355, 360 (S.D.N.Y. 2005) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Crosby Yacht Yard, Inc. v. Yacht Chardonnay,* 164 F.R.D. 135, 137 (D. Mass. 1996) (motion for reconsideration is improper and should be denied when it attempts to re-litigate already decided issue). In their Motion for Reconsideration, Plaintiffs do nothing more than attempt to re-litigate an issue that has been decided on <u>two</u> previous occasions.

   A.   **Plaintiffs Continue To Ignore Their Burden To Demonstrate That Putative Class Members Are Interested in Joining the Litigation**

This Court has clearly, unambiguously, and repeatedly recognized that Plaintiffs must

2

show that members of the putative class are interested in participating in the litigation to justify conditional certification of a class. For example, in denying Plaintiffs' initial Motion to Facilitate § 216(b) Notice ("Initial Motion"), the Court stated:

> Moreover, the plaintiffs have failed to demonstrate that any of the putative class members are interested in joining the suit. Courts have considered such interest to be a requirement to justify conditional certification of a class. Plaintiffs' affidavits state that each plaintiff is "familiar with other current and former employees of the Company", and that he "believe[s]" many of these people would be interested in participating in the litigation but they fail to identify by name a single member of the putative class ready to participate. Moreover, plaintiffs' personal beliefs, by themselves, are insufficient as a matter of law to satisfy their burden of proof.

*O'Donnell, et al. v. Robert Half Int'l, Inc., et al.*, 429 F. Supp. 2d 246, 250-51 (D. Mass. 2006) (internal citations omitted) ("*O'Donnell I*"). In denying Plaintiffs' Renewed Motion to Facilitate § 216(b) Notice ("Renewed Motion"), the Court again stated that interest by putative class members is "a requirement to justify conditional certification of a class" and found that:

> The plaintiffs' renewed motion makes no additional showing that any employee, other than the three named in the second amended complaint, is interested in joining this lawsuit. The only evidence offered to support such a conclusion consists of vague and imprecise assertions made by the three named plaintiffs that they "believe" other unnamed current and former employees are interested in joining this litigation. **The plaintiffs have failed, again, to meet their burden in that regard.**

May 10, 2007, Memorandum and Order, docket no. 60, p. 8 (emphasis added) ("*O'Donnell II*"). In their Motion for Reconsideration, Plaintiffs fail to set forth any valid argument as to why the Court should reconsider a decision that it has made not once, but twice, and which is well supported by authorities from other courts facing the same issues.[1] Plaintiffs are unable to

---

[1] Courts have widely recognized that plaintiffs must make a showing of interest among members of the putative class as a prerequisite to conditional certification. *See, e.g., Rodgers v. CVS Pharmacy Inc.*, 2006 WL 752831 (M.D. Fla.) ("Plaintiffs' unsupported beliefs and expectations that other *may* desire to opt in are insufficient to justify certification of a collective action and a notice to a potential class.") (emphasis in original); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276-77 (M.D. Ala. 2004) (holding that plaintiffs failed to meet burden of showing interest among putative class members where they had not submitted affidavits from putative class members, consents to join, or expert evidence); *Pfohl v. Farmers Ins. Group*, 2004 U.S. Dist. LEXIS 6447, *31

3

muster even a simple citation to suggest that such a showing of interest is not a prerequisite to the conditional certification of an FLSA collective action.

Plaintiffs only new observation in response to the Court's repeated findings regarding the apparent lack of interest of putative class members in this case is to note the pendency of another case on the other side of the country, *Lafitte v. RHI*. The *Lafitte* case was brought by a single employee in California and presents only California state law claims that are distinct from the FLSA and Massachusetts state law claims at issue here. Indeed, Plaintiffs in this matter have expressly excluded individuals who worked for RHI in California from their putative class. *See* Plaintiffs' Second Amended Complaint ¶¶ 9, 10, 36. The certification of a California Rule 23 opt-out case has no bearing on any interest or lack thereof among the members of the class Plaintiffs seek to represent in this matter.

Despite Plaintiffs' claim that they have personal knowledge of individuals who desire to join this litigation, in the two-and-a-half years since the two original Plaintiffs commenced this action, only one individual, Stacey Moore, has elected to participate in the case. *See O'Donnell I,* 429 F. Supp. 2d at 251, n. 3. This illustrates two facts that completely undermine Plaintiffs arguments regarding interest among members of the putative class: (1) there is no factual basis to conclude that there are individuals in Plaintiffs' putative FLSA class interested in asserting wage and hour claims against Defendants, and (2) to the extent that there may be individuals who, like Ms. Moore, wished to participate in this case, they have been free to do so.

**B.    Plaintiffs Again Disregard the Legal Standard for Conditional Certification**

In their Motion for Reconsideration, Plaintiffs offer their familiar refrain that their burden

---

(C.D. Cal.) (denying conditional certification of class in part because plaintiffs failed to show that any members of the putative class were likely to assert similar claims); *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003) (holding that before conditionally certifying an FLSA collective action, "the court must at least satisfy itself that there are other persons who are similarly situated *and who desire to opt-into this case*.") (emphasis added) (citing *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).

in seeking conditional certification of an FLSA collective action is virtually nonexistent at this stage of the litigation, ignoring the Court's <u>repeated</u> efforts to disabuse them of this notion. At the Scheduling Conference held on August 19, 2005, the Court stated that "the standard that I adopt … in the *Kane* case … wasn't as lenient as [Plaintiffs] might imagine." Transcript of August 19, 2005 Hearing, docket no. 27 ("Trans.") at 12: 2-5. In its Order denying Plaintiffs' Initial Motion, the Court also recognized that Plaintiffs had "overreached in their motion for conditional certification" because their arguments were based on assumptions and unsubstantiated personal beliefs. *O'Donnell I*, 429 F. Supp. 2d at 250. In its most recent opinion, the Court again noted that Plaintiffs had failed to meet their burden. *O'Donnell II*, p. 8. Yet Plaintiffs continue to argue that they are required to make no factual showing at all to support their claim that members of the putative class are similarly situated. Plaintiffs' recital of arguments that they have made repeatedly – without success – does not provide a basis for the Court to reconsider its previous decisions denying conditional certification.

In an attempt to subvert any requirement that they make a factual showing that members of the putative class are similarly situated, Plaintiffs argue – for the third time – that they need only show the existence of a "common policy" that applies to all putative class members in order have a class conditionally certified. In doing so, Plaintiffs ignore this Court's repeated admonitions that Plaintiffs must provide <u>evidence</u> that members of the putative class "were subject to a single decision, policy, or plan <u>that violated the law</u>." *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (emphasis added) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)); *see also O'Donnell I*, 429 F. Supp. 2d at 250 (holding that Plaintiffs failed to demonstrate that putative class members were "subject to the same 'policy' of an allegedly improper deduction"); *O'Donnell II*, p. 8 (holding that Plaintiffs

again failed to overcome this "fatal flaw identified by the Court in its prior ruling"). The Court should not allow Plaintiffs to subvert the standard it has adopted by pointing to a facially benign policy that does not violate the law.

In their Motion for Reconsideration, Plaintiffs claim that they have "cited illustrative evidence (related to the lead plaintiffs) showing how the policies set forth in Defendants' Employee Handbook violated the salary basis test." Motion for Reconsideration, p. 2. In fact, the opposite is true. Plaintiffs have provided no evidence of any impermissible CHOICE Time Off ("CTO") deductions as to any one of the named Plaintiffs. Moreover, Defendants have conclusively established that there were no salary basis violations as to any of the named Plaintiffs. *See* Defendants' Motion for Partial Summary Judgment, docket no. 62. As discussed in detail in Defendants' Motion for Partial Summary Judgment, both Mr. Jolicoeur and Ms. Moore received payouts for unused CTO time in their final paychecks, and Mr. O'Donnell did not receive a deduction from salary for CTO time. Plaintiffs' mere allegation that RHI's CTO policy applies to all exempt employees did not – and still does not – suffice to meet their burden. Plaintiffs have done nothing to cure the "fatal flaw" in their argument, and the Court should decline to revisit the issue yet again.

## II.     There Is No Basis for Certification of an Interlocutory Appeal

As an alternative form of relief, Plaintiffs request that the Court certify the issue of conditional certification for an interlocutory appeal to the First Circuit pursuant to 28 U.S.C. § 1292(b). "Interlocutory appeals under 28 U.S.C. § 1292(b) are disfavored; they are wholly discretionary, and should be entertained but sparingly." *Lane v. First Nat. Bank of Boston,* 871 F.2d 166, 175 (1st Cir. 1989) (internal citations omitted); *see also Seven-Up Co. v. O-So Grape Co.*, 179 F. Supp. 167 (S.D. Ill. 1959) (certification under § 1292(b) is reserved for exceptional cases); 1958 U.S. Code Cong. & Adm. News 5260-61 (§ 1292(b) is not intended as means of

expediting review merely because order involves important legal question). As the Supreme Court has observed, "Congress carefully confined the availability of such reviews" and the party seeking to appeal has the burden of demonstrating "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978) (internal citations omitted). Before a district court certifies an order for interlocutory appeal, it must be satisfied that the following criteria are met: (1) the order from which the appeal is to be taken involves a "controlling question of law," (2) upon which there exists "substantial ground for difference of opinion," and (3) that "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Courts have repeatedly declined to certify for interlocutory appeal orders involving the issue of conditional certification of collective actions under 29 U.S.C. § 216(b). *See, e.g., Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930 (5th Cir. 2005) (noting that district court declined to certify an interlocutory appeal of decision to certify a class under § 216(b)); *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988) (district court order decertifying class under the FLSA's opt-in procedures not suitable for interlocutory appeal); *Baldozier v. American Family Mut. Ins. Co.*, 2005 WL 1798613 (D. Colo. 2005) (denying request to certify issue of conditional certification because issue did not involve controlling questions of law and immediate appeal from order would not materially advance ultimate termination of litigation); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438 (N.D. Ill. 1982) (denying request to certify appeal of conditional certification in collective action case because issue of whether conditional certification is appropriate is within trial court's discretion).

7

Courts' refusals to certify interlocutory appeals of orders regarding conditional certification are well grounded in the applicable statute. In refusing to certify these issues for appeal, courts have recognized that a ruling on a motion for conditional certification does not involve a controlling question of law. *See Allen,* 93 F.R.D. at 446 ("We do not believe that whether § 216(b) permits a court to authorize notice to potential claimants of a class action brought pursuant to that statute is a controlling question of law."); *see also In re Grand Jury Proceedings June 1991,* 767 F. Supp. 222, 225 (D. Colo. 1991) (question of law is controlling "[i]f the correct answer to the question will end the matter pending"). Courts have also recognized that an appeal of a ruling regarding collective action certification will not generally advance the ultimate termination of the litigation because it involves a procedural matter, not the substantive issues in the case. *See, e.g., Allen,* 93 F.R.D. at 446 (interlocutory appeal of whether conditional certification was appropriate would not materially advance termination of litigation). Plaintiffs have set forth no arguments that differentiate this case from the well reasoned opinions declining to certify interlocutory appeals of orders on motions for conditional certification, and the Court therefore should deny their request.

### III. There Is No Basis for Tolling the Statute of Limitations in This Matter

In addition to their requests for reconsideration or certification of an interlocutory appeal, Plaintiffs also ask that the Court toll the statute of limitations as to the FLSA claims of individuals who have not yet joined this matter. Plaintiffs have now made this request on three separate occasions. At the hearing on August 19, 2005, Plaintiffs' counsel requested that the Court toll the statute of limitations "[f]or anyone who might opt in," without providing any substantial grounds for that request. *See* Trans. 17:18 – 18:12. The Court did not grant Plaintiffs' request. On August 18, 2006, Plaintiffs' counsel again asked, this time by letter, that the Court toll the statute of limitations as to prospective class members, and again provided no

substantial basis supported by law for their request. The Court again declined Plaintiffs' request. Now, despite the Court's repeated refusal to toll the statute of limitations, and still without any substantial basis, Plaintiffs again ask the Court toll the statute of limitations as to putative class members.

In the rare instances in which courts have tolled the statute of limitations in FLSA cases, they have done so only upon a showing that the defendant's conduct has delayed plaintiffs from seeking to vindicate their statutory rights or a showing that extraordinary circumstances prevented plaintiffs from filing their claim. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, 2004 WL 1918795, *3-4 (S.D.N.Y. 2004) (equitable tolling of FLSA's statute of limitations reserved for "rare and exceptional circumstances" in which plaintiff "is prevented in some extraordinary way from exercising his rights") (emphasis in original); *Viciedo v. New Horizons Computer Learning Ctr. of Columbus, Ltd.*, 246 F. Supp. 2d 886, 903-04 (S.D. Ohio 2003) (plaintiffs not entitled to equitable tolling of FLSA's statute of limitations where they could not establish that defendant had engaged in serious misconduct); *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 323-24 (S.D.N.Y. 2001) (plaintiff not entitled to tolling of FLSA's statute of limitations where he failed to show that defendant concealed facts relating to wage claim). The cases cited by Plaintiffs in their Motion for Reconsideration do not support any contention that tolling is permissible in the absence of such extraordinary circumstances.[2]

---

[2] Indeed, Defendants' research and the cases cited in Plaintiffs' Motion for Reconsideration reveal no case in which any court has ever tolled the statute of limitations without first finding misconduct or certifying a class. *See, e.g., Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) (tolling statute of limitations for brief period only after striking opt-in forms rendered defective by plaintiffs' counsel's unauthorized conduct); *Castle v. Wells Fargo Fin., Inc.*, 2007 WL 1105118 (N.D. Cal.) (holding that tolling may be appropriate where FLSA collective action was stayed pending resolution of related issue by state Supreme Court); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475, *8 (N.D. Cal.) (equitable tolling appropriate only when defendant has engaged in misconduct or "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time") (emphasis added); *Quintanilla v. A&R Demolition, Inc.*, 2006 WL 1663739 (S.D. Tex.) (statute of limitations tolled for brief period because defendants conceded delay and did not object to 31-day tolling, and denying request for longer tolling period for lack of misconduct or extraordinary circumstances); *Cisneros v.*

Here, there are no extraordinary circumstances that could justify a tolling of the statute of limitations. Defendants have done nothing to prevent or delay any putative class member from participating in this action or otherwise asserting an FLSA claim against RHI, and Plaintiffs expressly concede that Defendants have engaged in no such misconduct. Motion for Reconsideration, n. 5. Moreover, nothing has prevented putative class members from joining this action and tolling the statute of limitations as to their individual claims. Members of the putative class may file a consent to join this case at any time, and need not wait until a collective action is certified. *Kuhn v. Phila. Co.*, 475 F. Supp. 324, 327 (E.D. Pa. 1979) (holding that even consents that were filed before complaint was filed are valid); *see also Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418, 422 (M.D. Ala. 1991) (holding that plaintiffs may gather consents to join before case is certified as collective action). Indeed, one such individual, Plaintiff Stacey Moore, has already done so. Anyone who is interested in the litigation has every opportunity to preserve his or her rights. A tolling of the statute of limitations is, therefore, unwarranted.

---

*Jinny Beauty Supply Co., Inc.,* 2004 WL 524482 (N.D. Ill. 2004) (noting that tolling might be appropriate where defendant failed to meet statutory notice-posting requirement).

## CONCLUSION

For the reasons above, RHI requests that the Court DENY Plaintiffs' Motion for Reconsideration, or in the Alternative, Certification to the Court of Appeals, and for Tolling.

<div style="margin-left: 50%;">

Respectfully submitted,

ROBERT HALF INTERNATIONAL INC.
AND ROBERT HALF CORPORATION
By their Attorneys,

 /s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596 )
C.J. Eaton (BBO # 660726)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

</div>

DATED: June 4, 2007

---

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Shannon Liss-Riordan, an attorney for Plaintiffs, Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, 18 Tremont Street, Suite 500, Boston, MA 02109, by first class mail on June 4, 2007.

 /s/ C.J. Eaton
C.J. Eaton

BO1 15849778.1