UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR, AND STACEY MOORE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION,<br><br>        Defendants. | CIVIL ACTION NO.  04-CV-12719 NMG |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, Defendants Robert Half International Inc. and Robert Half Corporation (collectively "RHI" or the "Company") hereby submit the following response to Plaintiffs' Statement of Undisputed Material Facts ("Plaintiffs' Statement of Facts").

1.      RHI admits that it owns and operates a large specialized staffing firm and states that it operates in excess of 16 offices in New England.  RHI further states that the assertions of fact in this paragraph are not material to Plaintiffs' Cross Motion for Summary Judgment.

2.      Admitted.

3.      Denied.  Plaintiff David Jolicouer ("Jolicoeur") worked as Staffing Manager in the Company's Boston office and Accountemps Division from July 2002 until September 2003.  First Affidavit of William T. Hayes ("First Hayes Aff."), ¶ 3 (attached as Exhibit C to Defendants' Statement of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment (docket no. 63 ("Defendants' SOF")).

  4.  Admitted.

  5.  Denied.  Plaintiffs were expected to work the number of hours necessary to complete their assigned duties each week, which may have been more or less than 40 per week. CTO Policy, attached to Plaintiffs' Statement of Facts as Exhibit D (Bates no. RHI 0000129). RHI further states that the assertions of fact in this paragraph are not material to Plaintiffs' Cross Motion for Summary Judgment.

  6.  Admitted.

  7.  Admitted.

  8.  Admitted.

  9.  Admitted.

  10.  Admitted.

  11.  Defendants admit that the cited document includes the quoted language. However, Defendants deny that they have an actual policy or practice requiring the deduction of negative CTO balances from employees' final pay.  RHI's CTO policy vests substantial discretion in the Company's managers to implement the policy.  Affidavit of Linda Blandford-Beringsmith ("Blandford-Beringsmith Aff."), ¶¶ 3, 4 (attached as Exhibit A to Defendants' SOF); Second Affidavit of Linda Blandford-Beringsmith ("Second Blandford-Beringsmith Aff."), ¶ 2 (filed herewith).  On July 13, 2000, RHI's Director, Employee Programs and Benefit Operations, circulated a memorandum to RHI's managers and supervisors entitled "Clarification of Exempt Time Off Tracking" (the "CTO Memo").  Second Blandford-Beringsmith Aff., ¶ 3. The CTO Memo instructs managers to "consider the specifics of each situation and use good judgment and common sense to ensure fair and reasonable treatment of your employees."  CTO

Memo, p. 2. The CTO Memo also emphasizes that an employee who uses CTO time, including unearned time, "will not be 'docked' pay." CTO Memo, pp. 1, 5.

12. Defendants admit that the cited document includes the quoted language. However, Defendants deny that they have an actual policy or practice requiring employees to take a full day of CTO if they will be absent from work for more than two hours. As with all other aspects of the CTO policy, the application of the CTO provision of the policy is subject to managerial discretion. Blandford-Beringsmith Aff., ¶ 3; *see also* ¶ 11, *supra*.

13. Defendants admit that the document includes the quoted language. However, Defendants deny that they have an actual policy or practice requiring the deduction of negative CTO balances from employees' final pay. As with all other aspects of the CTO policy, the application of the cited provisions of the policy is subject to managerial discretion. Blandford-Beringsmith Aff., ¶¶ 3, 4; *see also* ¶ 11, *supra*.

14. Defendants admit that the cited document includes the quoted language. However, Defendants deny that they have an actual policy or practice requiring the deduction of negative CTO balances from employees' final pay. As with all other aspects of the CTO policy, the application of the cited provisions of the policy is subject to managerial discretion. Blandford-Beringsmith Aff., ¶¶ 3, 4; *see also* ¶ 11, *supra*.

15. Defendants admit that the document includes the quoted language. However, Defendants deny that they have an actual policy or practice requiring the deduction of negative CTO balances from employees' salaries. As with all other aspects of the CTO policy, the application of the cited provisions of the policy is support to managerial discretion. Blandford-Beringsmith Aff., ¶¶ 3, 4; *see also* ¶ 11, *supra*.

16.     Denied.  In fact, the documents to which Plaintiffs cite were prepared by the Company's Payroll Department and do not provide any instructions to anyone to take any specified action. Second Blandford-Beringsmith Aff., ¶ 4.  Moreover, the only deduction made from O'Donnell's paycheck of August 20, 2003, was a deduction from a gratuitous salary continuation payment, which he was not "due."  Affidavit of Judi Graves ("Graves Aff."), ¶ 8 (attached as Exhibit B to Defendants' SOF).

17.     Denied.  Defendants' policy does not require or otherwise incentivize employees to take CTO leave at any given time.  CTO Policy, attached to Plaintiffs' Statement of Facts as Exhibit D (Bates no. RHI 0000129).  RHI further states that the assertions of fact in this paragraph are not material to Plaintiffs' Cross Motion for Summary Judgment.

18.     Denied.  *See* ¶ 17, *supra*.  RHI further states that the assertions of fact in this paragraph are not material to Plaintiffs' Cross Motion for Summary Judgment.

    Respectfully submitted,

    ROBERT HALF INTERNATIONAL INC.
    AND ROBERT HALF CORPORATION
    By their Attorneys,

    _/s/ C.J. Eaton_
    Richard L. Alfred (BBO # 015000)
    Krista G. Pratt (BBO # 644741)
    Barry J. Miller (BBO # 661596 )
    C.J. Eaton (BBO # 660726)
    SEYFARTH SHAW LLP
    World Trade Center East
    Two Seaport Lane, Suite 300
    Boston, MA 02210-2028
    Telephone:    (617) 946-4800
DATED:  June 19, 2007    Telecopier:    (617) 946-4801

> CERTIFICATE OF SERVICE
>
> I hereby certify that this document was filed through the Court's ECF system on June 19, 2007, which delivered a true copy of the above document on Shannon Liss-Riordan, an attorney for Plaintiffs, Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, 18 Tremont Street, Suite 500, Boston, MA 02109, by first class mail.
>
> /s/ C.J. Eaton
> C.J. Eaton