# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR, AND STACEY MOORE, on behalf of themselves and all others similarly situated, Plaintiffs, v. ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.  04-CV-12719 NMG |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY PLAINTIFFS' MOTION FOR CERTIFICATION OF A MASSACHUSETTS CLASS PURSUANT TO FED. R. CIV. P. 23

Defendants Robert Half International Inc. and Robert Half Corporation (together "RHI" or the "Company") hereby move to stay Plaintiffs' Motion for Certification of a Massachusetts Class Pursuant to Fed. R. Civ. P. 23 ("Motion for Certification"), and all related discovery, pending the Court's ruling on Plaintiffs' Motion for Reconsideration and the parties' cross motions for summary judgment on Plaintiffs' salary basis claims ("Pending Motions").  The Pending Motions are now fully briefed, and the Court's rulings on those motions will greatly affect the nature and direction of this case.  Indeed, if the Court grants Defendants' Motion for Partial Summary Judgment and dismisses Plaintiffs' salary basis claims, the Motion for Certification will be moot, as that is the only claim for which Plaintiffs seek certification of a class.  Defendants should not be obligated to undertake the burden and expense of opposing yet another attempt by Plaintiffs' to certify a class when that attempt is based solely on claims that are the subject of a currently-pending dispositive motion and when Plaintiffs' previous attempt to certify a class – based on the same failed salary basis test theory – is still unresolved.  In

addition, to engage in time-consuming, burdensome, and costly class discovery on such claims

would be wasteful of the Court's and Defendants resources.  Accordingly, unless the Court

denies the Motion for Certification without the need for further briefing by RHI,[1] Defendants

request that the Court stay its decision on that Motion, and all related discovery, until after it has

ruled on the pending motions.

### PROCEDURAL BACKGROUND

Plaintiffs commenced this action on December 1, 2004, alleging violations of state and

federal laws "on behalf of themselves and all others similarly situated."  Since that time,

Plaintiffs have sought to have this court certify a class on four separate occasions.  Plaintiffs filed

their first Motion to Facilitate § 216(b) Notice ("Initial Motion") on May 27, 2005.  On

November 30, 2005 – two days before the deadline for Defendants to file a surreply to the Initial

Motion – Plaintiffs filed a Renewed Motion to Facilitate § 216(b) Notice ("Renewed Motion").[2]

On March 30, 2006, this Court denied Plaintiffs' Initial Motion, holding that Plaintiffs

had failed to meet their burden in demonstrating that the case should proceed as a collective

action. *See O'Donnell, et al. v. Robert Half Int'l, Inc., et al.*, 429 F. Supp. 2d 246, 250-51 (D.

Mass. 2006) ("*O'Donnell I*").   On May 10, 2007, the Court denied Plaintiffs' Renewed Motion,

finding that Plaintiffs failed "to overcome the deficiencies the Court found the last time around."

*See* May 10, 2007, Memorandum and Order, docket no. 60, p. 8 ("*O'Donnell II*").

Undeterred by the Court's repeated assertions that Plaintiffs failed to meet their burden

with respect to class certification, on May 21, 2007, Plaintiffs filed their Motion for

---

[1] Defendants reserve all arguments in opposition to the Motion for Certification, and request that the Court permit them the opportunity to submit an opposition in the event that the instant Motion to Stay is denied.

[2] Plaintiffs have also amended their complaint on numerous occasions.  Before Defendants responded to their initial complaint, Plaintiffs filed their First Amended Complaint on January 19, 2005.  Defendants filed their Answer to the Amended Complaint on February 4, 2005.  Plaintiffs then filed a Second Amended Complaint on November 30, 2005, along with their Renewed Motion.

Reconsideration, or in the Alternative, Certification to the Court of Appeals, and for Tolling (docket no. 61) ("Motion for Reconsideration"), in a desperate attempt to have the Court revisit the issue of class certification – yet again – based on the same allegations that failed to meet the requisite requirements for certification in their previous attempts. That motion is still pending.

In addition to the undecided Motion for Reconsideration, cross-motions for summary judgment are before the Court. On May 21, 2007, Defendants filed their Motion for Partial Summary Judgment (docket no. 62) ("Summary Judgment Motion"), seeking dismissal of Plaintiffs' salary basis claims – the same claims for which Plaintiffs now seek to have a class certified. Plaintiffs filed a Cross Motion for Summary Judgment and Opposition to Defendants' Motion for Partial Summary Judgment (docket no. 67) ("Cross Motion") on June 5, 2007. Plaintiffs' Cross Motion is also based solely on Plaintiffs' salary basis allegations. The summary judgment motions are fully briefed and pending before the Court.

On June 22, 2007, Plaintiffs filed their Motion for Certification, which seeks certification under Fed. R. Civ. P. 23 of a class of all exempt employees in Massachusetts and is based only on Defendants' alleged "violation of the 'salary basis' test under Massachusetts law" – the very same claim that is the subject of the pending summary judgment motions.

## ARGUMENT

Plaintiffs' Motion for Certification constitutes an abuse of the Court's resources and substantially prejudices Defendants. A number of pending motions have been fully briefed by the parties, including Defendants' Summary Judgment Motion on the claims that form the very basis of Plaintiffs' Motion for Certification. If Defendants' Summary Judgment Motion is granted, Plaintiffs' motion will be moot. The Court and Defendants therefore should not be obligated to undertake the burden and expense of addressing a motion that may soon be irrelevant. In addition, Plaintiffs' Motion for Certification – their fourth stab at obtaining

3

certification – is premature because their third attempt to certify a class is still unresolved. Finally, to engage in time-consuming, burdensome, and costly class discovery on such claims would be wasteful of the Court's and Defendants' resources.

**I.    Plaintiffs' Motion for Certification Will Be Moot if the Court Grants Defendants' Summary Judgment Motion**

Courts have generally recognized that when summary judgment motions and motions for class certification are pending contemporaneously, the court should decide summary judgment before addressing the issue of class certification.  *See, e.g., Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474-76 (7th Cir. 1997) (deciding summary judgment before ruling on class certification is appropriate way to deal with potentially meritless litigation); *Wright v. Schock,* 742 F.2d 541, 544 (9th Cir. 1984) ("[i]t is reasonable to consider  a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation"); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 (D.C. Cir. 2001) (holding that where plaintiffs claims can be resolved on summary judgment district court should resolve merits before considering the issue of class certification); *see also Project Release v. Prevost*, 722 F.2d 960, 963 & n. 2 (2d Cir. 1983) (deciding summary judgment even though there was no ruling on certification); *Pharo v. Smith*, 621 F.2d 656, 663-64 (5th Cir.) (same); *Vervaecke v. Chiles, Heider & Co.*, 578 F.2d 713, 719-20 (8th Cir. 1978); *Crowley v. Montgomery Ward & Co.*, 570 F.2d 877, 879 (10th Cir. 1978) (same); *Acker v. Provident National Bank*, 512 F.2d 729, 732 n. 5 (3d Cir. 1975) (same).  Indeed, judicial economy <u>requires</u> that courts resolve dispositive motions before ruling on class certification.  *See* Manual for Complex Litigation, Fourth, § 21.133 (resolution of dispositive motions before class certification avoids "expense for the parties and burdens for the court and may minimize the use of the class action process for cases that are weak on the merits"); Rothstein & Willging,

4

"Managing Class Action Litigation: A Pocket Guide for Judges" (Federal Judicial Center, 2005) (recommending to federal judges that dispositive motions be decided before class certification as a matter of practice).[3]  This is particularly true where, as in this case, a summary judgment decision in Defendants' favor may eliminate the very claims that form the foundation of the motion for class certification.

Plaintiffs seek certification of a class based <u>only</u> on their salary basis claims – claims that Defendants have moved to dismiss in their Summary Judgment Motion.  If the Court grants summary judgment in favor of Defendants, the Court will not need to address Plaintiffs' Motion for Certification because it will be moot. *See, e.g., Salgado v. Piedmont Capital Corp.*, 534 F.Supp. 938, 952 (D. P.R. 1981) (concluding that it was unnecessary to rule on class certification where defendants were granted summary judgment); *Barcelo v. Brown,* 78 F.R.D. 531, 535 (D. P.R. 1978) (same); *García v. Rush-Presbyterian-St. Luke's Medical Center,* 80 F.R.D. 254, 260 (N.D.Ill. 1978) (same); *see also Board of School Commissioners v. Jacobs,* 420 U.S. 128 (1975); *Boyle v. Madigan,* 492 F.2d 1180 (9th Cir. 1974) (same).  It is well-settled that, in order to represent a class on a particular claim, Plaintiffs must themselves have a cause of action on that claim.  *See, e.g., Bailey v. Patterson,* 369 U.S. 31, 32-33 (1962) (concluding that plaintiffs cannot represent class if they have no claims); *see also La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 462, 465 (9 Cir., 1973); *Levine v. Seilon, Inc.,* 439 F.2d 328, 335 n.10 (2 Cir., 1971).  If the Court determines that Plaintiffs' salary basis claims are without merit, Plaintiffs will have no cause of action against Defendants for those claims and will therefore be unable to represent the class for which they seek certification.  Moreover, because Plaintiffs' salary basis allegations are based on the existence of an alleged improper <u>policy</u>, summary judgment in favor

---

[3] http://www.fjc.gov/library/fjc_catalog.nsf (last visited July 6, 2007).

of Defendants will also foreclose the claims of all other putative class members based on that

policy. Accordingly, in the interest of judicial economy and to prevent Plaintiffs' repeated abuse

of judicial resources, the Court should stay Plaintiffs' Motion for Certification until such time as

the summary judgment motions are adjudicated.

## II. Plaintiffs' Motion for Certification Is Premature and Is Based on the Same Failed Arguments as Their First Three Attempts to Obtain Certification

The Motion for Certification is Plaintiffs' <u>fourth</u> attempt to obtain certification of a class

in this case based on the same weak and futile arguments. Just as they did with their Renewed

Motion, Plaintiffs have jumped the gun and prematurely filed this motion before their most

recent attempt at certification, the Motion for Reconsideration, has been resolved. Plaintiffs have

consistently and repeatedly filed motions prematurely and without waiting for the Court's

decisions on related (and fully-briefed) pending motions. The Court should not countenance

Plaintiffs' continuing abuse of the Court's and Defendants' resources.

Plaintiffs themselves recognize that their Motion for Certification is premature, futile,

and a waste of judicial resources. In their Motion for Reconsideration, Plaintiffs admit that a

decision on that motion "would be preferable, from a viewpoint of judicial economy . . . [to]

having the plaintiffs next file their motion for class certification under Rule 23 for the

Massachusetts subclass, for which Plaintiffs expect they would receive the same denial by the

Court." Motion for Reconsideration, p. 7. Plaintiffs' unambiguously realize that this is not the

proper stage of litigation for their Motion for Certification under Rule 23 and that they will lose

this motion for the same reasons they lost their previous motions to certify. Nevertheless,

Plaintiffs inconceivably filed their Motion for Certification only a month after making this

statement. The Court should not condone Plaintiffs' inexcusable waste of resources in filing –

and expecting Defendants and the Court to oppose and rule on – a motion that they have already

acknowledged they expect the Court to deny.

Indeed, this Court has already denied two motions filed by Plaintiffs in this case to certify a class under 29 U.S.C. § 216(b), and the standard for conditional certification under § 216(b) is substantially more lenient than the standard for certification under Rule 23. *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (W.D.N.Y. 2007) ("The 'similarly situated' standard for certifying a class action [under the FLSA] is thus considerably more liberal than class certification under Rule 23."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (for certification of a representative action under § 216(b), "no showing of numerosity, typicality, commonality and representativeness need be made"). In their Motion for Certification, Plaintiffs fail to set forth any new arguments or evidence that a class should be certified in this case and instead rely on the same arguments and evidence (or lack thereof) that formed the basis of their previous unsuccessful motions. Plaintiffs were unable to meet their burden for certification under § 216(b), and it is therefore extremely unlikely that they will meet the heightened burden under Rule 23. Accordingly, the Court should stay Plaintiffs' premature Motion for Certification until such time as the Pending Motions are addressed by the Court.

**III.    Discovery Related to This Motion Would Be a Waste of This Court's and Defendants' Time and Resources at this Stage of the Litigation**

It would be wasteful of the Court's and Defendants' resources to engage in time-consuming, burdensome, and costly class discovery on claims that may soon be dismissed from this case. *See, e.g., MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 52 (1st Cir. 1987) (maintaining that defendants should not be forced to participate in time-consuming and burdensome discovery where there is high likelihood that plaintiffs' claims would be dismissed). As explained above, if the Court grants Defendants' Summary Judgment Motion and dismisses Plaintiffs' salary basis claims, Plaintiffs' Motion for Certification of a class based on those salary

basis clams will be moot, and any discovery related to that motion would have been for naught. As courts have recognized, it is appropriate to stay discovery when a dispositive motion is pending.  *See, e.g., Hoffman v. Reali*, 973 F.2d 980, 987 (1st Cir. 1992) (recognizing that when a claim may be dismissed in its entirety, any discovery related to that claim may impose annoyance, oppression, or undue burden or expense on the responding party); *see also MacKnight*, 828 F.2d at 52; *Kleinerman v. United States Postal Service*, 100 F.R.D. 66, 68 (D. Mass. 1983).  This is especially true in a case such as this, where the discovery at issue relates to a motion for class certification, because class discovery is undeniably time-consuming and costly.  To engage in such discovery when the underlying motion may soon be irrelevant would be a waste of the resources of the Court and the parties, and the Court should not allow Plaintiffs to impose such a burden on itself and Defendants.  In addition, a stay of discovery related to Plaintiffs' Motion for Certification will cause no cognizable harm to Plaintiffs because the passage of time does not affect their ability to seek certification under Rule 23.  For these reasons, the Court should stay all discovery related to Plaintiffs' Motion for Certification until the Court has ruled upon the summary judgment motions pending before the Court.

<u>CONCLUSION</u>

For the foregoing reasons, RHI respectfully asks that the Court stay Plaintiffs' Motion for

Certification, and all related discovery, pending the Court's rulings on Plaintiffs' Motion for

Reconsideration and on the parties' cross motions for summary judgment.

Respectfully submitted,

ROBERT HALF INTERNATIONAL INC.
AND ROBERT HALF CORPORATION
By their Attorneys,

_/s/ C.J. Eaton_
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596 )
C.J. Eaton (BBO # 660726)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
DATED:  July 6, 2007        Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the Court's ECF system
and that a true copy of the above document was served
on Shannon Liss-Riordan, an attorney for Plaintiffs, Pyle, Rome, Lichten,
Ehrenberg, & Liss-Riordan, 18 Tremont Street, Suite 500, Boston, MA 02109,
by first class mail on July 6, 2007.

_/s/ C.J. Eaton_
C.J. Eaton