UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL et al., </br></br> Plaintiffs, </br></br> v. </br></br> ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION </br></br> Defendants. | CIVIL ACTION NO.: 04-12719 NMG |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PLAINTIFFS' MOTION FOR CERTIFICATION OF A MASSACHUSETTS CLASS PURSUANT TO FED.R.CIV.P. 23**

On June 22, 2007, Plaintiffs filed a "Motion for Certification of a Massachusetts Class Pursuant to Fed.R.Civ.P. 23". Defendants have not filed any opposition to Plaintiffs' motion. Under the local rules, the deadline for filing an opposition was July 6, 2007, and has now passed. (L. R. 7.1(b)(2)) Defendants neither obtained consent from the plaintiffs, nor from the Court, for an extension of this deadline prior to its passing. Thus, the Court could and should grant Plaintiffs' motion as unopposed.

Instead of opposing the motion, Defendants filed a motion to stay consideration of Plaintiffs' motion. For the reasons discussed below, Defendants' arguments in support of a stay are incorrect – the Court can and should consider class certification prior to, or simultaneously with, the pending cross-motions for summary judgment. This procedure would be the most efficient and practical means of moving this litigation

forward. Indeed, contrary to the Defendants' assertions, it is the Plaintiffs who are seeking to expedite this litigation and move it forward to a conclusion, while the Defendants' maneuvers would merely prolong it.

As is clear from the pending briefing, Plaintiffs would like to bring this case to the First Circuit expeditiously, should the Court not reconsider its decision rejecting the core argument of Plaintiffs' claims that Defendants violated the FLSA salary basis test. This is a purely legal issue that can and should be decided without the need for the parties to undergo a lengthy, time-consuming, and costly discovery process (one point on which both sides appear to agree). Allowing the issue to be raised now at the First Circuit would be much more in the interest of judicial economy than allowing this case to linger at the District Court.

By deciding Plaintiffs' Motion for Rule 23 class certification now, the Court would be placing this case in a posture where it could be immediately appealed to the First Circuit, since Rule 23(f) allows an immediate appeal from a ruling on class certification.[1] Indeed, if the Court were to rule on the Rule 23 motion and the parties' cross-motions for summary judgment simultaneously, the Court could then enter a separate and final judgment with respect to the salary basis claim and allow this entire portion of the case to be appealed now (including the Court's denial of conditional certification for the FLSA claim). Plaintiffs suggest that this would be the most practical and efficient means of reaching a conclusion, one way or another, of this aspect of the case (which may well allow the parties to resolve the entire case).

---

[1] Of course, should the Court agree to Plaintiffs' request to report to the First Circuit the denial of their motion for conditional certification of the FLSA claim, it would not be necessary for the Court to rule now on the Rule 23 motion, in order to get this issue to the First Circuit.

Thus, the Court should deny Defendants' Motion for a Stay, and rule at once on Plaintiffs' Motion for Class Certification under Rule 23.

Although Plaintiffs suggest that the Court may rule here simultaneously on the cross-motions for summary judgment and Plaintiffs' motion for class certification, it is highly unusual for federal courts to do what Defendants seek: a ruling *first* on summary judgment *before* class certification. Rule 23(c)(1)(A) states that a court should rule on class certification "at an early practicable time," which typically means prior to any decision on the merits. Kerkhof v. MCI WorldCom, Inc., 282 F.3d 44, 54-55 (1st Cir. 2002).[2] There is authority, however, for courts to rule simultaneously on class certification and summary judgment. See Oscar Gruss and Son v. Geon Indus., Inc., 75 F.R.D. 531 (S.D.N.Y. 1977).

Defendants contend that they will be prejudiced if there is no stay because they will be burdened by the costs of opposing Plaintiffs' motion and engaging in class discovery. However, as noted above, the time for filing an opposition has already expired, so Defendants are no longer entitled to file an opposition and the motion should now be ripe for decision. Hence, Defendants have relieved themselves of the burden of filing in opposition.

Moreover, as the parties have shown by filing cross-motions for summary judgment, the basic facts relevant to the salary basis test issue are not in dispute. Indeed, given that Defendants clearly have in their possession all of the documents related to their policy, there is no need for them to take discovery at this time,

---

[2] This general rule is in accordance with the Supreme Court's direction not to base class certification decisions on an evaluation of the merits. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974).

particularly prior to a motion for class certification which is typically decided before parties have completed discovery on the merits.[3]

Indeed, Plaintiffs propose the following procedure, which would entirely relieve the Defendants of any burden. If, without reviewing any opposition from Defendants, this Court has decided to deny Plaintiffs' motion for Rule 23 certification of a Massachusetts class (based upon the same reasoning of its earlier denial of Plaintiffs' motion for conditional certification of their FLSA claims), it should proceed to do so and the matter will be resolved (and immediately appealable) without any expense or prejudice to Defendants.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' motion for stay and proceed to rule on Plaintiffs' Motion for Class Certification under Rule 23 (without any opposition from Defendants, as they failed to obtain permission for an extension or not to respond, prior to their deadline for responding to the motion).

In the alternative, Plaintiffs request that the Court grant their pending "Motion for Reconsideration, or in the Alternative, Certification to the Court of Appeals", in which case Plaintiffs would agree to a stay of their Rule 23 motion.

---

[3] Defendants also failed to seek an order from the Court permitting them the opportunity to conduct pre-certification discovery, prior to their deadline for opposing Plaintiffs' motion for class certification, providing another basis for the Court to deny them what the parties agree would be a time-consuming and costly process (and not necessary to the Court's decision on class certification).

Respectfully submitted,

IAN O'DONNELL, et al.
By their attorneys,


/s/Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont Street, Ste. 500
Boston, MA 02108

Dated: July 20, 2007          (617) 367-7200


## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2007, I caused a copy of this document to be served by electronic filing on all counsel of record.


/s/Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.