# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL, et al.,<br>on behalf of themselves and all others<br>similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC.<br>and ROBERT HALF CORPORATION<br><br>      Defendants. | CIVIL ACTION NO.: 04-12719 NMG |

## NOTICE OF FILING IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT PLAINTIFFS' PETITION PURSUANT TO FED.R.CIV. 23(f) FOR PERMISSION TO APPEAL FROM ORDER DENYING CLASS CERTIFICATION

Notice is hereby given that Plaintiffs, on behalf of themselves and all others similarly situated, have filed the attached petition to the United States Court of Appeals for the First Circuit for permission to appeal the Court's Order Denying Class Certification.

Respectfully submitted,

IAN O'DONNELL, et al.
By their attorneys,


___/s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont Street, Ste. 500
Boston, MA 02108
Dated: April 9, 2008        (617) 367-7200


## CERTIFICATE OF SERVICE

     I hereby certify that on April 9, 2008, I caused a copy of this document to be served by electronic filing on all counsel of record.


___/s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.

No._____

---

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

---

## IAN O'DONNELL, ET AL., AND ALL OTHERS SIMILARLY SITUATED

PLAINTIFFS-PETITIONERS,

v.

## ROBERT HALF INTERNATIONAL, INC. AND ROBERT HALF
## CORPORATION

DEFENDANTS-RESPONDENTS.

---

PETITION FOR PERMISSION TO APPEAL FROM AN ORDER
DENYING CLASS CERTIFICATION ISSUED BY THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
NO. 1:04-CV-12719-NMG

---

## PLAINTIFFS'-PETITIONERS' PETITION PURSUANT TO
## FED.R.CIV.P. 23(f) FOR PERMISSION TO APPEAL FROM
## ORDER DENYING CLASS CERTIFICATION

---

Shannon Liss-Riordan (C.A.B. 77877)
Hillary Schwab (C.A.B. 118616)
PYLE, ROME, LICHTEN, EHRENBERG,
& LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION..................................................... 2

II.   QUESTION THAT WOULD BE PRESENTED ON APPEAL........ 4

III.  RELIEF SOUGHT.................................................4

IV.   RELEVANT FACTUAL BACKGROUND.............................4

V.    PROCEDURAL HISTORY........................................ 6

VI.   REASONS THIS APPEAL SHOULD BE ALLOWED.............. 12

    A.    Legal Background........................................12

        1.   Standard For Permitting Appeal Under Rule 23(f)..............12

        2.   For the Same Reason the District Court Found that the
             Plaintiffs Satisfied the Commonality Requirement, They
             Satisfy the Predominance Requirement As Well................12

        3.   Taking Up This Appeal Would Allow the Court to Clarify
             First Circuit Law Regarding Certification of Cases Relying
             on the Salary Basis Test...........................................17

        4.   It Would be a Perversion of the Protections of the
             Overtime Laws to Allow a Company to Escape Classwide
             Liability by Arguing That the Policies Clearly Stated In
             Its Own Handbook Were Not Found.............................. 18

VII.  CONCLUSION................................................20

# TABLE OF AUTHORITIES

## CASES

Ahern v. County of Nassau, 118 F.3d 118 (2d Cir. 1997)........................ 9

Alex v. City of Chicago, 29 F.3d 1235 (7th Cir. 1994)........................…..16

Auer v. Robbins, 519 U.S. 452 (1997)..................................... *passim*

Caperci v. Rite Aid Corp., 43 F.Supp.2d 83 (D. Mass. 1999)................. 6

Cash v. Cycle Craft Company, Inc., 508 F.3d 680 (1st Cir. 2007)..........3,17

Castro v. Metropolitan Transp. Auth., 2006 WL 1418585
(S.D.N.Y. 2006)..................................................................... 9

Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326 (1980)..................... 20

Donohue v. Francis Services, Inc., 2004 WL 1406080
(E.D. La. June 22, 2004)........................................................18

Falcon v. Starbucks Corp., 2008 WL 155313....................................18

Hoffman v. Sbarro, Inc., 982 F.Supp. 249 (S.D.N.Y. 1997)..................... 9

Kane v. Gage Merchandising Services, Inc., 138 F. Supp. 2d 212
(D. Mass. 2001).................................................................7

Kennedy v. Commonwealth Edison Co., 410 F.3d 365 (7th Cir. 2005).......9

Kinney v. District of Columbia, 994 F.2d 6 (D.C. Cir. 1993)................6,9

Leuthold v. Destination America, Inc., 224 F.R.D. 462
(N.D. Cal. 2004).................................................................19

Martin v. Malcolm Pirnie, Inc., 949 F.2d 611 (2d Cir. 1991)................... 6

Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10
(D.P.R. 2005).................................................................7

O'Donnell v. Robert Half Intern, 429 F. Supp. 2d 246 (D. Mass. 2006)…......7

Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242 (D.R.I. 1999)…....7

Sharer v. Tandberg, Inc., 2007 WL 676220 (E.D. Va. 2007)…................9

Skirchak et al v. Dynamics Research Corp., 432 F. Supp. 2d 125
(D. Mass. 2006)…..................................................…......19

Skirchak et al v. Dynamics Research Corp., 508 F.3d 49
(1st Cir. 2007)….....................................................…....19

Spradling v. City of Tulsa, 95 F.3d 1492 (10th Cir. 1996)….................. 6

Swift v. Autozone, 441 Mass. 443 (2004)…......................….......... 6

Valerio v. Putnam Assocs., Inc., 173 F.3d 35 (1st Cir. 1999)…............... 6

Waste Management Holdings, Inc. v. Mowbray, 208 F.3d 288
(1st Cir. 2000)…..............................................…........ 12

Wells Fargo Home Mortgage Overtime Pay Litigation, 2007
WL 3045994 (N.D. Cal. 2007)…..............................…....…19

Woods v. New York Life Ins. Co., 686 F.2d 578 (7th Cir. 1982)….........…7

## OTHER AUTHORITIES

Federal Rule of Civil Procedure….......................................... *passim*

Fair Labor and Standards Act…............................................ *passim*

Massachusetts Wage Act….............................................. *passim*

# I. INTRODUCTION

Plaintiffs bring this Petition pursuant to Fed. R. Civ. P. 23(f) and request that this Court grant permission for an interlocutory appeal to review the order of the Honorable Judge Nathaniel M. Gorton of the United States District Court for the District of Massachusetts denying Plaintiffs' Motion for Certification of a Massachusetts Class. The District Court's order would allow a large company, who clearly communicates to its employees that it enforces a policy that, Plaintiffs contend, violates the salary basis test for the "white collar" exemptions from state and federal overtime provisions, to avoid class certification by claiming that individual managers did not follow the employer's own written policy.

Despite finding commonality based on the Plaintiffs' contention that they were subject to a common policy spelled out by provisions in the Employee Handbook that would lead to, if followed, improper deductions from exempt employees' pay, and despite finding that the Employee Handbook "suggests" that the exempt employees were in fact "subject to improper deductions", the District Court held that the Plaintiffs have not proven predominance needed for class certification because proving loss of the exemption would require inquiry into how employees' individual managers applied the company policy.

However, the District Court's conclusion that the commonality requirement has been satisfied necessarily leads to the conclusion that the predominance requirement is also satisfied because the only pertinent issue is the very one that

2

the District Court found to be common. That issue is how strictly the defendant

company enforced the provisions of its own Handbook and thus whether class

members worked under a policy that created a "likelihood" of being subject to

improper deductions.  Since this is the only issue pertinent to liability on the

plaintiffs' salary basis theory, it is by definition the predominant issue.

The issues implicated by the District Court's order satisfy the standard for

Rule 23(f) review as an appeal will help clarify fundamental issues of law.

Specifically, taking up this appeal would allow the Court to clarify First Circuit

law regarding when a class may be certified in cases where employees claim that a

written company policy in itself violates the salary basis test.[1]

Furthermore, this appeal would allow the Court to address the increasingly

prevalent issue of defendant corporations attempting to evade class litigation by

arguing that their stated companywide policies are not enforced consistently. This

issue is of great importance because allowing the District Court's ruling to stand

removes any incentive for the Defendants, and other large companies, to avoid the

---

[1]      A case recently decided by this Court, Cash v. Cycle Craft Company, Inc.,
508 F.3d 680 (1st Cir. 2007), could be used by employers to argue that an
individual inquiry into whether an employer actually made deductions from each
employees pay could be necessary to prove a violation. Taking up this appeal
would provide the opportunity for this Court to clarify that an employee need only
be "subject to" a policy that calls for such improper deductions in order to lose the
exemption.

type of companywide policies that might lead to class action litigation in the first case.

## II. QUESTION THAT WOULD BE PRESENTED ON APPEAL

(1)    Whether the district court erred as a matter of law and/or abused its discretion in denying Plaintiffs' Motion for Class Certification on the ground that it required an individualized analysis of whether each plaintiff/employee's manager actually followed the defendant/employer's clearly stated policy?

*Suggested answer*: Yes.

## III. RELIEF SOUGHT

Plaintiffs seek (i) grant of this Petition, (ii) a determination by this Court, in the appeal that would follow a grant of this Petition, that the district court erred as indicated in the preceding section, and (iii) subsequent remand to the district court for reconsideration of Plaintiffs' Motion for Class Certification to determine whether a class action is warranted.

## IV. RELEVANT FACTUAL BACKGROUND

Defendants own and operate a large specialized staffing firm with 16 offices in New England alone. (Dkt.# 70). Each named plaintiff worked for Robert Half as a salaried Staffing Manager, Recruit Manager, Account Executive, or Account Manager within the past several years. (Dkt.# 69).[2] Robert Half regularly required

---

[2]    Docket No. 69 refers to the Plaintiffs Rule 56.1 Statement of Material Facts. Facts in this section are taken from that document.

4

plaintiffs to work in excess of forty (40) hours in a work week. Defendants

classified plaintiffs as exempt employees, purported to pay them on a salary basis,

and did not pay them overtime wages.

The Plaintiffs contend that the Defendants maintained an Employee

Handbook which contains provisions laying out a company-wide policy that, if

followed, would lead to the making of improper deductions from the pay of

exempt employees.[3] On behalf of a Massachusetts-wide class, the plaintiffs have

---

[3]    Defendants maintain an Employee Handbook and provide it to their
employees as a reference guide to their employment policies and practices. The
Employee Handbook sets forth "Employee Classifications" "[f]or purposes of
salary administration and eligibility for overtime payments and employee
benefits," and one of these classifications is defined as follows: "Exempt
Employees are employees in positions which are exempt from legal overtime pay
requirements. Exempt employees are expected to work whatever hours are
necessary to do their jobs properly."
    The Employee Handbook also sets forth Defendants' "CHOICE Time Off
(CTO)" policies, which provide "employees with paid time away from the job for
such things as vacation, outside activities, illness, personal business and family
matters." These policies explicitly apply to both "Exempt and Non-Exempt"
employees of Defendants Pursuant to Defendants' CTO policies, "CTO may be
taken before it is actually earned," but "[s]hould employment end before used CTO
has been earned, that time will be owed back to [Defendants] and deducted from
the final paycheck or other amounts payable to the employee." Defendants' CTO
policies also provide that "[t]o the extent that an exempt employee has personal
business that results in an absence from work of more than 2 hours, [Defendants']
practice is that the day will be considered a full day of CTO." Defendants' CTO
policies further provide that "[u]p to 5 days for exempt employees ... may be taken
in advance of earning the time off. However, if [employees] terminate before
[they] have earned the CHOICE Time Off [they] have taken, the amount [they]
owe the company will be deducted from [their] final paycheck[s] or any other
amounts payable to [them]."

alleged that the foregoing policy violates the salary basis test under Massachusetts

law, thereby defeating the exempt status of employees subject to the policy and

requiring Defendants to pay "time-and-a-half" for all hours worked in excess of 40

hours a week. (Dkt.# 35). The standards governing the exempt status for alleged

"executive, or administrative or professional" employees are the same under

federal and Massachusetts law.[4] The law is unmistakably clear that an employer

may not reduce an exempt employee's pay for partial-day absences.[5]

## V. PROCEDURAL HISTORY

Plaintiffs filed the instant action in Suffolk County Superior Court on

December 6, 2004. It was removed to the Massachusetts District Court on

---

[4]    See Auer v. Robbins, 519 U.S. 452, 461 (1997); Mass. Regs. Code tit. 455, §
2.02(3) ("The terms 'bona fide executive, or administrative or professional person'
in M.G.L. c 151, § 1(A)(3), shall have the same meaning as set forth in Part 541 of
Title 29 of the U.S. Code of Federal Regulations."); see also Swift v. Autozone,
441 Mass. 443, 447 (2004) ("the overtime provisions under State law were
intended to be 'essentially identical' to Federal law.") (quoting Valerio v. Putnam
Assocs., Inc., 173 F.3d 35, 40 (1st Cir. 1999)).

[5]    See 29 C.F.R. § 541.602(b)(1); Spradling v. City of Tulsa, 95 F.3d 1492,
1501 (10th Cir. 1996) ("[E]mployees governed by policies penalizing them for
absences of less than one day (at least when the penalty involves possible loss of
pay) are not salaried employees, and therefore not exempt 'executive'
employees."); Caperci v. Rite Aid Corp., 43 F.Supp.2d 83, 93 (D. Mass. 1999);
accord, e.g., Kinney v. District of Columbia, 994 F.2d 6, 11 (D.C. Cir. 1993);
Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 615 (2d Cir. 1991); DOL Opinion
Letter dated Apr. 9, 1993, cited in Caperci, 43 F.Supp.2d at 93 n.7 ("[D]eductions
from the salaries of otherwise exempt employees for partial day absences after they
have exhausted their vacation or sick time benefits have never been permitted
under the Regulations."); DOL Opinion Letter dated Feb. 8, 2007, 2007 WL
541649(same).

6

December 29, 2004. (Dkt.# 1). Plaintiffs originally sought to conditionally certify a class under § 216(b) of the FLSA and M.G.L c. 151, §§ 1A, 1B, based on the Defendants' violations of the "duties" test that must both be met in order for employees to be exempt from the overtime requirement under these laws. The plaintiffs then amended the complaint to add additional allegations that the Defendants had also violated the "salary basis" test under these laws. (Dkt. #'s 11, 34, 59). On March 30, 2006, Judge Gorton entered a Memorandum & Order denying this motion but allowing a motion to amend the complaint. See O'Donnell v. Robert Half Intern, 429 F. Supp. 2d 246 (D. Mass. 2006). On May 10, 2007, Judge Gorton entered a Memorandum & Order denying the Plaintiffs' renewed motion for conditional class certification. (Dkt. #60).[6]

---

[6]   In this order, Judge Gorton concluded that the lack of "opt-in" plaintiffs signaled a meaningful lack of interest in this litigation and denied counsel the opportunity to send out notices to inform potential class members of their ability to participate in this litigation. However, this ruling ignored the fact that the law of this circuit does not allow opt-ins until after the court allows notice. See Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 17-18 (D.P.R. 2005) (striking opt-in notices filed by plaintiffs before court's notice order because "the **trial court must first authorize whether the alleged class should be provided with notice**") (citing Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242, 246 (D.R.I. 1999) (holding that trial court must first authorize notice before putative class may be contacted)); Kane v. Gage Merchandising Services, Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (holding that "the trial court must first decide whether the potential class should receive notice of the action")); see also Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982) (once suit was filed, it would not be proper for plaintiff's counsel to solicit FLSA class members without reaching agreement with defense counsel or getting court approval as to form of opt-in notice). Without having been informed of the pendency of this action, nor

7

The Plaintiffs then filed several motions seeking, in part: (1) reconsideration, or in the alternative, certification to the Court of Appeals of the decision denying the renewed motion for conditional class certification, (2) for summary judgment, (3) and certification of a Massachusetts class pursuant to Fed. R. Civ. P. 23. (Dkt. #'s 61, 62, 63, 64, 73). The proposed class would include:

> All employees who have worked for Defendants in Massachusetts at any time from December 6, 2002, to the present, who have been classified as exempt from the overtime requirements of the FLSA and the Massachusetts Wage Act.

The defendants filed motions for partial summary judgment and to stay resolution of the Plaintiffs' motion to certify a class.

In their Memorandum In Support of Summary Judgment, the Plaintiffs argued that the Employee Handbook clearly showed that the Plaintiffs were subject to unlawful deductions under the Defendant's clearly articulated policy. (Dkt.# 68). They pointed to the Supreme Court's unanimous decision in Auer v. Robbins, 519 U.S. 452, 461 (1997), and numerous other authorities which recognized that an employee loses his or her exemption if he or she is merely "subject to"

---

informed of their rights to pursue a claim for overtime pay under these technical rules, there is no reason for potential class members to know that they have these rights and this opportunity. It should also be noted that Judge Gorton denied the plaintiffs request to certify the denial of conditional class certification for appeal. See Dkt.# 80 at 14-15. The bar would greatly benefit from a ruling from the Court setting forth more specifically the standard for conditional certification and plaintiffs' counsel's obligations and rights with respect to solicitation of opt-in plaintiffs. Grant of this petition would also allow this issue to be addressed.

deductions.[7] An employee is "subject to" deductions if he or she works under a policy that merely creates the *potential* for such deductions, regardless of whether he or she in fact has her pay reduced.

On January 9, 2008, Judge Gorton issued a third Memorandum & Order denying the motion for reconsideration, both sides' motions for summary judgment, and the motion to stay. (Dkt.# 80). In denying the Defendants' motion for partial summary judgment, Judge Gorton ruled that the Defendants' had not demonstrated that they did not have a "practice or employment policy that violates the salary basis test." Id. at 17. Importantly, in regard to the defendant's motion for summary judgment, he wrote that it was enough that the Employee Handbook "suggests" that the Plaintiffs were "subject to improper deductions." Id.

In regard to the Plaintiff's motion for certification of a Massachusetts class, the District Court held that the Plaintiffs had met the numerosity, commonality, typicality, and adequate representation tests of Fed. R. Civ. P. 23(a). On the issue of commonality, the Court wrote:

> [T]he plaintiffs contend that all exempt RHI employees are subject to a common policy and or/practice permitted by provisions in the

---

[7]   See, e.g., Kennedy v. Commonwealth Edison Co., 410 F.3d 365, 371 (7th Cir. 2005); Ahern v. County of Nassau, 118 F.3d 118, 122 (2d Cir. 1997); Kinney v. District of Columbia, 994 F.2d 6, 11 (D.C. Cir. 1993); Sharer v. Tandberg, Inc., 2007 WL 676220, at *4 (E.D. Va. 2007); Castro v. Metropolitan Transp. Auth., 2006 WL 1418585, *3 (S.D.N.Y. 2006); Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 262 (S.D.N.Y. 1997).

Handbook that violated the Massachusetts Wage Act. That common question of law or fact is enough to clear the [commonality] hurdle.

Id. at 20. However, the Court went on to rule that the Plaintiffs had not yet shown that common questions of law or fact predominated or that a class action was the best way to resolve the dispute as required by Fed. R. Civ. P. 23(b). Specifically, the Court unnecessarily addressed the merits of the claim by expressing the opinion that the policy stated in the Employee Handbook did not, on its own, demonstrate a violation of the salary basis test. Id. at 21. Based on this finding, the Court went on to state that the Plaintiffs would need to present evidence on how particular managers within the company implemented the policies in the Handbook. Judge Gorton found it important that the Employee Handbook stated that managers may "look at the individual circumstances and apply judgment as to how to record the time." Id. at 3. Specifically, he wrote that:

> [Plaintiffs] will have to determine whether 1) particular managers had a practice of deducting full days from employees' CTO banks for partial day absences, 2) employees were required to borrow eight hours of CTO for partial day absences, or 3) employees were allowed to borrow time at all. Determining whether RHI violated the salary basis test with regard to every exempt employee working in Massachusetts will require individualized inquiries depending on the office where the employee worked, who managed the employee and what position the employee held.

Id. at 21. Based on this reasoning, he reserved judgment on the motion for class certification and allowed further briefing on the Rule 23(b) issues.

In their reply brief in support of the motion for certification of a Massachusetts class, the Plaintiffs argued that they satisfied the predominance requirement for the same reason that the Court had ruled they met the commonality requirement. (Dkt.# 82). Because it was "enough" that the Handbook indicated that they might be "subject to" improper deductions, the predominant inquiry, and only issue pertinent to liability under the salary basis test, for all class members is how strictly the company, as a whole, enforced the provisions of the Handbook, regardless of the discretion given to individual managers

On March 27, 2008, Judge Gorton denied the motion to certify a Massachusetts class, holding that the Plaintiffs had not demonstrated that common questions of fact or law predominate or that a class action is the most efficient way to adjudicate this controversy. (Dkt. #83 at 10). He stated:

> Even though each class member would not be required to show that RHI improperly deducted salary from that particular employee, he or she must show that he or she was subject to such a deduction… determining whether an RHI employee was subject to improper deductions will… likely require examining the practices of the manager of that particular employee.

Id. at 9. In coming to this decision, he focused on the language in the Employee Handbook giving managers "discretion", a "memorandum written by the Director of Employee Programs and Benefit Operations in 2000 [that] emphasized that mangers must use discretion in making decisions regarding time off for exempt employees." Id. at 9-10.

11

# V.  REASONS THIS APPEAL SHOULD BE ALLOWED

## A.   Legal Background

### 1.   Standard For Permitting Appeal Under Rule 23(f)

In <u>Waste Management Holdings, Inc. v. Mowbray</u>, 208 F.3d 288 (1st Cir. 2000), this Court specified three categories of Fed.R.Civ.P. 23(f) class certification appeals where it would exercise its discretion to hear an interlocutory appeal. Essentially, these are cases in which (i) a denial of class status effectively ends the case; (ii) the grant of class status raises the stakes of the litigation so substantially that the defendant will likely feel irresistible pressure to settle; or (iii) an appeal will help clarify a fundamental issue of law that is important in itself and to the particular litigation at hand.  <u>Id.</u> at 293-94.

With respect to the last category, this Court noted that one of the principal raison d'être for Rule 23(f) was that it "furnishes an avenue, if the need is sufficiently acute, whereby the court of appeals can take earlier-than-usual cognizance of important, unsettled legal questions, thus contributing to both the orderly progress of complex litigation and the orderly development of the law." <u>Id.</u> at 293.  As discussed below, the instant Petition should be granted because this case falls into the third, and potentially first, category.

### 1.  <u>For the Same Reason the District Court Found that the Plaintiffs Satisfied the Commonality Requirement, They Satisfy the Predominance Requirement As Well.</u>

The District Court, in its order denying certification of a Massachusetts class, claims that in order to show that each employee was subject to improper deductions would require examining the practices of the manager of that particular employee. For this reason, the District Court held the Plaintiffs had not proven that common questions of fact predominate or that a class action is the most efficient way to adjudicate this controversy. However, because such an individualized inquiry is unnecessary, it must be found that the Plaintiffs have actually met both of these burdens.

It is undisputed that Defendants maintained a written policy of requiring exempt employees who were absent from work for part of the day to use their leave time to cover such absences. Also not in question is that Defendants' written policy required exempt employees who did not have any accrued leave time to "borrow" against future leave time to cover any absences, including partial-day absences. Finally, it is also uncontested that Defendants' written policy provided that any "negative balance" in an exempt employee's leave bank at the time of her termination would be deducted from his or her final paycheck. Plaintiffs contend that such a policy, if enforced by the Company, violates the salary-basis test, as the District Court specifically acknowledged when denying the Defendants' motion for summary judgment in its third Order & Memorandum. See Dkt. # 80 at 17.

Moreover, in that same order, the District Court determined that the plaintiffs satisfy commonality because they "contend that all exempt RHI employees were subject to a common policy and/or practice permitted by provisions in the Handbook that violate the Massachusetts Wage Act." Id. at 20. In order to prove a violation of the statute, the District Court held, the plaintiffs did not need to prove that they were each individually docked improperly, but only that they were "subject" to improper deductions. Id. at 17 (citing to Auer, 519 U.S. at 461).

Thus, the pertinent inquiry for all class members in this case is how strictly the defendant company enforced the provisions of its Handbook, i.e. whether the Handbook was followed sufficiently often to render them "subject" to improper deductions. Class members do not need to provide individualized evidence as to whether they themselves suffered improper deductions in order to prove this. Instead, the proof needed at trial is common classwide proof regarding how frequently the Handbook was followed and what measures the company took to enforce the policy. If the company enforced it, then such proof would create a "likelihood" of improper deductions, rendering all employees "subject" to that policy non-exempt and eligible for overtime payments.

Accordingly, the District Court's conclusion that the commonality requirement has been satisfied, necessarily leads to the conclusion that the predominance requirement is also satisfied. Cases in which commonality is found

14

to be met, but not predominance, are those in which courts have found <u>some</u> issues to be common, but not a predominance of issues. In this case, the <u>only</u> pertinent issue is the very one that the District Court found to be common. That issue is whether class members worked under a policy that created a "likelihood" of being subject to improper deductions. <u>See</u> cases cited <u>supra</u> note 3. Since this is the only issue pertinent to liability on the plaintiffs' salary basis theory, it is by definition the predominant issue. Although the evidence may include individualized facts showing that the policy did lead to improper deductions in certain instances, whether these deductions sufficed to create a "policy" or "practice" will be a common issue for all class members.

Furthermore, while lack of enforcement of the policy may be a defense at trial, simply claiming that some managers did not follow the policy cannot be enough to avoid class certification. If the policy was enforced, then all employees subject to the Handbook's policies would be rendered non-exempt. If managers had "discretion" regarding whether to follow the policy set forth in the Handbook, the common question remains whether that alleged discretion was exercised frequently enough to undermine the policy violation that would result if the Handbook were enforced as written.[8]

---

[8]  If, after discovery and prior to trial, the defendants are able to show that the Handbook was actually not followed by the Company, then the class could always be decertified.  However, the District Court should initially have granted class certification.

Accordingly, the District Court was wrong to insist that an inquiry into how each Plaintiff's particular manager enforced the Company's policy is required to show that the Plaintiffs were "subject" to the policy. Defendants' policy of deducting unearned CTO from exempt employees' final paychecks is unambiguously and clearly communicated to all of the Defendants' exempt employees in the Employee Handbook and on the "Corporate Employee Exempt Absence Record" that exempt employees are required to sign. The language in the Employee Handbook giving the Defendants' managers discretion in applying the policy simply does not change the fact that employees are still "subject" to this policy if the Company, as a whole, enforced it.

Given that Plaintiffs contend that implementation of the Handbook policies as written would violate the salary- basis test, and given that it is the defendant's burden to prove that an exemption exists (i.e. that the salary basis test was followed, see Alex v. City of Chicago, 29 F.3d 1235, 1244 (7th Cir. 1994), the issue raised here is a class issue. If the defendant's policies were in fact followed frequently enough to lead to a "likelihood" of improper deductions, then an entire class of employees was thereby rendered non-exempt. This is not an individualized inquiry; it is a common classwide inquiry.

16

### 3. Taking Up This Appeal Would Allow the Court to Clarify First Circuit Law Regarding Certification of Cases Relying on the Salary Basis Test.

In 2007, this Court upheld a grant of summary judgment against an individual employee who claimed, in part, that two aberrant deductions from his paychecks demonstrated a violation of the salary basis test. See Cash v. Cycle Craft Company, Inc., 508 F.3d 680 (1st Cir. 2007). In the Court's discussion of the salary basis test, the Court stated that:

> A regulation issued August 23, 2004, provides that an employer "shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." [29 CFR] § 541.603(a). "An *actual practice* of making improper deductions demonstrates" this intent. *Id.* (emphasis added). An actual practice of making improper deductions is evidenced by "the number of improper deductions." *Id.* We conclude that two aberrant paychecks out of the approximately 50 that Cash received do not amount to an "actual practice."

Id. at 684. This ruling, which did not involve an employer's clearly communicated policy, could be used by employers to argue that an individual inquiry into whether an employer actually made deductions from each employees pay could be necessary to prove a violation.

Taking up this appeal would allow the Court to clarify First Circuit law regarding when a class may be certified in cases where employees claim a violation of the salary basis test by specifically acknowledging that a violation of the salary basis test does not require that an employee actually suffer improper deductions and that a violation will be found where employees are "subject" to

17

improper deductions based on an employer's clearly communicated policy. <u>See</u> cases cited <u>supra</u> note 6. Such a clarification would give important guidance courts considering certification of claims under the salary basis test.

### 4. <u>It Would be a Perversion of the Protections of the Overtime Laws to Allow a Company to Escape Classwide Liability by Arguing That The Policies Clearly Stated In Its Own Handbook Were Not Followed</u> .

As one court recently noted in denying Starbucks' motion to decertify a national FLSA opt-in class:

> It simply cannot be that an employer may establish policies that create strong incentives for managers to encourage or allow employees to work off-the-clock, and avoid a FLSA collective action because a large number of employees at a number of different stores are affected.  To a certain extent, any large class of employees working for a nationwide employer alleging FLSA overtime violations will encounter these difficulties [of somewhat varying factual situations], and there is no indication that Congress intended section 216 to only allow small collective actions involving unpaid overtime to proceed.

<u>Falcon v. Starbucks Corp.</u>, 2008 WL 155313 at 18-19 (S.D. Tex Jan. 15, 2008) (citing <u>Donohue v. Francis Services, Inc.</u>, 2004 WL 1406080 at *1 (E.D. La. June 22, 2004) (refusing to decertify a collective action on allegations that the class was too large and noting that "[a]dopting defendants' reasoning would lead to the absurd result that employers could escape FLSA liability by making sure to underpay vast numbers (rather than smaller numbers) of their employees.").

<u>Similarly, it would defeat the purpose of the overtime laws to allow a company such as Robert Half to create a policy in its Handbook that, if enforced as written,</u>

would lead to impermissible deductions of allegedly exempt employees' pay – yet allow the company to escape liability for such a policy by arguing that it is enforced with varying uniformity.

Accordingly, this appeal would give the Court the opportunity to address increasingly prevalent issue of defendants attempting to evade class litigation by arguing that their stated companywide policies are not enforced consistently. See In re Wells Fargo Home Mortgage Overtime Pay Litigation, 2007 WL 3045994 (N.D. Cal. 2007) ("It is manifestly disingenuous for a company to treat a class of employees as a homogenous group for the purposes of internal policies and compensation, and then assert that the same group is too diverse for class treatment in overtime litigation") (citing Leuthold v. Destination America, Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004)).

As was recently stated in Skirchak et al v. Dynamics Research Corp., 432 F. Supp. 2d 125 (D. Mass. 2006), a case in which the plaintiffs raised the same contention that is raised here, namely that their employer violated the salary basis test by virtue of the same scheme of partial day deductions, and which was affirmed by this Court in Skirchak et al v. Dynamics Research Corp., 508 F.3d 49 (1st Cir. 2007), allowing a company to avoid class certification in such a case "is not only unfair to… employees, *but also removes any incentive for [the employer] to avoid the type of conduct that might lead to class action litigation in the first*

*instance.*" 432 F. Supp. 2d at 181 (emphasis added). Moreover, as the court further observed:

> By encouraging private civil actions on behalf of groups of affected employees, class actions under the FLSA therefore serve the public interest. Allowing private attorneys to prosecute such actions in the aggregate effectively ensures enforcement of the wage laws by motivating employers to comply or face potentially large-scale litigation, and by providing counsel with an incentive to pursue such claims.

Id. These cases make clear how important class certification is to enforcing overtime laws. Without certification of these cases employers will feel free to enforce illegal policies without fear of repercussions. Accordingly, the Court should take this opportunity to make sure that companies are not allowed to avoid class certification by running away from their own policies.[9]

## VI.  CONCLUSION

For the reasons stated above, Plaintiffs' Petition for Permission to Appeal should be granted.

---

[9]    Given the substantial expense that will be required to prosecute this case, the named Plaintiffs may also be precluded from pursuing individual claims. See Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339 (1980). Moreover, because of the obscure technical issues involved in this case, the majority of Robert Half employees have no reason to know that they can or should bring individual lawsuits to recover pay that is owed to them.

Respectfully submitted,

IAN O'DONNELL, et al, and all
others similarly situated

By their attorneys,

Shannon Liss-Riordan (C.A.B. 77877)
        BBO #640716
Hillary Schwab (C.A.B. 118616)
        BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
        & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated:        April 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, I caused two copies of this document
to be served by hand delivery on Richard Alfred, Esq., Seyfarth Shaw LLP, Two
Seaport Lane, Suite 300, Boston, MA 02210.

Shannon Liss-Riordan

21