UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IAN O'DONNELL, DAVID JOLICOEUR, AND STACEY MOORE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-CV-12719 NMG |
| ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT
REGARDING CLASS ISSUES AND MOTION
TO CONDUCT DISCOVERY ON CLASS CLAIMS**

During the Court's status conference on July 31, 2008, the Court unambiguously instructed Plaintiffs to submit a memorandum of law "as to why [they] believe there yet exists an issue as to certification of the class and why [the Court] should not conclude, as defendants want [it] to, that that issue is law of the case thus far and not an issue to be pursued."[1] Plaintiffs' Statement Regarding Class Issues and Motion to Conduct Discovery on Class Claims ("Plaintiffs' Statement") flouts the Court's order, raising again their failed salary basis test class claims and attempting to justify class-wide discovery. Indeed, Plaintiffs have now sought, and failed, <u>five</u> times to certify a class.[2] At the July 31 conference, Plaintiffs' counsel argued that

---

[1] Transcript of July 31, 2008 Status Conference, docket no. 87 ("July 2008 Trans.") at 9:14-21.

[2] Plaintiffs' "Statement" is essentially a sixth attempt to justify certification of salary basis test class and a fourth attempt to justify classification of a duties test class. Plaintiffs previously sought certification of a duties test class in their first Motion to Facilitate § 216(b) Notice ("First Motion") (docket no. 11), filed on May 11, 2005; in their Renewed Motion to Facilitate § 216(b) Notice ("Second Motion") (docket no. 59), filed on November 30, 2005; and in their Motion for Reconsideration or, in the Alternative, Certification to the Court of Appeals, and for Tolling ("Third Motion") (docket no. 61), filed on May 21, 2007. Plaintiffs sought certification of a salary basis test class in their Second Motion; Third Motion; Motion for Certification under Rule 23 ("Fourth Motion") (docket no. 73), filed

Plaintiffs could still seek certification of an administrative duties test class, but made virtually no mention of the salary basis class issues discussed extensively in Plaintiffs' Statement, which is rife with the same arguments Plaintiffs have made unsuccessfully numerous times previously.

Under the guise of repeatedly moving for class certification, Plaintiffs have effectively stalled this litigation in permanent procedural limbo, refusing to accept that following four prior decisions by this Court denying class certification and a decision by the First Circuit, this case is a three-plaintiff case. Plaintiffs' Statement is simply another desperate stab at class certification and an extension of the inexhaustible procedural maneuvering Plaintiffs have pursued over the last four years. This Court has closed the door on the issue of class certification – of any class under any theory or mechanism. This dilatory motion practice is extremely prejudicial to Defendants, who at considerable expense must fend off Plaintiffs' piecemeal litigation tactics. Defendants therefore request that the Court reaffirm its decision to allow this litigation, including discovery, to move forward solely as a three-plaintiff case pursuant to the schedule set by the Court at the July 31 conference.

## ARGUMENT

**I. The Door to Class Certification Is Firmly Closed.**

A. <u>Plaintiffs' Piecemeal Litigation Tactics Have Prejudiced Defendants</u>.

Plaintiffs' piecemeal approach to class certification has subjected Defendants to prejudice by seeking to create uncertainty regarding the scope of the case and causing Defendants to incur substantial expense. First, the Federal Rules of Civil Procedure expressly instruct the Courts to address class certification issues "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Even with an extremely liberal reading of this rule, entertaining a <u>sixth</u> attempt at class

---

on June 22, 2007; and Petition to the First Circuit for Permission to Appeal from an Order Denying Class Certification, filed on April 7, 2008. The Court denied each of Plaintiffs' motions.

certification four years into a case cannot be construed as an "early practicable time," particularly where Plaintiffs have sat on their rights and failed to take any discovery while forcing Defendants to expend considerable resources opposing numerous unsupported motions which this Court has repeatedly denied.  Second, allowing the issue of class certification to remain open at this point would further prejudice Defendants: "Fundamental fairness, as well as the orderly administration of justice requires that defendants hailed into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C. Cir. 1984); *see also Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Cir. 1985) (citing McCarthy and noting the need to "protect [ ] defendants from prejudice caused by late expansion of the class").  After nearly four years of litigation, Plaintiffs should not be permitted to cause further delay with yet another meritless foray into class issues.

  B. <u>Plaintiffs Failed to Take Discovery, Despite Having the Opportunity, and Still Have No Evidence to Support Class Claims</u>.

In addition, the Court should not allow Plaintiffs to further prejudice Defendants and increase the cost of this litigation by saddling Defendants with costly and burdensome class discovery when Plaintiffs <u>had</u> the opportunity to engage in discovery, including class discovery, but failed – and even refused – to do so.  Indeed, early in the litigation, this Court sanctioned Plaintiffs' counsel for refusing to fulfill her discovery obligations even after being ordered to do so by the Court.  Memorandum and Order, docket no. 48 (March 30, 2006).  Moreover, this Court <u>expressly</u> allowed Plaintiffs the opportunity to conduct class discovery more than three years ago, and they failed to do so.  At a scheduling conference on August 19, 2005, this Court specifically stated: "On or before September 30 [of 2005], the plaintiffs <u>will conduct any discovery they believe they need to determine the similarity of other members of the putative</u>

class. That's the issue to be resolved first."[3] Transcript of August 19, 2005 Hearing ("August 2005 Trans."), docket no. 27 at 14:1-5 (emphasis added). Now, more than three years later and after five failed attempts at class certification, Plaintiffs state that they "have never conducted any substantial discovery under either of [their] theories" and argue that the Court should allow them yet another opportunity to conduct class discovery. Plaintiffs' Statement, p. 2. Defendants should not be forced to take on burdensome class discovery merely because Plaintiffs moved for class certification five times without conducting any discovery.

      C. <u>Any Additional Motions for Class Certification Will Fail for the Same Reasons Plaintiffs' First Five Attempts Failed</u>.

Plaintiffs have sought certification of a salary basis test class numerous times; this Court has denied each and every attempt; and the First Circuit denied Plaintiffs' Rule 23(f) Petition for Review. Thus, the salary basis test class issue is closed. At the July 31 Status Conference, Plaintiffs' counsel did not even suggest that this issue remained open. The Court granted leave to Plaintiffs to explain why it should allow them to move for certification, yet again, of an <u>administrative duties class</u>, and Plaintiffs' attempt to revisit the salary basis test class issue is therefore disingenuous and inappropriate.

Even setting aside the inappropriate nature of Plaintiffs' Statement, there are simply no open issues with respect to certification of <u>any</u> class in this case, because any additional motions for certification of an administrative duties class under Fed. R. Civ. P. 23 will necessarily fail.

---

[3] Notably, the Court continued:

> that will put us into November [2005] until we can resolve the issue of the putative class. At that stage if there is a putative class that is certified, we will have a scheduling conference and determine the dates on that occasion. Otherwise, if it's just to be the two individual plaintiffs that are going to go forward . . . either [the parties] can agree to a scheduling order and I'll issue it, or we'll have to have another scheduling conference.

August 2005 Trans. at 14:16-21. Clearly, this Court anticipated that the class issue would be settled <u>prior to the end of 2005</u>. That this issue remains unsettled three years later weighs heavily against allowing further class proceedings.

This Court has twice denied motions for conditional certification of an administrative duties class under 29 U.S.C. § 216(b), and Plaintiffs themselves do not dispute[4] that the standard for certification under the collective action provisions of the FLSA is substantially more lenient than the standard for class certificate under Rule 23.  *See, e.g., Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (holding that "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards) (internal citations omitted); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (W.D.N.Y. 2007) ("The 'similarly situated' standard for certifying a class action [under the FLSA] is thus considerably more liberal than class certification under Rule 23."); *Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 WL 2290512, *3 (S.D. Fla.) (similarly situated standard more elastic and less stringent than Rule 23 standard).  Therefore, evidence that falls short of meeting the "similarly situated" requirement of Section 216(b) necessarily fails to meet the more stringent requirements of Rule 23.

> D. <u>Judicial Efficiency Dictates That This Litigation Move Forward as a Three-Plaintiff Case</u>.

In their <u>five</u> previous attempts to obtain class certification in this action, Plaintiffs had ample opportunity to present evidence and demonstrate that their class claims have merit.  They have utterly failed to do so and should not be allowed to continue to waste time and resources by conducting burdensome class discovery in order to pursue yet another futile class certification attempt.  Rather than compiling their arguments in favor of class certification into a comprehensive motion with evidentiary support, Plaintiffs have filed a succession of unsupported and legally unsound motions.  At each juncture, Plaintiffs failed to adduce any new evidence that would justify a separate attempt to certify a class.  The result of this litigation strategy has been to multiply the cost and length of the proceedings exponentially, as well as

---

[4] *See, e.g.,* Renewed Motion to Facilitate, p. 17.

5

delay any prospect of concluding the case.  As the Court suggested during the July 31 Status Conference, the doctrine of "law of the case" bars any additional attempts by Plaintiffs to certify a class.  This doctrine bars exactly the type of piecemeal litigation in which Plaintiffs have engaged in this case.  As the First Circuit has stated in invoking this doctrine:

> [L]aw-of-the-case rules afford courts the security of consistency within a single case while at the same time avoiding the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters which might have been previously adjudicated.  In the interests of both consistency and judicial economy, therefore, <u>litigants should not ordinarily be allowed to take serial bites at the [] apple</u>.

*United States v. Connell*, 6 F.3d 27, 30 (1st Cir. 1993) (emphasis added).  Plaintiffs in this case have wastefully brought motion upon motion with no new evidence, raising legal theories that could easily have been argued at an earlier time.  After three motions for certification, one motion for reconsideration, and an appeal to the First Circuit, Plaintiffs now contemplate their sixth bite at the class certification apple.  Enough is enough; the parties must now move forward with limited discovery as to the claims of the three Plaintiffs, then dispositive motions, and, if necessary, trial.

**II.    Contrary to Plaintiffs' Assertions, Cases Pending in California Have No Relevancy Whatsoever to This Litigation.**

In their Statement, Plaintiffs argue yet again that two cases pending against RHI on the other side of the country are somehow relevant to the issue of class certification – and even liability – in this case.  As the Court observed at the July 31, 2008 conference: "[W]e're not in the Ninth Circuit here."  July 2008 Trans. at 5:17-19.  Decisions in the proceedings cited by Plaintiffs carry even less weight before this Court than Ninth Circuit decisions – as cases pending in California state courts, involving California employees, and presenting only California state law claims, the procedural and substantive issues in those cases are significantly

different from the ones in this case.[5] *See Pellegrino v. Robert Half, Inc.*, Civ. 04518 (Cal. Sup. Ct. 2008) (proceeding in the California Superior Court for the County of Orange); *Lafitte v. Robert Half, Inc.*, Civ. 321317 (Cal. Sup. Ct. 2006) (proceeding in the California Superior Court for the County of Los Angeles). Contrary to Plaintiffs' statements that the California class certification standards mirror Federal Rule 23, California's class certification procedure is unrelated to and significantly less stringent than Rule 23.[6] *See, e.g., Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 240 (Cal. Ct. App. 2001) (noting that "California courts have never adopted Rule 23 as a procedural strait jacket") (internal citations omitted). Because it is uncontroversial that Rule 23 will apply to any additional motion for class certification filed in this case, the class action proceedings in California are simply irrelevant.[7] Therefore, there is absolutely no reason for this Court to look to the California cases cited by Plaintiffs to guide its interpretation of Fed. R. Civ. P. 23 or the FLSA.

---

[5] Indeed, Plaintiffs in this matter have expressly excluded individuals who worked for RHI in California from their putative class. *See* Plaintiffs' Second Amended Complaint ¶¶ 9, 10, 36.

[6] Notably, Plaintiffs even fail to cite the appropriate provision of California law, instead citing to a nonexistent "California Rule 23." Plaintiffs' Statement at p. 2 n.1. As the *Lafitte* opinion attached to Plaintiffs' submission clearly indicates, California's procedural rules do not contain a "Rule 23." Instead, the California courts' class certification mechanism derives from judicial interpretation of a procedural rule that states simply: "[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." *See Lafitte* at 2 (quoting Cal. Code Civ. P. § 382).

[7] In addition, differences exist between the substantive law at issue in this case and the California provisions at issue in *Lafitte* and *Pellegrino*. For example, one of the cases specifically relied upon by the court in *Pellegrino*, *Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805 (Cal. Ct. App. 2001), has been firmly criticized by federal courts and held to be irrelevant in FLSA analysis. *See In Re Farmers Ins. Exch., Claims Representatives' Overtime Pay Litigation*, 481 F.3d 1119, 1132 (9th Cir. 2007) (rejecting *Bell*'s analysis of the "administrative/production worker dichotomy"); *compare to* Plaintiffs' Statement, Exhibit 3 at p. 3-4 (reproducing a portion of the *Pellegrino* transcript in which the court relied upon *Bell* in determining that the defendants had not met their burden of proof with regard to the administrative exemption under California law).

**III.    This Is a Three-Plaintiff Case, and the Court Should Limit Discovery to Those Three Individuals.**

   A.    <u>Class Discovery Is Not Appropriate Because the Court Has Denied Class Certification</u>.

Class discovery is not appropriate in this case because the Court has denied class certification. Where a court has denied class certification – particularly where, as here, the Court has done so multiple times – class issues are <u>no longer relevant</u> to the case, and courts have declined to allow plaintiffs to pursue class discovery. *See Washington v. Brown & Williamson Tobacco Corp.*, 106 F.R.D. 592, 594 (D. Ga. 1985) (denying plaintiffs' motion to compel discovery with regard to class issues absent evidence that plaintiffs would be able to show the propriety of class certification); *Garret v. Reynolds Indus., Inc.*, 81 F.R.D. 25, 42 (prohibiting plaintiffs in a Title VII case from conducting class discovery on the ground that "where the evidence fails to point to any type of class discrimination, the plaintiffs have no right to continue to extract irrelevant information from the defendant"). In circular fashion, Plaintiffs argue that the Court should permit class discovery so Plaintiffs can support their class certification arguments – previously unsuccessful under either the salary basis test or administrative duties test theories – because Plaintiffs failed to conduct any discovery and adduce any evidence to support those arguments. The Court should stop this procedural merry-go-round and deny Plaintiffs' request for class discovery.

   B.    <u>Plaintiffs Fail to Provide a Single Justification for Their Request for Unnecessary, Burdensome, and Costly Class-Wide Discovery</u>.

Plaintiffs' justifications for class discovery rest largely upon an unfounded and faulty assumption that discovery on a class-wide basis will be a simple task for Defendants. First, under the Federal Rules, discovery cannot be had simply because a party asserts it is "easy." *See* Fed. R. Civ. P. 26(b)(1). Parties must first show that the requested production is relevant to a

8

claim or defense. *See id.* Plaintiffs make no showing whatsoever that the class-related information they wish to obtain is in any way relevant to the individual salary basis and duties test claims asserted by the three plaintiffs.

Contrary to Plaintiffs' assertion, the broad class discovery requested by Plaintiffs would be extremely burdensome, time consuming, and expensive for Defendants. Plaintiffs argue that discovery related to the salary basis issue will "be the same whether it is conducted on a class basis [or] for the named plaintiffs only."[8] Plaintiffs' Statement at p.3. In fact, the only evidence relevant to Plaintiffs' salary basis test claims is the direct evidence of violations as to the three named Plaintiffs – specifically, their final paystubs, which Defendants produced years ago. Plaintiffs fail to explain how discovery pertaining to other current or former RHI employees would have any bearing on Plaintiffs' allegations that they were misclassified as exempt and not paid on a salaried basis. Plaintiffs' focus on class discovery is merely a thinly veiled means of reintroducing the salary basis test class certification issue yet again. The Court should not allow Plaintiffs to saddle Defendants with costly, burdensome, and time-consuming discovery which bears no relevance to this case and merely serves as a desperate effort to resurrect their failed class claims.

Plaintiffs also presumptuously argue that discovery related to their "duties test" claim will not be burdensome because "much of the class discovery Plaintiffs will seek here has already been produced by Defendant in the California lawsuits." First, pursuant to Plaintiffs' specious reasoning, any plaintiff could request documents produced in any case pending against a defendant merely because the defendant had "already produced" those documents. Second,

---

[8] Plaintiffs also incorrectly assert that the Court provided Plaintiffs with an "outline" for class discovery in its most recent decision in this case. Plaintiffs' Statement at p. 3. That decision did not address discovery, let alone provide an outline for such discovery. *See O'Donnell IV*, 20 F.R.D. 77. Rather, the Court addressed Plaintiffs' third attempt to certify a salary basis test class and held that such a class was impracticable and inappropriate due to the individualized inquiries into each individual's circumstances that would be necessary to determine liability. *See id.*

Plaintiffs' presumption that the documents relevant to and produced in other cases, in a different jurisdiction, under different procedural rules and substantive laws, is incorrect. The document production that has taken place in those cases is not a proxy for discovery in this litigation.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiffs' request for class discovery and decline to further consider class certification in this case.

Respectfully submitted,

ROBERT HALF INTERNATIONAL INC.
AND ROBERT HALF CORPORATION
By their Attorneys,

 /s/ C.J. Eaton
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596 )
C.J. Eaton (BBO # 660726)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

DATED:  September 5, 2008

Telephone:     (617) 946-4800
Telecopier:     (617) 946-4801

### CERTIFICATE OF SERVICE

I, C.J. Eaton, hereby certify that on September 5, 2008, a true copy of this document was filed through the Court's ECF system and that counsel for Plaintiffs is a registered user of the ECF system designated to receive Notices of Electronic Filings generated by the ECF system in this matter.

 /s/ C.J. Eaton
C.J. Eaton

BO1 15939040.5