UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12719-NMG

IAN O'DONNELL and DAVID JOLICOEUR

v.

ROBERT HALF INTERNATIONAL, INC.,
and ROBERT HALF CORPORATION,

ORDER

January 6, 2010

ZOBEL, D.J.

In this putative class action, defendants' counsel in the Boston office of the Seyfarth Shaw LLP ("Seyfarth Shaw") have moved to disqualify plaintiffs' counsel, the law firm of Lichten & Liss-Riordan, P.C. (the "Lichten firm") also of Boston, because the latter hired a lawyer formerly employed by Seyfarth Shaw.

The motion to disqualify (Docket # 117) was initially referred to a magistrate judge. See Order of June 5, 2009 (Docket # 124). The referral order further provided that any objections to the magistrate judge's rulings were to be reviewed by another district court judge. Id. The matter is now before me on plaintiffs' objections to the magistrate judge's decision allowing the motion (Docket # 168).

Review of a magistrate judge's decision on any non-dispositive pretrial motion referred by the district judge under 28 U.S.C. § 636 is under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 72(a) incorporates the same standard of review (a district court shall "modify or set aside any portion of

the magistrate's order found to be clearly erroneous or contrary to law."). A motion for law firm disqualification is a non-dispositive order subject to the clearly erroneous standard of review. Gray v. Rhode Island Dept. of Children, Youth and Families, 937 F. Supp. 153, 156 (D.R.I. 1996) ("[a] motion to disqualify counsel is a nondispositive motion.").

The principal issue involves the use of material submitted for in camera review. The underlying question framed by the magistrate judge was ultimately whether the lawyer had "substantial material information relating to the matter." See Mass. R. Prof. C. 1.10(d). Because the information was private, the magistrate judge correctly received affidavits and supporting documentation from Seyfarth Shaw on a confidential basis. While unsatisfactory from plaintiffs' perspective, it is difficult to conceive of another method for receiving evidence that is by its nature secret in order to test the lawyer's possession of the requisite material information.

I have reviewed the information and conclude that it clearly supports the magistrate judge's findings and conclusion.

Accordingly, I find no clear error, and plaintiffs' objections (Docket # 168) are OVERRULED and the magistrate judge's order (Docket # 163) is AFFIRMED.

|  |  |
|---|---|
| January 6, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |